FILED
DISTRICT COURT OF GUAM

MAR 1 0 2003

MARY L. M. MORAN
CLERK OF COURT

MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090

Attorneys for Defendant William R. Thompson,
 in his official capacity as Executive Manager of the
 A.B. Won Pat Guam International Airport Authority

## IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | | |
|---|---|---|
| THE ATTORNEY GENERAL OF GUAM, | ) ) ) | CIVIL ACTION FILE NO. 03-00008 |
| Plaintiff, | ) ) | **DECLARATION OF DAVID A. MAIR IN SUPPORT OF DEFENDANT'S** |
| v. | ) ) | **MOTION TO DISMISS FOR LACK OF SUBJECT MATTER** |
| WILLIAM R. THOMPSON, in his official capacity as Executive Manager of the Guam Airport Authority, | ) ) ) ) | **JURISDICTION** |
| Defendant. | ) ) ) | |

I, DAVID A. MAIR, hereby declare as follows:

1.     I am a resident of Guam, over the age of 18 and legally competent to testify to the matters contained in this Declaration.

1

ORIGINAL

2. I am a partner in the law firm of Mair, Mair, Spade & Thompson and legal counsel for the Defendant in this action.

3. Attached hereto as Exhibit A is a true and correct copy of a Petition for Writ of Mandamus filed in the case <u>A.B. Won Pat Guam International Airport Authority v. Moylan</u>, Special Proceedings Case No. SP0055-03, in the Superior Court of Guam on March 7, 2003.

4. Attached hereto as Exhibit B is a true and correct copy of Petitioner's Memorandum In Support of Writ of Mandamus filed in the same Court in the same action, Special Proceedings Case No. SP0055-03.

5. Attached hereto as Exhibit C is a true and correct copy of the Alternative Writ of Mandate ordered by Judge Lamorena in the same action on March 7, 2003.

I declare under penalty of perjury under the laws of Guam that the foregoing is true and correct.

DATED: 3/10/03

_____
**DAVID A. MAIR**

P03226.rtt

2

MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090

Attorneys for Petitioner A.B. Won Pat Guam
 International Airport Authority, by and
 through its Board of Directors

FILED
SUPERIOR COURT
OF GUAM

2003 MAR -7 PM 2: 25

ALFREDO M. BORJAS
CLERK OF COURT
BY:

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| A.B. WON PAT GUAM, <br> INTERNATIONAL AIRPORT <br> AUTHORITY, by and through <br> its Board of Directors, <br><br> Petitioner, <br><br> v. <br><br> DOUGLAS B. MOYLAN, Attorney <br> General of Guam, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

SPECIAL PROCEEDINGS CASE NO.
SP_____

**0055-03**

**PETITION FOR WRIT OF
MANDAMUS**

The A.B. Won Pat Guam International Airport Authority ("GIAA") alleges as

follows:

      1.    This is a cause of action, other than one arising under the Constitution

or Treaty of Law of the United States, over which jurisdiction has been transferred from the

Guam Legislature to this Court pursuant to 7 G.C.A. § 3105, all as hereinafter more fully

appears.

      2.    This Complaint seeks mandamus relief as set forth in 7 G.C.A.

§§ 31202 and 31203.

# EXHIBIT A

3. Petitioner GIAA is a government agency created pursuant to Title 12, Guam Code Annotated Section 1101.

4. GIAA's operations are administered by its Board of Directors (hereinafter "Petitioner Board"), which has standing to bring this action for writ of mandamus.

5. Respondent Douglas B. Moylan, Esq., the Attorney General of Guam (hereinafter "the Attorney General") is a public official of the government of Guam.

6. Under Title 12 Guam Code Annotated Sections 1108(a) and (d), GIAA has the express statutory right to retain independent counsel.

7. Under Title 5 Guam Code Annotated Section 30109(c), when an autonomous agency, such as GIAA, elects to retain independent counsel, the agency may use the independent counsel "instead" of the Attorney General.

8. Under Title 5 Guam Code Annotated Section 5121(b), the Attorney General must approve professional services agreements. However, Title 5 Guam Code Annotated Section 5121(b) further provides that the Attorney General is only permitted to participate in the negotiations of such contracts "upon the request" of the government agency. In addition, Title 2 Guam Administrative Rules and Regulations Section 2113 provides that the Attorney General's review of professional services agreements is limited to an inquiry as to "correctness of their form" and "legality" in order to confirm that the "required procedures" were followed to award the contract.

9. Under Title 5 Guam Code Annotated Section 30102, the Attorney General is not permitted to charge for the services of his office unless such services are

2

requested by a government agency.

10.     On January 9, 2003, the Attorney General sent a letter to GIAA's
Executive Manager. In this letter, the Attorney General advised GIAA that he had been
"informed that there may be efforts to retain private counsel by certain government
departments and agencies." The Attorney General noted that his approval was required "prior
to any private attorney being retained to represent the government of Guam." The Attorney
General also warned GIAA that "the government of Guam is the undersigned's client and
private counsel cannot communicate with the government of Guam without this Office's
approval once this issue has been raised." The Attorney General concluded his letter by
requesting that GIAA "execute a memorandum to begin our relationship."

11.     A Memorandum of Understanding ("MOU") was sent by the Attorney
General to GIAA on February 11, 2003. In the MOU, the Attorney General insisted that
GIAA agree to the following:

a.     Allow the Attorney General to hire an attorney who will work
at GIAA at the expense of GIAA;

b.     That GIAA provide the attorney hired by the Attorney General
with an office, office equipment, including a computer and printer, all at the expense of GIAA;

c.     That GIAA provide the attorney with one staff person, paid from
the budget of GIAA; and,

d.     That GIAA also provide at its expenses the attorney and staff

3

person with office supplies, at the expenses of GIAA.

12.     At approximately the same time that the Attorney General was circulating his proposed MOU to various government agencies, he was also providing certain private attorneys with a proposed clause to be place in any contract between a private attorney and a government agency. This proposed paragraph provides that any independent attorney working for a government agency was "under the direct supervision and control of the Attorney General." Even more disturbing, the proposed paragraph purports to prohibit independent counsel from issuing any legal opinions to a government agency "without first receiving approval of its form, content and substance by the Attorney General." Finally, the Attorney General, not the government agency, was to have the right to "unilaterally terminate" any independent counsel retained by a government agency under the terms of the Attorney General's proposed paragraph.

13.     On Thursday, February 27, 2003, GIAA's Board retained the law firm of Mair, Mair, Spade and Thompson as independent counsel. The professional services agreement has been signed by the Chairman of the Board of GIAA, the Executive Manager of GIAA and a representative of the Mair firm. On Monday, March 3, 2003, the professional services agreement was sent to the Office of the Attorney General for his review and signature.

14.     The Attorney General of Guam has indicated that he does not intend to allow GIAA to exercise its statutory right to retain the Mair firm as independent counsel.

15.     The Attorney General has disregarded his statutory obligations by

4

failing to permit GIAA to retain independent counsel as allowed by statute and failing to approve the contract as required by law.

16.     The Attorney General's duty to permit GIAA to retain independent counsel and approve the contract as allowed by statute is purely ministerial.

17.     GIAA has demanded performance from the Attorney General, but the Attorney General has failed or refused to perform his statutory duties as required under Guam law.

18.     The Attorney General has the present ability to perform the duty which is the subject of this application.

19.     The Attorney General is in breach of his statutory obligations to GIAA.

20.     No other plain, speedy, and adequate remedy at law is available to GIAA.

21.     The only remedy available to GIAA is a writ of mandamus commanding the Attorney General to permit GIAA to retain independent counsel as allowed by statute and to approve the contract as required by law.

22.     GIAA has been and shall continue to be severely prejudiced, irreparably harmed and damaged by the Attorney General's failure to perform his statutory duties.

WHEREFORE, GIAA demands the following relief:

1.     An alternative writ of mandate issue under the seal of this Court commanding the Attorney General to permit GIAA to retain independent counsel of its choice as allowed by statute and to approve the proffered professional services agreement or show

5

cause why he has not done so;

      2.    After the hearing on this petition, this Court issue a peremptory writ commanding the Attorney General to permit GIAA to retain independent counsel of its choice as allowed by statute and to approve the proffered professional services agreement;

      3.    This Court award GIAA the costs of this action, pursuant to 7 G.C.A. § 31212; and

      4.    All other further relief as this Court shall deem proper.

DATED this 7th day of March, 2003.

                      **MAIR, MAIR, SPADE & THOMPSON**
                      A Professional Corporation
                      Attorneys for Petitioner
                      Guam International Airport Authority

By:                         
                      **DAVID A. MAIR**

6

## VERIFICATION

I, Frank F. Blas, am the Chairman of the Board of the A.B. Won Pat Guam International Airport Authority, the Petitioner in this proceeding. I have read the foregoing Petition and the matters stated in it are true of my own knowledge. I further declare under penalty of perjury under the laws of Guam that the foregoing is true and correct.

_____
FRANK F. BLAS

SUBSCRIBED AND SWORN to before me this ____ day of March, 2003.

_____
Notary Public

) SEAL (

Linda C. Borja
Notary Public
In and for Guam, U.S.A.
My Commission Expires: Jan 13, 2004
P.O. Box 12903
Tamuning, Guam 96931

P03820.DAM



MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090

Attorneys for Petitioner A.B. Won Pat Guam
  International Airport Authority, by and
  through its Board of Directors

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| A.B. WON PAT GUAM, INTERNATIONAL AIRPORT AUTHORITY, by and through its Board of Directors, <br><br> Petitioner, <br><br> v. <br><br> DOUGLAS B. MOYLAN, Attorney General of Guam, <br><br> Respondent. | SPECIAL PROCEEDINGS CASE NO. SP **0055-03** |

## PETITIONER'S MEMORANDUM
## IN SUPPORT OF WRIT OF MANDAMUS

# EXHIBIT B

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

LEGAL DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I.     THE ATTORNEY GENERAL'S POWERS MAY BE
           LIMITED BY THE LEGISLATURE . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    II.    A LEGISLATURE MAY PERMIT GOVERNMENT
           AGENCIES TO RETAIN INDEPENDENT COUNSEL . . . . . . . . . . . . . 10

    III.   GIAA BY STATUTE HAS AUTHORITY TO RETAIN
           INDEPENDENT COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    IV.   THE ATTORNEY GENERAL OF GUAM IS INFRINGING
           UPON THE GOVERNOR'S POWER TO ORGANIZE THE
           EXECUTIVE BRANCH . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    V.    A WRIT OF MANDAMUS IS THE PROPER REMEDY . . . . . . . . . . . 17

          a.    The Attorney General Is a "Person" That May Be
              Compelled by Mandamus . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

          b.    The Attorney General Has Failed to Perform a Clear,
              Present Ministerial Duty . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

          c.    GIAA Has a Clear, Present Right and Beneficial Interest
              in the Performance of the Attorney General's Duty . . . . . . . . . . . 20

          d.    Consideration of Public Interests Weighs Heavily in
              Favor of Mandamus . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

i

e.     GIAA Does Not Have Another Remedy at Law That Is
       Adequate ........................................ 22

CONCLUSION ..................................................... 23

ii

# TABLE OF AUTHORITIES

**CASES**                                                            **PAGE(S)**

Anderson v. Superior Court, 213 Cal. App. 3d 1321,
262 Cal. Rptr. 405 (Cal. Ct. App. 4th Dist. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Arizona State Land Dept. v. McFate,
348 P.2d 912 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Berry v. Coronado Bd. of Educ., 238 Cal.App.2d 391,
47 Cal.Rptr. 727 (Cal. Ct. App. 4th Dist. 1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Board of Public Utility Commissioners of New Jersey v.
Lehigh Valley, 149 A. 263 (N.J. 1930) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Borja v. Miles, Civil No. 85-0081A; 1986 WL
68917 (D. Guam App. Div. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 21

Candid Enterprises, Inc. v. Grossmont Union High School Dist.,
39 Cal.3d 878, 218 Cal. Rptr. 303 (Cal. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Estate of Sharp, et al. v. State,
217 N.W.2d 258 (Wis. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fund Manager, Public Safety Retirement System v. Superior Court,
of the State of Arizona, 731 P.2d 620 (Ariz. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

Hansen v. Utah State Retirement Board,
652 P.2d 1332 (Utah 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Holmes v. Territorial Land Use Commission,
1998 Guam 8, WL 289163 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

In re Governor, 2002 Guam 1 (Sup. Ct. Guam 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Johnson v. Commonwealth, et al., 165 S.W.2d 820
(Ky. 1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

People v. Santa Clara Lumber Co., 110 N.Y.Supp. 280
(N.Y. 1908) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

iii

**CASES**                                                                     **PAGE(S)**

People ex rel. Fund American Companies v. California Ins. Co.,
   43 Cal. App. 3d 423, 431, 117 Cal. Rptr. 623
   (Cal. Ct. App. 1st Dist. 1974),
   *rev. denied*, 1992 Cal. LEXIS 2077 (Cal. 1992) ............................... 19

Bank of Guam v. Reidy, 2001 Guam 14
   WL 686949 (Sup. Ct. Guam 2001) ....................................... 17-20

Rodriguez v. Solis, 1 Cal. App. 4th 495,
   2 Cal. Rptr. 2d 50 (Cal. App. 5th Dist. 1991) ................................. 19

Shute v. Frohmiller, 90 P.2d 998
   (Ariz. 1939) ...................................................... 8

Silva v. Cypress, 204 Cal.App.2d 374,
   22 Cal.Rptr. 453 (Cal. Ct. App. 4th Dist. 1962) ............................... 18

State Board of Education v. Honig, 13 Cal. App. 4th 720,
   16 Cal. Rptr. 2d 727 (Cal. Ct. App. 3rd Dist. 1993) ........................... 20

State Bd. of Equalization v. Watson, 66 Cal.Rptr. 377,
   437 P.2d 761 (Cal. 1968) .............................................. 18

State of Missouri v. Missouri Public Service Commission, et al.,
   175 S.W.2d 857(Mo. 1943) ............................................. 6

State of North Dakota v. Erickson,
   7 N.W.2d 865 (N.D. 1943) ............................................. 6

State of Oklahoma, et al. v. Georgia-Pacific Corporation,
   663 P.2d 718 (Okla. 1982) ............................................. 7

Sutco Construction Co. v. Modesto High School Dist., 208 Cal.App.3d 1220,
   256 Cal.Rptr. 671 (Cal. Ct. App. 5th Dist. 1989) ............................. 22

Tarantino v. Board of Regents of the University of Guam, Civil Case No.
   CV1455-00, Decision and Order (Super. Ct. Guam Dec. 5, 2000) ................ 8

iv

**CASES**                                                                  **PAGE(S)**

Treber v. Superior Court, 68 Cal.2d 128
  65 Cal.Rptr. 330 (Cal. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**STATUTES**                                                               **PAGE(S)**

48 U.S.C.S.§ 1421g(2), as amended by Public Law 105-291 Section 2 . . . . . . . . . . . . . . 9

48 U.S.C.S.§ 1422 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

48 U.S.C.S.§ 1422c(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

48 U.S.C.S.§ 1423a, as amended by Public Law 105-291 Section 4 . . . . . . . . . . . . . . . . 9

5 G.C.A. § 5121(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

5 G.C.A. § 30102 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

5 G.C.A. § 30109(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

5 G.C.A. § 30109, Comment of Compiler of Laws . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

7 G.C.A. § 31202 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17-18

7 G.C.A. § 31203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 22

12 G.C.A. § 1108(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 20

12 G.C.A. § 1108(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 20

**RULES & REGULATIONS**                                                    **PAGE(S)**

2 G.A.R. § 2113 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 20

**OTHERS**                                                                 **PAGE(S)**

BLACK'S LAW DICTIONARY 996 (6th ed. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## **INTRODUCTION**

The Guam Legislature has authorized certain government agencies, such the A.B. Won Pat Guam International Airport Authority ("GIAA"), to retain independent counsel, in addition to being able to use the services of the Office of the Attorney General. This practice is customary in the United States and has been an historical practice in Guam since the creation of certain government agencies.

Several public polices support allowing select government agencies the option of using independent counsel, in addition to the Attorney General's Office. The practice allows the government agency to select counsel who is best suited to the needs of the agency, and who has specialized skills in the areas of corporate law and business transactions that are needed. Also, as a practical matter, government agencies, such as GIAA, often have conflicts of interest with other government agencies, and it would be ethically inappropriate for a single law firm (such as the Attorney General's Office) to try and represent all of these conflicting interests. And, while government agencies are required to pay the costs of independent counsel, they are also required to by law to compensate the Attorney General's Office when it is used. It is not a matter of selecting between a free attorney with questionable experience, and a paid one with the requisite qualifications. Both the Attorney General's Office and independent counsel must be paid for their services.

The Attorney General of Guam, Douglas B. Moylan, Esq., has refused to recognize the statutory right of autonomous agencies such as GIAA to retain independent

1

counsel. The Attorney General insists that GIAA and other government agencies instead hire counsel of his choosing; and that the government agencies bear the costs of salary for this attorney, as well as the costs of a legal assistant, office space, equipment and supplies for such an attorney. Moreover, the Attorney General insists if he permits independent counsel to be retained by a government agency, that any such independent counsel must work under the supervision of the Attorney General's Office, and that any legal opinions from independent counsel must be cleared in advance through the Office of the Attorney General. Finally, the Attorney General argues that he has the right to unilaterally hire and fire independent counsel for government agencies.

The Attorney General is exceeding his authority and is failing to comply with the requirements of law. As discussed herein, the courts in the United States and Guam have held that the powers of an Attorney General may be limited by statute, notwithstanding any "constitutional" status. As a consequence, it is well settled in the law that legislatures may permit government agencies to retain independent counsel, rather than use the services of the Attorney General. Moreover, when government agencies are permitted to retain independent counsel, it has been found unethical for an Attorney General to insist that any legal opinions from independent counsel be submitted to the Attorney General for review.

GIAA respectfully requests that the Attorney General be required to perform his statutory duties, and that he be ordered to execute the contract of independent counsel selected by GIAA. This is a matter of extreme importance to GIAA, which has urgent legal

2

matters that must be addressed so as to avoid losing federal funding for certain projects. As a consequence, GIAA wishes this matter expedited on the Court's calendar.

## **FACTUAL BACKGROUND**

In January, 2003, Douglas B. Moylan, Esq., was sworn in as the Attorney General of Guam. Within a few weeks thereafter, Mr. Moylan began sending letters to various Guam government agencies. One such letter was sent to GIAA's Executive Manager on January 28, 2003.[1] In this letter, Mr. Moylan advised GIAA that he had been "informed that there may be efforts to retain private counsel by certain government departments and agencies." Mr. Moylan noted that his approval was required "prior to any private attorney being retained to represent the government of Guam." Mr. Moylan also warned GIAA and the other government agencies that received the same form letter that "the government of Guam is the undersigned's client and private counsel cannot communicate with the government of Guam without this Office's approval once this issue has been raised." Mr. Moylan concludes his letter by requesting that GIAA "execute a memorandum to begin our relationship."

The Memorandum of Understanding ("MOU") was sent by Mr. Moylan's office to GIAA on February 11, 2003.[2] In the MOU, Mr. Moylan insists that GIAA agree to the following:

---

[1] Declaration of David A. Mair, Exhibit 1.

[2] Declaration of David A. Mair, Exhibit 2.

3

1.    Allow the Attorney General to hire an attorney who will work at GIAA at the expense of GIAA.

2.    That GIAA provide the attorney hired by the Attorney General with an office, office equipment, including a computer and printer, all at the expense of GIAA.

3.    That GIAA provide the attorney with one staff person, to be paid from the budget of GIAA.

4.    That GIAA also provide the attorney and staff person with office supplies, at the expense of GIAA.

At approximately the same time that the Attorney General was circulating his proposed MOU to various government agencies, he was also providing certain private attorneys with a proposed clause to be placed in any contract between a private attorney and a government agency.[3] This proposed paragraph provides that any independent attorney working for a government agency is "under the direct supervision and control of the Attorney General." Even more disturbing, the proposed paragraph prohibits independent counsel from issuing any legal opinions to a government agency "without first receiving approval of its form, content and substance by the Attorney General." Finally, the Attorney General, not the government agency, has the right to "unilaterally terminate" any independent counsel retained by a government agency under the terms of the Attorney General's proposed paragraph.

---

[3] Declaration of David A. Mair, ¶ 5, Exhibit 3.

4

On Thursday, February 27, 2003, after completing the procurement process required by Guam law,[4] GIAA's Board retained the law firm of Mair, Mair, Spade and Thompson as independent counsel.[5] The professional services agreement has been signed by the Chairman of the Board of GIAA, the Executive Manager of GIAA and a representative of the Mair firm. On Monday, March 3, 2003, the professional services agreement was sent to the Office of the Attorney General for his review and signature.[6]

The same day that the professional services agreement was transmitted to the Attorney General for his signature, the Attorney General filed suit in U.S. District Court against the Executive Manager of GIAA.[7] In this suit, the Attorney General attempts to restrain the Executive Manager of GIAA from retaining independent counsel. No injunction has been issued by the U.S. District Court against the Executive Manager of GIAA. In addition, neither GIAA nor the Board of Directors of GIAA are parties to the suit filed by the Attorney General of Guam in the U.S. District Court.[8] At this time, it is undisputed that the Attorney General has refused to permit GIAA to retain independent counsel.

---

[4] Title 5 Guam Code Annotated § 5216.

[5] Declaration of David A. Mair, ¶ 6.

[6] Declaration of David A. Mair, ¶ 7, Exhibit 4.

[7] Declaration of David A. Mair, ¶ 8, Exhibit 5.

[8] Declaration of David A. Mair, ¶ 9.

5

## LEGAL DISCUSSION

## I.     THE ATTORNEY GENERAL'S POWERS MAY BE LIMITED BY THE LEGISLATURE

Courts in the United States have consistently held that the powers of constitutionally elected Attorney Generals may be limited by legislative enactment:

> In conclusion, we are of the opinion that, while the Attorney General possesses all power and authority appertaining to the office under common law and naturally and traditionally belonging to it, nevertheless **the General Assembly may withdraw those powers and assign them to others** or may authorize the employment of other counsel for the department and officers of the state to perform them.[9]

A legislature may "take away" powers of a "constitutional" Attorney General and "vest" them elsewhere:

> The attorney general is a constitutional officer only in so far as the establishment of the office is concerned . . . Authority that the legislature may at one time prescribe, it may later take away and vest elsewhere. I have no doubt that **the legislature by express restriction may curtail powers normally exercised by the attorney general** by vesting such powers as it may see fit in other officials or such attorneys as it may specifically authorize to act.[10]

---

[9] Johnson v. Commonwealth, et al., 165 S.W. 2d 820, 826 (Ky. 1942) ("The Legislature may not only add duties but may lessen or limit common law duties."); *see also* State of Missouri v. Missouri Public Service Commission et al., 175 S.W. 2d 857, 861 (Mo. 1943) ("On the first question, there can be no doubt that the Constitution does not prohibit the General Assembly from limiting the common law powers of the Attorney General.").

[10] State of North Dakota v. Erickson, 7 N.W.2d 865, 868 (N.D. 1943).

6

In the absence of express legislative authorization, a constitutional Attorney

General cannot even commence litigation on behalf of the state as *parens patriae*:

> The attorney general is devoid of the inherent power to initiate
> and prosecute litigation intended to protect or promote the
> interests of the state or its citizens and cannot act for the state
> as parens patriae (Citations omitted). Such power must be
> specifically granted by the legislature. **Unless the power to**
> **prosecute a specific action is granted by law, the office of**
> **the attorney general is powerless to act.**[11]

In <u>State of Oklahoma, et al. v. Georgia-Pacific Corporation</u>,[12] an Attorney

General argued that because he was elected and designated "Chief Law Officer," he had the

common law authority to file actions without the approval of the Governor or the Legislature

notwithstanding a statute requiring that he get approval before doing so. The Supreme Court

of Oklahoma disagreed: "We fail to see that the legislative investiture of the mantle of 'Chief

Law Officer' alone conferred upon the office a stature which it did not already have, and

certainly cannot be said by implication to have repealed or modified the provisions of 74 O.S.

1981."

The fact that an Attorney General's position is authorized by a state constitution

does not prohibit a legislature from prescribing his duties:

---

[11] <u>Estate of Sharp, et al. v. State</u>, 217 N.W. 2d 258, 262 (Wis. 1974).

[12] <u>State of Oklahoma, et al. v. Georgia-Pacific Corporation</u>, 663 P.2d 718, 722-723 (Okla. 1982).

7

[We] are clearly of the view that **the mere naming of the attorney general in the constitution of this state does not amount to an implied restriction on the authority of the legislature** in prescribing his duties. It is true that in this state, as in others, that the office of the attorney general, together with the other executive offices created by the constitution, is embedded in that instrument, but it is equally true that the authority of the legislature to prescribe what the duties and powers of these occupying these offices shall be is embedded there also, and, this being the case, no common law powers or duties can attach to that office but only those prescribed by statute.[13]

In Tarantino v. Board of Regents of the University of Guam, the Superior Court of Guam elected to follow the majority view and held that the powers of the Attorney General may be limited by statute:

The statute prescribing the common law powers of the Attorney General explicitly states that '[t]he Attorney General shall have . . . those common law powers . . . **unless expressly limited by any law of Guam to the contrary.**' 5 G.C.A. § 30103 (emphasis supplied) . . . . A review of the 1998 Amendments to the Organic Act and the Organic Act itself grants no enhancement to the powers of the newly created Chief Legal Officer of Guam.[14]

Nothing in the plain language of the 1998 Amendments to the Organic Act suggests that the powers of the Guam Legislature were being curtailed in relation to an elected

---

[13] Shute v. Frohmiller, 90 P. 2d 998, 1003 (Ariz. 1939), *overruled on other grounds* at 263 P.2d 362.

[14] Tarantino v. Board of Regents of the University of Guam, Civil Case No. CV1455-00, *Decision and Order* at pp. 9-10 (Super. Ct. Guam Dec. 5, 2000).

8

Attorney General. If anything, the 1998 Amendments expanded the powers of the Guam Legislature. For instance, prior to the 1998 Amendments, Section 1423a of the Organic Act merely permitted the Guam Legislature to legislate on "legislation of local application."[15] The U.S. Congress expanded the "legislative power" of the Guam Legislature in the 1998 Amendments by inserting "legislation" in the place of "legislation of local application."[16]

By comparison, the Guam Legislature undoubtedly has more power over Guam's elected Attorney General than other state legislatures have over their own elected Attorney Generals. Unlike many states, the existence of an elected Attorney General in Guam is not a matter of constitutional right. The U.S. Congress expressly provided that the Guam Legislature by legislative enactment could decide whether Guam should have an elected Attorney General.[17] In addition, the U.S. Congress allowed the Guam Legislature to decide upon the "procedures" by which Guam's elected Attorney General could be removed "for cause."[18] It is difficult to imagine any state legislature in the United States having greater powers over an elected Attorney General.

//

//

---

[15] Title 48 United States Code Section 1423a prior to 1998 Amendments.

[16] Title 48 United States Code Section 1423a, as amended by Public Law 105-291 Section 4.

[17] Title 48 United States Code Section 1421g(2), as amended by Public Law 105-291 Section 2.

[18] Title 48 United States Code Section 1421g(2), as amended by Public Law 105-291 Section 2.

9

opinions and advice to the attorney general for review, and that the fund manager may not commence any legal action or appeal any decision without the attorney general's prior approval. We hold that the attorney general may not impose such conditions.

***

Moreover, **the attorney general's interpretation of the statute would burden any private attorney or firm retained by the fund manager with a continuing ethical conflict** between his duty to hold inviolate the confidences of his client and the need to disclose such information to the attorney general in aid of the attorney general's asserted supervisory function.[22]

Government agencies with legislative authority have the power to commence

and conduct litigation without approval or oversight from a constitutional Attorney General:

The important question is that of control of the litigation, whether by the board and its counsel as state agents, or by the Attorney General as the usual accredited legal adviser of the state itself. On this branch of the case we conclude that **the powers and privileges of the Attorney General as they existed at common law, and particularly as conferred by statute, are subject to change and modification by legislative enactment**; and that in the matter of the board of pubic utilities **the Legislature has conferred on the board, and upon counsel appointed by it pursuant to the statute, the power of commencing and conducting litigation** in which the board, in exercise of the power vested in it, is seeking to enforce its mandate.[23]

---

[22] *Id.* at 625.

[23] Board of Public Utility Commissioners of New Jersey v. Lehigh Valley, 149 A. 263, 264 (N.J. 1930); *see also* People v. Santa Clara Lumber Co., 110 N.Y. Supp. 280, 281 (N.Y. 1908) ("The Attorney General is a constitutional officer, but his principal duties are from time to time defined by statute. We cannot agree with him that he alone is authorized to represent the state as attorney in bringing actions in the name of the people of

11

## III. GIAA BY STATUTE HAS AUTHORITY TO RETAIN INDEPENDENT COUNSEL

The Guam Legislature, like the legislatures of most other states, has expressly

permitted certain government agencies, such as GIAA, to retain independent counsel:

> The **Board may also appoint** a treasurer, a comptroller and **an attorney**, all of whom shall serve at the pleasure of the Board ... **The attorney**, who must have been admitted to the practice of law in Guam, **shall advise** the Board and the Executive Director on all legal matters to which the Authority is a party or in which the Authority is legally interested, and may represent the Authority in connection with legal matters before the Legislature, boards and other agencies of the Territory or of the United States. The attorney for the Authority **shall represent** the Authority in litigation concerning the affairs of the Authority.[24]

By statute, the Attorney General of Guam must approve any contract for legal

services.[25] However, the Attorney General is only permitted to participate in the negotiations

for such a contract "**upon the request** of the government officer or agency primarily

responsible for such negotiations."[26] Furthermore, the right of the Attorney General to review

professional services agreements is limited to an inquiry as to "correctness of their form" and

---

the state.").

[24] 12 G.C.A. §§ 1108(a), (d).

[25] 5 G.C.A. § 5121(b).

[26] 5 G.C.A. § 5121(b).

12

"legality" in order to confirm that the "required procedures" were followed to award the contract.

> The Attorney General shall, in addition, when he approves contracts, determine not only the **correctness of their form**, but their **legality**. In making such determination of legality, he may require any or all agencies involved in the contract to supply him with evidence that the **required procedures** precedent to executing the contract were carried out.[27]

The Guam Legislature has enacted legislation to provide that, "those branches, department or agencies which are authorized to employ their own legal counsel may use them **instead** of the Attorney General."[28] The Comment of the Compiler of Laws makes the following statements regarding this statutory provision:

> Subsection (c) has been amended by P.L. 18-04:5, to conform to the laws which give to specific agencies the authority to hire their own lawyers, **who may undertake litigation without the supervision of the Attorney General**. Such entities include the University of Guam, GEDA, the Airport Authority, GPA, GTA, the Civil Service Commission, and the Guam Memorial Hospital Authority. These authorizations are contained within the laws establishing each of the above entities.[29]

The Attorney General is not permitted to charge for services to a government agency, **unless** such services are requested:

---

[27] 2 G.A.R. § 2113.

[28] 5 G.C.A. § 30109(c) (emphasis added).

[29] 5 G.C.A. § 30109, Comment of Compiler of Laws (emphasis added).

13

> Where any other law permits any agency or autonomous public
> corporation to retain counsel other than the Attorney General,
> this shall not preclude said agency or public corporation **from
> requesting the services of the offices of the Attorney
> General**, provided that said agency or autonomous public
> corporation shall reimburse the Office of the Attorney General
> for such services from funds of said agency or autonomous
> public corporation.[30]

The Attorney General is clearly thwarting the will of the Guam Legislature and refusing to fulfill his statutory obligations. He has refused GIAA its statutory right to retain independent counsel; he has refused to approve the proposed professional services agreement of GIAA's selected independent counsel; and, he has made demands on GIAA that are directly contrary to Guam law.

## IV. THE ATTORNEY GENERAL OF GUAM IS INFRINGING UPON THE GOVERNOR'S POWER TO ORGANIZE THE EXECUTIVE BRANCH

In addition to infringing upon the right of the Guam Legislature to permit government agencies to retain independent counsel, the Attorney General is also infringing upon the Governor's power to "organize" the Executive Branch. As noted above, the Attorney General is demanding that GIAA: (a) Allow the Attorney General to hire an attorney who will work at GIAA at the expense of GIAA; (b) Provide the attorney hired by the Attorney General with an office, office equipment, including a computer and printer, all at the expense of GIAA;

---

[30] 5 G.C.A. § 30102 (emphasis added).

14

(c) Provide the attorney with one staff person, paid from the budget of GIAA; and, (d) Provide

at GIAA's expense the attorney and staff person with office supplies.[31]

On this subject, the Organic Act <u>expressly</u> provides that the power to organize

the Executive Branch belongs to the Governor of Guam, not the Attorney General:

> The Governor shall, from time to time, examine the
> organization of the executive branch of the government of
> Guam, and shall determine and carry out such changes therein
> as are necessary to promote effective management and to
> execute faithfully the purposes of this Act [48 U.S.C.S. §§ 1421
> *et seq.*] and the laws of Guam.[32]

Additionally, 48 U.S.C.S. § 1422 provides, in part:

> The Governor shall have general supervision and control of all
> executive agencies and instrumentalities of the government of
> Guam. . . .

Under the Organic Act, the Governor of Guam, *not* the elected Attorney

General, is responsible for the faithful execution of the laws of Guam:

> He shall be responsible for the faithful execution of the laws of
> Guam and the laws of the United States applicable in Guam.[33]

---

[31]   Declaration of David A. Mair, Exhibit 2.

[32]   48 U.S.C.S. § 1422c(c).

[33]   48 U.S.C. § 1422.

15

A more express grant of power to the Governor of Guam would be difficult to conceive. The Governor is responsible for the "general supervision and control" of the Executive Branch, and is also "responsible for the faithful execution of the laws of Guam." The fact that the U.S. Congress elected to bestow these powers on the Governor of Guam, and not the Attorney General of Guam, is a clear indication of the U.S. Congress's legislative intent.

The Supreme Court of Guam itself has recognized that the power to "supervise and control" the Executive Branch belongs to the Governor.[34] In In re Governor, the Supreme Court of Guam acknowledged that the executive power of Guam was vested exclusively in the "Governor of Guam" pursuant to the Organic Act.[35]

Other jurisdictions are in accord. On this subject, the Arizona Supreme Court has stated:

> Significantly, these powers are not vested in the Attorney General. Thus, the Governor alone, and not the Attorney General, is responsible for the supervision of the executive department and is obligated and empowered to protect the interests of the people and the State by taking care that the laws are faithfully executed.[36]

/ /

/ /

---

[34] In re Governor, 2002 Guam 1 (Sup. Ct. Guam 2002).

[35] Id. at ¶ 39.

[36] Arizona State Land Dept. v. McFate, 348 P.2d 912, 918 (1960).

16

## V.    A WRIT OF MANDAMUS IS THE PROPER REMEDY

Mandamus relief is available to GIAA under 7 G.C.A. § 31202 to compel the Attorney General to perform "an act which the law specially enjoins, as a duty resulting from an office, trust, or station," and more specifically, to cease infringing upon the right of GIAA to retain independent counsel and approve the professional services agreement.[37]    Section 31203 of 7 G.C.A. provides mandamus relief "in all cases where there is not a plan, speedy, and adequate remedy in the ordinary course of law."[38]

The Supreme Court of Guam recently held that "the primary purpose of *mandamus* is the enforcement of a plain, nondiscretionary legal duty to act."[39]    Reidy also sets forth the following factors which a court must consider in deciding whether to issue a writ of mandamus against a governmental entity:[40]

> (1)    Is the respondent an inferior tribunal, corporation, board or person?[41]

---

[37] *See*, Borja v. Miles, Civil No. 85-0081A; 1986 WL 68917, at *2 (D. Guam App. Div. 1986) ("writ of mandate will lie only to compel the performance of an act which the law specifically enjoins, as a duty resulting from an office, trust, or station; or to compel the administration of a party to use the enjoinment of a right or office to which he is entitled").

[38] 7 G.C.A. § 31203.

[39] Bank of Guam v. Reidy, 2001 Guam 14, at ¶ 14, 2001 WL 686949 (Sup. Ct. Guam 2001).

[40] Reidy, 2001 Guam 14, at ¶ 4, 2001 WL 686949 (Sup. Ct. Guam 2001).

[41] *Id.* (*citing* 7 G.C.A. § 31202).

17

(2)     Has the respondent failed to perform a clear, present duty, having the legal authority and present ability to do so?[42]

(3)     Does the duty entail ministerial action, the assumption of jurisdiction, the exercise of discretion or the abuse of discretion?[43]

(4)     Does the petitioner have a clear, present right[44], and beneficial interest in the performance of the respondent's duty?[45]

Consideration of the four factors enumerated in <u>Reidy</u> supports GIAA's petition for writ of mandamus against the Attorney General.

**a.**    <u>**The Attorney General Is a "Person" That May Be Compelled by Mandamus.**</u>

It is axiomatic that a writ of mandamus will lie to compel a public officer to perform a statutory duty.[46]

//

//

---

[42] *Id. (citing* 7 G.C.A. § 31202; <u>Treber v. Superior Court</u>, 68 Cal. 2d 128, 134, 65 Cal. Rptr. 330, 334 (Cal. 1968)).

[43] *Id. (citing* <u>State Bd. of Equalization v. Watson</u>, 66 Cal. Rptr. 377, 437 P.2d 761 (Cal. 1968)).

[44] *Id. (citing* 7 G.C.A. § 31202; <u>Berry v. Coronado Bd. of Educ.</u>, 238 Cal. App. 2d 391, 47 Cal. Rptr. 727 (Cal. Ct. App. 4th Dist. 1965)).

[45] *Id. (citing* <u>Silva v. Cypress</u>, 204 Cal. App. 2d 374, 22 Cal. Rptr. 453 (Cal. Ct. App. 4th Dist. 1962)).

[46] 7 G.C.A. § 31202; <u>Reidy</u>, 2001 Guam 14 at ¶ 4 ("Reidy's office [Director of Administration] is an inferior person.").

18

**b.    The Attorney General Has Failed to Perform a Clear, Present Ministerial Duty.**

Factors (2) and (3) set forth in <u>Reidy</u> are combined in this discussion. These elements involve determining, first, whether the Attorney General owes a ministerial duty to approve the professional services agreement and respect the laws of Guam authorizing GIAA to retain independent counsel, and, second, whether the Attorney General failed to perform this duty.

> A "ministerial duty" is defined, generally, as follows:
> One regarding which nothing is left to discretion–simple and definite duty, imposed by law, and arising under conditions admitted or proved to exist.[47]

A ministerial act has also been defined by California appellate courts as "an act that a public officer is required to perform in a prescribed manner in obedience to the mandate of legal authority and without regard to his own judgment or opinion concerning such act's propriety or impropriety, when a given state of facts exists. Discretion, on the other hand, is the power conferred on public functionaries to act officially according to the dictates of their own judgment."[48]

---

[47] BLACK'S LAW DICTIONARY 996 (6th ed. 1990).

[48] <u>Rodriguez v. Solis</u>, 1 Cal. App. 4th 495, 2 Cal. Rptr. 2d 50, 52 (Cal. App. 5th Dist. 1991)(*citing* <u>People ex rel. Fund American Companies v. California Ins. Co.</u>, 43 Cal. App. 3d 423, 431, 117 Cal. Rptr. 623 (Cal. Ct. App. 1st Dist. 1974), *rev. denied*, 1992 Cal. LEXIS 2077 (Cal. 1992)).

19

GIAA has the statutory right to retain independent counsel.[49] The Attorney General's has an obligation to review such contracts and approve them unless there is a problem with "correctness of their form" and "legality" as to the "required procedures" for awarding such contracts.[50] As a ministerial duty is defined, Guam laws does not give the Attorney General the discretion to unilaterally deny GIAA its right to retain independent counsel, except for the limited reasons set forth above. It is undeniable that the Attorney General has attempted to exceed his statutory authority and in so doing has exceeded his jurisdiction.

    c. **GIAA Has a Clear, Present Right and Beneficial Interest in the Performance of the Attorney General's Duty.**

Consideration of the four factors in Reidy establishes that GIAA has a clear, present and beneficial right to enforce the Attorney General's duty to permit GIAA to retain independent counsel pursuant to law and approve the contract of such counsel. Guam's Supreme Court has held, mandamus "is ordered where the respondent has a clear, present and ministerial duty to act, and the petitioner has a clear, present and beneficial right to the performance of that duty."[51]

---

[49]  12 G.C.A. §§ 1108(a), (d).

[50]  2 G.A.R. § 2113.

[51]  Holmes v. Territorial Land Use Commission, 1998 Guam 8, WL 289163 at ** 4 (*citing* State Board of Education v. Honig, 13 Cal. App. 4th 720, 741, 16 Cal. Rptr. 2d 727, 741 (Cal. Ct. App. 3rd Dist. 1993)).

20

**d.** **Consideration of Public Interests Weighs Heavily in Favor of Mandamus.**

Another factor which weighs in favor of mandamus is that the relief requested by GIAA effects not just its beneficiaries' interest, but also the interests of all Guam as a whole. In Borja v. Miles,[52] the Guam Supreme Court stated, as follows:

> In exercising [its discretion to grant a writ of mandamus] the courts balance the applicant's need for relief (i.e. his beneficial interest) against the public need for enforcement of the official duty. When the duty is sharp and the public need weighty, the court will grant a mandamus at the behest of an applicant who shows no greater personal interest than that of a citizen who wants the law enforced.[53]

Thus, even if an adequate remedy at law might exist, which it clearly does not in this case, mandamus will issue if the matter is of great public interest and must be resolved promptly.[54]

In this case, it is undisputed that because of actual conflicts between GIAA and government tenants at the airport, the Office of the Attorney General cannot represent GIAA in all matters. It is equally undisputed that GIAA, like any airport, is in need of experienced counsel in the fields of corporate law, commercial transactions, and other matters where the Office of the Attorney General is simply unable to provide the requisite expertise.

---

[52] Borja, *supra*, at ¶ 4.

[53] *Id.*

[54] Anderson v. Superior Court, 213 Cal. App. 3d 1321, 1328, 262 Cal. Rptr. 405, 410 (Cal. Ct. App. 4th Dist. 1989).

21

**e.** **GIAA Does Not Have Another Remedy at Law That Is Adequate.**

Mandamus is an extraordinary writ which requires that there be no plain, speedy, and adequate remedy in the ordinary course of law.[55] Whether an adequate remedy is available to a petitioner is ordinarily one of fact, largely within the discretion of the court in which the writ is sought.[56]

Under the circumstances, no plain, speedy, and adequate remedy, in the ordinary course of law, is available to GIAA. Moreover, there is every indication that the Attorney General will persist in refusing to allow GIAA to retain independent counsel, unless he is ordered to do so.

This Court should not await the outcome of the case in U.S. District Court before ruling on the writ of mandamus requested herein, because, regardless of the outcome of the case currently pending in federal court, GIAA is nonetheless entitled to the relief requested herein. Neither GIAA nor its Board of Directors is a party to the federal case. Even if GIAA and its Board were parties in the federal case filed by the Attorney General, the U.S. District Court does not have jurisdiction to issue a writ of mandamus under Guam law requiring the Attorney General to fulfill his statutory duties. At most, even assuming the U.S. District Court has any jurisdiction over this dispute, the federal court can only determine whether federal law preempts GIAA's statutory right to retain independent counsel. Until such

---

[55] Candid Enterprises, Inc. v. Grossmont Union High School Dist., 39 Cal.3d 878, 218 Cal. Rptr. 303 (Cal. 1985) (*interpreting* CCP § 1086, adopted in Guam as 7 G.C.A. § 31203).

[56] Sutco Construction Co. v. Modesto High School Dist., 208 Cal. App. 3d 1220, 256 Cal. Rptr. 671 (Cal. Ct. App. 5th Dist. 1989).

22

time as this determination has been made, or there has been an injunction issued by a Court of competent jurisdiction, the Attorney General has a statutory duty to follow Guam law and permit GIAA to retain independent counsel.

## CONCLUSION

In summary, the Attorney General of Guam has the power to review professional services agreements for "correctness as to their form" and "legality." The Attorney General of Guam **does not** have the power to: (1) participate in the negotiations for professional services agreements unless "requested" to do so by a government agency; (2) prohibit a government agency from retaining independent counsel when the agency has the legislative authority to do so; (3) hire an attorney and staff person for a governmental agency; (4) require a governmental agency to provide office space, equipment or supplies to an attorney hired by the Attorney General; (5) require a government agency to compensate the Attorney General's Office for any services, unless such services are "requested" by the government agency; or (6) demand that independent counsel employed by a government agency submit legal opinions to the Office of Attorney General for review and approval. To the extent that the Attorney General has tried to exercise the powers enumerated above, he has exceeded his statutory authority.

GIAA respectfully requests that the Attorney General be required to perform his statutory duties, and that he be ordered to execute the contract of independent counsel

23

selected by GIAA. GIAA further requests that this matter be expedited on the Court's calendar.

Respectfully submitted this _7th_ day of March, 2003.

MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys for Petitioner

By: _____
DAVID A. MAIR

P03219.dam

24

MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090

RECEIVED
MAR 07 2003
TIME:_____
INITIAL_____
CLERKS OFFICE
SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT

2003 MAR -7 PM 6: 39

ALFREDO M. BORLAS
CLERK OF COURT
BY:_____

Attorneys for Petitioner A.B. Won Pat Guam
International Airport Authority, by and
through its Board of Directors

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| A.B. WON PAT GUAM, INTERNATIONAL AIRPORT AUTHORITY, by and through its Board of Directors, | ) ) ) ) ) | SPECIAL PROCEEDINGS CASE NO. SP____ ̄_____ **0055-03** |
| Petitioner, | ) ) | |
| v. | ) ) | **ALTERNATIVE WRIT OF MANDATE** |
| DOUGLAS B. MOYLAN, Attorney General of Guam, | ) ) ) | |
| Respondent. | ) ) | |

**TO THE RESPONDENT DOUGLAS B. MOYLAN, ESQ., ATTORNEY GENERAL OF GUAM:**

It appears to the court by the verified petition of the A.B. Won Pat Guam

International Airport Authority ("GIAA"), the party beneficially interested herein, that

Respondent Douglas B. Moylan, Esq., Attorney General of Guam ("the Attorney General"),

has failed to perform his statutory duties and permit GIAA to retain independent counsel as

allowed by statute and to approve the proffered professional services agreement; and,

## EXHIBIT C

It appearing to the court from the petition that GIAA is entitled to retain independent counsel as allowed by statute and have its professional services agreement approved; and

It further appearing that an alternative writ of mandamus should issue and that the petitioner has no plain, speedy, and adequate remedy in the ordinary course of law.

**YOU ARE HEREBY COMMANDED**, immediately on the receipt of this writ of mandamus, to perform your statutory duties and permit GIAA to retain independent counsel of its choice as allowed by statute and to approve the proffered professional services agreement or to appear before this court, in the Superior Court of Guam, 120 West O'Brien Drive, Hagåtña, Guam on the 28 MAR 2003 _____ day of March, 2003, at the hour of 2:00 P.m., or as soon thereafter as this matter may be heard, and show cause why you have not done so. Any opposition to this Writ shall be filed ten (10) calendar days prior to the hearing scheduled herein. Any reply in support of the Writ shall be filed five (5) calendar days prior to the hearing scheduled herein.

DATED: 07 MAR 2003 _____

Original Signed By:
Original Signed By: ....morena, III
_____ C. Lamorena, III
**HONORABLE**
**JUDGE, SUPERIOR COURT OF GUAM**

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

MAR 0 7 2003

Linda M. Perez
Deputy Clerk, Superior Court of Guam

P03821.DAM

2