FILED
DISTRICT COURT OF GUAM
MAR 10 2003
MARY L. M. MORAN
CLERK OF COURT

7

MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090

Attorneys for Defendant William R. Thompson,
in his official capacity as Executive Manager of the
A.B. Won Pat Guam International Airport Authority

## IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| THE ATTORNEY GENERAL OF GUAM, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM R. THOMPSON, in his official capacity as Executive Manager of the Guam Airport Authority, <br><br> Defendant. | CIVIL ACTION FILE NO. 03-00008 |

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

# ORIGINAL

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS AND PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.      QUESTIONS INVOLVING THE COURT'S
        SUBJECT MATTER JURISDICTION AND
        ABSTENTION SHOULD BE RULED UPON
        BEFORE PROCEEDINGS AFFECTING THE MERITS . . . . . . . . . . . . . 4

II.     THIS CASE SHOULD BE DISMISSED FOR
        LACK OF A FEDERAL QUESTION BASED
        ON THE NINTH CIRCUIT'S RULING IN
        *REPUBLICAN PARTY OF GUAM v. GUTIERREZ* . . . . . . . . . . . . . . . . . 5

        A.      The *Republican Party* Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.      Applying *Republican Party* to the Instant Case . . . . . . . . . . . . . . . 8

        C.      The *Pangelinan* Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

III.    THIS CASE SHOULD BE DISMISSED FOR
        LACK OF FEDERAL QUESTION OVER THE
        CAUSE OF ACTION FOR INJUNCTIVE RELIEF . . . . . . . . . . . . . . . . 11

IV.     THIS COURT SHOULD ABSTAIN FROM
        EXERCISING JURISDICTION AND DISMISS THE CASE . . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

i

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

Ada v. Government of Guam, 1998 WL 1118593
(D. Guam, Dec. 9, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18-20

Beltran v. State of California, 857 F.2d 542 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . 15, 18

Chun et al. v. Board of Trustees of the Employees
Retirement System of the State of Hawaii, et al.,
952 P.2d 1215 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Civil Service Commission v. Superior Court,
209 Cal. Rptr. 159 (Cal. App. 4 Dist. 19894) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

EIE Guam Corp. v. Supreme Court of Guam,
191 F.3d 1123 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Franchise Tax Board v. Construction Laborers Vacation Trust,
468 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Fresh International Corp. v. Agricultural Labor
Relations Board, 805 F.2d 1353 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 18

Gutierrez v. Pangelinan, 276 F.3d 539 (9th Cir. 2002) . . . . . . . . . . . . . . . . 9-11, 15, 17-20

H20 Houseboat Vacations v. Hernandez,
103 F.3d 914 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Hauser v. Department of Law, Government of Guam,
97 F.3d 1152 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Jeffrey v. Pounds, 136 Cal. Rptr. 373 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Judice v. Vail, 430 U.S. 327, 97 S.Ct. 1211,
51 L.Ed.2d 376 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Lay v. City of Kingsports, 454 F.2d 345 (6th Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . 12

ii

**CASES**                                                                    **PAGE(S)**

Middlesex County Ethics Committee v. Garden, etc.,
   102 S.Ct. 2515 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15

Moore v. Sims, 442 U.S. 415, 99 S.Ct. 2371 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . 15, 18

Pittman v. Cole, 267 F.3d 1269 (11th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Republican Party of Guam v. Gutierrez,
   277 F.3d 1086 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-9, 11, 15, 19, 20

Thompson v. McComb, 99 F.3d 352 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Truck Insurance Company v. Fireman's Fund Insurance,
   8 Cal. Rptr. 228 (Cal. App. 1 Dist. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Willy v. Coastal Corp., 503 U.S. 131,
   112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Younger v. Harris, 401 U.S. 37, 91 S.Ct. 760 (1971) . . . . . . . . . . . . . . . . . . . . . 15-18, 20

**STATUTES**                                                                 **PAGE(S)**

5 G.C.A. § 30109 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

12 G.C.A. § 1108 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

48 U.S.C. § 1421g(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 8

48 U.S.C. § 1424-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**RULES**                                                                    **PAGE(S)**

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 20

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 20

Rule 1, Guam Rules of Professional Conduct for Lawyers . . . . . . . . . . . . . . . . . . . . . . . 12

Rule 1.7, Guam Rules of Professional Conduct for Lawyers . . . . . . . . . . . . . . . . . . . . . 13

iii

## INTRODUCTION

This memorandum supports Defendant William R. Thompson's ("Defendant") motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). This case should be dismissed because the case does not involve a federal question. Even if a federal question were presented the matter should nevertheless be dismissed based upon the doctrine of federal abstention.

## STATEMENT OF FACTS AND PROCEEDINGS

On March 3, 2003, Plaintiff Attorney General of Guam ("Plaintiff" or "Attorney General") filed an action against Defendant herein seeking declaratory relief, as well as a temporary and permanent injunctions to the effect that "the designation of Chief Legal Officer in 48 U.S.C. § 1421g(d) pre-empts any laws of Guam respecting the distribution of power and responsibilities between the Attorney General of Guam and private counsel representing government agencies and departments, the said federal law being determined to be the supreme law of the land."[1] The Complaint's counts for temporary and permanent injunction call for the Court, respectively, to order Defendant to refrain from "entering into a contract with an attorney to provide legal services for the Guam Airport Authority that is bereft of provisions for supervision of the plaintiff of any litigation conducted by such attorney on behalf of the Guam Airport Authority"; and enjoining and restraining defendant "from engaging in the conduct complained of herein."[2]

---

[1] Complaint at Prayer for Relief, ¶ 1.

[2] Complaint at Prayer for Relief, ¶¶ 2 and 3.

1

On March 5, 2003, the Attorney General moved the Court for issuance of a preliminary injunction requesting somewhat different relief, as follows:

1.    Enjoining the award of any legal services agreements by the Guam International Airport Authority for legal services, other than a legal services agreement to represent Defendant in this civil action; and

2.    The Attorney General of Guam is hereby authorized to represent the Guam International Airport Authority in all legal matters unrelated to this action.[3]

An Answer to the Attorney General's March 3, 2003 Complaint is being filed contemporaneously with Defendant's instant motion to dismiss. The Answer, *inter alia*, asserts as affirmative defenses the failure of the Complaint to state a claim for which relief can be granted and the lack of federal question jurisdiction. It is to these affirmative defenses to which the instant motion relates.

The adjudication of the instant motion does not require any extended discussion of the facts or merits of the underlying dispute. Stated simply, the Attorney General has refused to recognize the statutory right of autonomous agencies such as the A.B. Won Pat Guam International Airport Authority ("GIAA") to retain independent counsel of its choice; and instead he seeks to impose himself and his office upon GIAA. The Attorney General insists that GIAA and other government agencies hire counsel of his choosing; and that the government agencies bear the costs of salary for this attorney, as well as the cost of a legal assistant, office space, equipment and supplies for such an attorney. Moreover, the Attorney General insists that if he permits independent counsel to be retained by a government agency, that any such independent counsel must work under the supervision of the Attorney General's

---

[3] "Motion for Preliminary Injunction" (March 5, 2003) at 20.

2

Office, and that any legal opinions from independent counsel must be cleared in advance through the Office of the Attorney General.

Finally, the Attorney General argues that he has the right to unilaterally hire and fire independent counsel for government agencies. The Attorney General bases his requirements on the assertion that the Organic Act vests him, as Attorney General, with "constitutional" status, preventing the Guam Legislature from in any manner qualifying or limiting his powers, notwithstanding the existence of several express Guam statutory provisions which unambiguously permit agencies such as GIAA to hire counsel of their choice without any of the restrictions being demanded by the Attorney General.

On March 7, 2003, GIAA filed a Petition for Writ of Mandamus in the Superior Court of Guam, in the case <u>A.B. Won Pat Guam International Airport Authority v. Moylan</u>, Special Proceedings Case No. SP0055-03 ("Superior Court action"). It is simply beyond dispute that the Superior Court lawsuit involves identical issues to those being raised in the instant case. A copy of the Complaint and supporting memorandum of law in the case is being lodged herewith as Exhibits A and B to the Declaration of David A. Mair. Both actions call upon the Court to interpret provisions of local law as well as the Organic Act in order to resolve an intragovernmental dispute over authority to retain and be represented by counsel.

On March 7, 2003, the Honorable Alberto C. Lamorena, III, Presiding Judge of the Superior Court of Guam, issued an Alternative Writ of Mandate in the Superior Court action commanding the Attorney General to allow GIAA to retain independent counsel of its choice or to show cause why he has not done so on March 28, 2003. The Writ also sets a briefing

3

schedule for any opposition and reply concerning issuance of the Writ. Specifically, the Writ

commands as follows:

> **YOU ARE HEREBY COMMANDED**, immediately on the receipt of this
> Writ of Mandamus, to perform your statutory duties and permit GIAA to retain
> independent counsel of its choice as allowed by statute and to approve the
> proffered professional services agreement or to appear before this Court, in the
> Superior Court of Guam, 120 West O'Brien Drive, Hagåtña, Guam on [Mar.
> 28, 2003] at the hour of 2:00 p.m., or as soon thereafter as this matter may be
> heard, and show cause why you have not done so. Any opposition to this Writ
> shall be filed ten (10) calendar days prior to the hearing scheduled herein. Any
> reply in support of the Writ shall be filed five (5) calendar days prior to the
> hearing scheduled herein.

A copy of Judge Lamorena's Alternative Writ of Mandate is attached as Exhibit C to

the Mair Declaration.

## LEGAL DISCUSSION

## I.     QUESTIONS INVOLVING THE COURT'S SUBJECT MATTER JURISDICTION AND ABSTENTION SHOULD BE RULED UPON BEFORE PROCEEDINGS AFFECTING THE MERITS

The United States Supreme Court has made it plain that where the district court lacks

subject matter jurisdiction for lack of a federal question further adjudication is precluded.

Willy v. Coastal Corp., 503 U.S. 131, 137, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992).[4]

*See also*, H20 Houseboat Vacations v. Hernandez, 103 F.3d 914, 916, n. 2 (1996) (court does

not address merits of case where it determines that it lacks subject matter jurisdiction). A

party who invokes the power of a federal court bears the burden of establishing the court's

---

[4] The Supreme Court noted in Willy that there were exceptions to this rule, such as where
Rule 11 sanctions are imposed and enforced notwithstanding the lack of jurisdiction. However, it is
respectfully submitted that these narrow exceptions prove the rule.

4

subject matter jurisdiction. Thompson v. McComb, 99 F.3d 352, 353 (9th Cir. 1996) (*per curiam*).

Because the issues raised in this motion plainly address the Court's ability to proceed further to make rulings on the merits, the Court is urged to consider and dispose of the instant motion prior to the Attorney General's March 5, 2003 motion for preliminary injunction. That motion plainly calls upon this Court to weigh and address the merits, at least for purposes of evaluating the "probability of success on the merits." No such analysis is either necessary or appropriate in the event that the Court grants the instant motion. Judicial economy, as well as common sense, dictate that the instant motion should be entertained and decided first in priority.

## II. THIS CASE SHOULD BE DISMISSED FOR LACK OF A FEDERAL QUESTION BASED ON THE NINTH CIRCUIT'S RULING IN *REPUBLICAN PARTY OF GUAM v. GUTIERREZ*

In this case, the Attorney General of Guam has initiated an action for declaratory relief as well as for temporary and permanent injunctions concerning interpretation of a provision of the Organic Act, 48 U.S.C. § 1421g(d) as well as allegedly conflicting enactments of the Guam Legislature, 12 G.C.A. § 1108 and 5 G.C.A. § 30109. In his prayer for relief, the Attorney General is asking that this Court "enter a judgment providing that the designation of Chief Legal Officer in 48 U.S.C. § 1421g(d) preempts any laws of Guam respecting the distribution of power and responsibilities between the Attorney General of Guam and private counsel representing government agencies and departments, the said federal law being determined to be the supreme law of the land."

5

Unfortunately for the Attorney General, recent, **BINDING AUTHORITY** from the Ninth Circuit Court of Appeals plainly stands for the proposition that "power struggle" suits such as the instant one, calling for declaratory relief based on arguably conflicting local and Organic Act provisions, fail to present a question arising under federal law and therefore must be dismissed in federal court.

## A.     The *Republican Party* Case.

The matter was decided in Republican Party of Guam v. Gutierrez, 277 F.3d 1086 (9th Cir. 2002). In Republican Party, the Ninth Circuit faced a situation in which a Guam political party and the Guam Legislature brought an action for declaratory relief against Governor Gutierrez and the Government of Guam challenging the Governor's alleged violation of an election reform statute. This Court granted judgment for plaintiffs; and the defendants appealed. The Ninth Circuit reversed and remanded, holding that the District Court of Guam lacked federal question jurisdiction to address whether the Legislature could lawfully enact the election reform statute consistent with the Organic Act of Guam; neither did it have jurisdiction over the companion claim seeking a declaration that the Governor failed to execute Guam law faithfully as required under the Organic Act in view of the statute.

In reaching its decision, the Ninth Circuit rejected the plaintiffs' argument that federal question jurisdiction could be predicated on the existence of a controversy between the Guam Legislature and the Governor over the scope of the respective legislative and executive powers under the Organic Act. The court hinged its rejection on the holding that actions calling for such declaratory relief simply cannot support federal question jurisdiction. *Id.* at 1089.

6

It is apparent from the Ninth Circuit's opinion that it viewed the <u>Republican Party</u> case

as one which involved a clash between the Guam's legislative and executive branches of

government. The court characterized the case as follows:

> In their complaint, the plaintiffs alleged that a controversy exists under the
> Organic Act because ***the Guam Legislature and the Governor dispute the***
> ***scope of their respective legislative and execute powers under the Organic***
> ***Act.***

<u>Republican Party</u>, 277 F.3d at 1089 (emphasis added).

The Ninth Circuit's analysis focused on the plaintiffs' initial characterization of the

relief they were seeking; and it unambiguously concluded that such actions do not support

federal question jurisdiction. The Ninth Circuit said:

> They are asking a federal court to determine whether the Guam Legislature
> could lawfully enact P.L. No. 25-146, given the respective powers of the
> Governor and Legislature under the Organic Act. ***This type of declaratory***
> ***action cannot support federal question jurisdiction.***

<u>Republican Party</u>, *supra*, 277 F.3d at 1089 (emphasis added); *citing* <u>Franchise Tax Board v.</u>

<u>Construction Laborers Vacation Trust</u>, 468 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

The Ninth Circuit concisely stated its disposition as follows:

> We conclude that the district court lacked subject matter jurisdiction because
> this case fails to present a question arising under federal law. We reverse the
> district court's judgment, and remand to the district court with instructions to
> vacate its order and judgment and dismiss the case.

*Id.*, 277 F.3d at 1088.

As support for its holding, the Ninth Circuit cited to the U.S. Supreme Court's decision

in <u>Franchise Tax Board</u>, *supra*,[5] which it found persuasive and fully applicable to the claim

---

[5] In <u>Franchise Tax Board</u>, the only disputed issue was whether federal law preempted a state
tax law which created the plaintiff's cause of action. The plaintiff sought declaratory relief seeking
a declaration that the state law at issue was valid under federal law. The U.S. Supreme Court held that

before the court in <u>Republican Party</u>. Specifically, the Ninth Circuit said that the District

Court of Guam lacked jurisdiction to adjudicate the plaintiff's claim that the local election

board law did not conflict with the Organic Act. Noting a factual distinction between the

<u>Franchise Tax Board</u> case and the facts in <u>Republican Party</u>, the Ninth Circuit concluded that,

**"if anything, the intragovernmental nature of a dispute makes invocation of federal**

**jurisdiction even less appropriate."** *Id.* (emphasis added).

As in <u>Republican Party</u>, the Complaint in the case *sub judice* plainly involves an

"intragovernmental dispute" between the Attorney General and the executive manager of the

Guam International Airport Authority, an autonomous government agency.

**B.      Applying _Republican Party_ to the Instant Case.**

Although phrased differently in his Complaint, what the Attorney General is asking

this Court to do in the instant case is to determine whether the cited local law provisions

concerning the rights of autonomous agencies to hire their own lawyers, and litigate

independently of the Attorney General, are lawful given the respective powers of the Attorney

General and the Legislature under the Organic Act.

In an apparent attempt to escape the clutches of the Ninth Circuit's ruling in

<u>Republican Party</u>, the Attorney General has cleverly crafted his prayer for declaratory relief

so as to call for merely an interpretation of the Organic Act provision, 48 U.S.C. § 1421g(d).

Of course, it is settled law that a prayer for relief is not controlling. <u>Republican Party</u>, 277

---

no federal question existed on the ground that "the situation presented by a state's suit for a
declaration of the validity of state law is sufficiently removed from the spirit of necessity and careful
limitation of district court jurisdiction that inform[s] our statutory interpretation . . . to convince us
that, until Congress informs us otherwise, such a suit is not within the original jurisdiction of the
United States District Court." *Id.* at 21-22, 103 S.Ct. 2841, as quoted in <u>Republican Party</u>, 277 F.3d
at 1090.

8

F.3d at 1089, n. 1. Instead, the allegations of the Complaint control; and those allegations

clearly call for an adjudication of express enactments of the Guam Legislature, including,

without limitation, 12 G.C.A. § 1108 and 5 G.C.A. § 30109, in addition to the Organic Act.

The Attorney General specifically discusses these statutes in the allegations of his Complaint.

He cannot selectively take these provisions out of the controversy by omitting them from his

prayer.

In fact, what the Attorney General is asking for in the present case is only a slight

variation from what the Guam Legislature asked of this Court in Republican Party. **Each case**

**involves an intragovernmental power struggle in which the respective plaintiffs came to**

**federal court asking for a declaration as to whether certain provisions enacted by the**

**Guam Legislature withstand scrutiny under the Organic Act.**

Because the facts of this case and Republican Party are remarkably similar, it is

respectfully submitted that the Ninth Circuit's opinion in Republican Party is binding law,

mandating immediate dismissal of the instant action.

## C.     The *Pangelinan* Case.

This conclusion that no federal question exists is bolstered by the Ninth Circuit's

opinion in Gutierrez v. Pangelinan, 276 F.3d 539 (9th Cir. 2002) ("Pangelinan"). The

Pangelinan case started out as an action in the Superior Court of Guam seeking a declaration

that a bill passed by the Guam Legislature was not duly enacted. The Superior Court entered

judgment for the defendants, which was then reversed by the Guam Supreme Court on appeal.

Defendants filed a petition for writ of certiorari to the Ninth Circuit. The Ninth Circuit granted

the petition pursuant to 48 U.S.C. § 1424-2, which vests the Ninth Circuit with jurisdiction to

9

review such cases for the first 15 years following establishment of the Supreme Court of Guam. *Id.* at 546.

The court noted that in exercising its discretionary power of review, "it is evident that we must balance the temporary power of oversight that Congress has given us with Congress' **clear intent 'to allow Guam to develop its own, independent institutions**.'" Pangelinan, 276 F.3d at 546 (emphasis added); *quoting* EIE Guam Corp. v. Supreme Court of Guam, 191 F.3d 1123, 1127 (9th Cir. 1999).

The importance of Pangelinan to the instant case is that questions of the type involved in this lawsuit are fully susceptible to federal court review *after* proceedings in the Guam courts have been exhausted. The court in Pangelinan noted that although the Ninth Circuit had *de novo* review of Guam Supreme Court decisions interpreting the Organic Act, such review would be rendered with due deference to the Guam Supreme Court's "explication of legal issues of unique concern to Guam." Pangelinan at 547. This is so because the Organic Act serves the function of a constitution for Guam. *Id.* at 547; *citing* Hauser v. Department of Law, Government of Guam, 97 F.3d 1152, 1156 (9th Cir. 1996). The Ninth Circuit sternly phrased the matter this way:

> [T]he Congressional promise of independent institutions of government would be an empty one if we did not recognize the importance of the Guam Supreme Court's role in shaping the interpretation and application of the Organic Act.

Pangelinan, 276 F.3d at 547.

Based upon the ruling in Pangelinan, it must be recognized that intragovernmental Organic Act power struggles between different branches of the Government of Guam can and should be resolved, in the first instance, by the Guam territorial courts. Indeed, the only way

10

the federal courts can know how the Guam Supreme Court interprets the Organic Act provision at issue is if the issues are first submitted to the Guam Supreme Court. Together, the Republican Party and Pangelinan cases demonstrate the unique deference the Ninth Circuit accords to Guam Supreme Court interpretations of the Organic Act. This deference forbids this Court from short-circuiting local court review of Organic Act questions, at least during the first 15 years following establishment of the Supreme Court of Guam. *See* Pangelinan, 276 F.3d at 546-547.

In short, the Guam Supreme Court has a role to play in "shaping the interpretation and application of the Organic Act." If this Court exercises jurisdiction over this matter, there is no meaningful way for the Guam Supreme Court to exercise that role.

## III. THIS CASE SHOULD BE DISMISSED FOR LACK OF FEDERAL QUESTION OVER THE CAUSE OF ACTION FOR INJUNCTIVE RELIEF

In his Motion for a Preliminary Inunction, the Attorney General requests a judicial ruling: "[T]hat the Attorney General of Guam is authorized to represent the Guam International Airport Authority in all legal matters unrelated to this action."[6] In so moving, the Attorney General is arguably asking this Court to continence and become complicit in an ethical violation. Whether an attorney licensed to practice law in Guam may pursue a claim against the interests of his client, and at the same time represent the client in unrelated matters, is a question that requires interpretation of the Guam Rules of Professional Conduct for Lawyers relating to conflicts of interest. This question must be resolved by the Guam Bar Ethics Committee and the Guam Supreme Court, not the District Court of Guam.

---

[6] Motion for Preliminary Injunction, March 5, 2003, at 20.

11

In <u>Middlesex County Ethics Committee v. Garden, etc.</u>,[7] the United States Supreme

Court ruled that States traditionally exercise control over the professional conduct of attorneys

and that the federal court system should abstain from interfering with this process:

> The State of New Jersey has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses. States traditionally have exercised extensive control over the professional conduct of attorneys.[8]

The federal courts have refused to "deprive" the state courts of the right to "construe"

their professional rules of conduct:

> Under such circumstances, it would 'infringe on the sovereign immunity of the states' if federal courts were to 'deprive the state courts of the opportunity to construe their own statues, using the interpretative tools, presumptions, and standards they deem proper.' This concern takes on added significance where, as here, we are faced not with a state statute, but instead with rules, such as the Canons of Judicial Ethics . . . .[9]

The jurisdiction of the Guam Supreme Court over ethical matters relating to Guam

attorneys is set forth in the Preamble of the Supreme Court of Guam Rules for the Discipline

of Attorneys, which states:

> In the **exercise of the Supreme Court's jurisdiction**, pursuant to 7 GCA Section 9101, to disbar, suspend or otherwise discipline members of the Bar of Guam for misconduct, the Supreme Court adopts and promulgates the following rules which shall govern disciplinary proceedings against members of the Bar of Guam and all attorneys within this court's jurisdiction.

Rule 1 of the Rules for the Discipline of Attorneys states:

---

[7] <u>Middlesex County Ethics Committee v. Garden, etc.</u>, 102 S.Ct. 2515, 2522 (1982).

[8] Id. at 2522.

[9] <u>Pittman v. Cole</u>, 267 F.3d 1269, 1290 (11th Cir. 2001). *See also*, <u>Lay v. City of Kingsports</u>, 454 F.2d 345, 347 (6th Cir. 1972)("If the State of Tennessee and the City of Kingsport had authority to adopt the 'conflict of interest' provisions set forth in the cited States and Ordinance then no substantial federal question is present.")

12

Any attorney regularly admitted to practice law in this territory, any attorney admitted to practice by a court of this territory or **any individual admitted to practice as counsel for government agencies**, or otherwise; **is subject to the disciplinary jurisdiction of the Supreme Court and the Ethics Committee** as established pursuant to this Court's adoption, in April, 1996, of the existing Ethics Committee Rules as reflected in Appendix G to Title 7 of the Guam Code Annotated and as expressly continued in the Rules below.

The conflict of interest rule at issue when an attorney tries to pursue a claim against the interests of his client, and continue to represent the client in unrelated matters, is Rule 1.7 of the Guam Rules of Professional Conduct for Lawyers. This Rule provides that a "lawyer (Office of the Attorney General) shall not represent a client (GIAA) if the representation of that client (GIAA) will be directly adverse to another client (Attorney General), unless . . . (e)ach client (the Attorney General and GIAA) consents after full disclosure." Rule 1.7, and the other Rules of Professional Conduct, are applicable to government attorneys:

> It is well settled that in the control of litigation, the Attorney General has the duty to conform her conduct to that prescribed by the rules of professional ethics. As a lawyer and an officer of the courts of this State, the Attorney General is subject to the rules of this Court (the Hawaii Supreme Court) governing the practice of law and the conduct of lawyers, which have the force and effect of law.[10]

Attorneys are not permitted to pursue claims against a client in one matter, and then represent the client in unrelated matters:

> This distinction between former representation and concurrent representation, and the distinct concerns at issue, are well recognized: 'In contrast to representation undertaken adverse to a former client, representation adverse to a present client must be measured not so much against the similarities in litigation, as against the duty of undivided loyalty which an attorney owes to each of his clients.' (Citations omitted). If this duty of undivided loyalty is

---

[10] Chun et al. v. Board of Trustees of the Employees Retirement System of the State of Hawaii, et al., 952 P.2d 1215 (1998).

13

violated, 'public confidence in the legal profession and the judicial process' is undermined.[11]

Courts have disqualified government attorneys from representing a government client when the government attorneys are pursuing claims against the client. In <u>Civil Service Commission v. Superior Court</u>,[12] the California appellate court disqualified government attorneys from representing interests adverse to a government agency when the government attorneys had given legal advice to the agency on the same subject. The Court, however, went on to explain that the government attorneys would nonetheless be disqualified on additional grounds because of their concurrent representation of the agency on unrelated matters:

> Our statement that there may be an independent basis to disqualify the Country Counsel is grounded on the general rule that an attorney may simply not undertake to represent an interest adverse to those of a current client without the client's consent. (Citations omitted). This record establishes the relationship between Country Counsel and the Commission is an ongoing one with respect to matter other than the one at issue here. The principle precluding representing an interest adverse to those of a current client is based no on any concern with the confidential relationship between attorneys and client but rather on the need to assure the attorney's undivided loyalty and commitment to the client.[13]

Admittedly, the Preamble of the Guam Rules of Professional Conduct for Lawyers states that government attorneys "may be authorized to represent several government agencies in intra-governmental legal controversies in circumstances where a private lawyer could not represent multiple private clients." This case, however, does not involve the representation

---

[11] <u>Truck Insurance Company v. Fireman's Fund Insurance</u>, 8 Cal. Rptr. 228, 232 (Cal. App. 1 Dist. 1992) *See also* <u>Jeffrey v. Pounds</u>, 136 Cal. Rptr. 373 (1977)(Law firm prohibited from representing a Client A in a person injury matter, and the client's wife in an unrelated divorce claim against Client A.)

[12] <u>Civil Service Commission v. Superior Court</u>, 209 Cal. Rptr. 159 (Cal. App. 4 Dist. 19894).

[13] Id. 209 Cal. Rptr. at 164-165, f.n. 1.

14

of multiple government agencies with conflicting interests. It involves an Attorney General attempting to pursue judicial relief against a government agency, and, at the same time, represent the agency in unrelated matters. Whether this conduct is permissible under the unique circumstances of Guam, with a small Attorney General's Office made up of less than 30 attorneys, where a "Chinese wall" would be impractical, should be decided by the Guam Bar Ethics Committee and the Guam Supreme Court, not the federal courts.

## IV. THIS COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION AND DISMISS THE CASE

As demonstrated above, this Court lacks subject matter jurisdiction because the Attorney General has failed to raise a federal question. Accordingly, the case should be dismissed pursuant to the Republican Party and Pangelinan cases. However, even if the case were not subject to dismissal for want of a federal question, the case would still be subject to dismissal based upon the doctrine of federal abstention.

Principles of judicial comity and federalism prevent federal courts from interfering with pending state or territorial proceedings addressing issues of local concern. The case of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 760 (1971), and its progeny, established that local cases involving important state or territorial interests should not be interfered with or enjoined by federal court proceedings on the same issue. The purpose of the doctrine is to give the state or territorial courts an opportunity to resolve whatever federal issues are involved in the case and to avoid unnecessary friction in federal-state relations. Moore v. Sims, 442 U.S. 415, 99 S.Ct. 2371 (1979). Younger abstention embodies a strong federal policy against federal-court interference with pending state judicial proceedings, absent extraordinary circumstances. Beltran v. State of California, 857 F.2d 542, 546 (9th Cir. 1988); *citing* Middlesex County

15

Ethics Committee v. Garden State Bar Association, 457 U.S. 423, 431, 102 S.Ct. 2515, 2521,

73 L.Ed.2d 116 (1982).

The Ninth Circuit Court of Appeals has summarized the Younger requirements as follows:

> Under the three-prong test announced by the Supreme Court in *Middlesex* and applied in *Dayton*, abstention is appropriate in favor of a state proceeding if (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions.

Fresh International Corp. v. Agricultural Labor Relations Board, 805 F.2d 1353, 1357-1358

(9th Cir. 1987) (citations omitted). Applying the three prongs to the instant case reveals the following.

First, there are ongoing state proceedings involving these precise issues in the Superior Court of Guam under the rubric of A.B. Won Pat Guam International Airport Authority v. Moylan, Special Proceedings Case No. SP0055-03.[14] It is simply beyond dispute that the Superior Court lawsuit involves identical issues to those being raised in the instant case.

In fact, not only are the same issues pending in the local court, a Superior Court judge has already issued an Alternative Writ of Mandate in that case, commanding the Attorney General to do precisely the opposite of what the Attorney General is asking this Court to order. The March 7, 2003 Alternative Writ commands the Attorney General to perform his "statutory duties" and "permit GIAA to retain independent counsel of its choice as allowed by statute and to approve the proper professional services agreement" or to show cause on March 28, 2003,

---

[14] A copy of the Complaint and supporting memorandum of law in the case is being lodged herewith as Exhibits A and B to the Declaration of David A. Mair.

16

why he has not done so.[15] Meanwhile, the Attorney General stands before this Court seeking a preliminary injunction *enjoining* the award of any GIAA legal services agreements and allowing the Attorney General instead to represent GIAA in all matters unrelated to the instant action. A hearing date and briefing schedule on the Alternative Writ of Mandate has already been set in the Superior Court action. The Superior Court action is not only "pending," it has progressed further than the action in this Court. Clearly, the first element of the 3-prong Younger test has been met.

Second, unquestionably both proceedings implicate important territorial interests, namely the scope and powers of the Attorney General *vis a vis* the Legislature and autonomous government agencies. There is no concise test as to what constitutes an "important state interest"; however, no one could argue that the issues addressed in the instant proceedings do not fall within this rubric. Certainly, the Attorney General could not so argue, as his Complaint plainly alleges to the contrary:

> By reason of Defendant's action, Plaintiff will suffer irreparable damage to his authority, and that of his successors in office, to establish legal policy for the Government of Guam.[16]

Indeed, it is difficult to imagine an issue of greater territorial interest than the authority to "establish legal policy for the Government."

Third, it is clear beyond peradventure that the Guam Superior Court proceedings provide an adequate opportunity to raise the federal questions allegedly at issue in this action. This is made plain on the face of a case already cited for another proposition, Pangelinan,

---

[15] Alternative Writ of Mandate (March 7, 2003), at p. 2.

[16] Complaint at ¶ 16 (March 3, 2003).

17

*supra*, 276 F.3d 539 (9th Cir. 2002). Pangelinan plainly demonstrates that issues concerning the Organic Act are susceptible to being addressed by the Superior Court of Guam. Moreover, the case also makes it clear that the territorial courts have a "role in shaping the interpretation and application of the Organic Act." *Id.* at 547. Indeed, since the Organic Act serves the function of a constitution for Guam, the territorial courts' explication of legal issues is to be "consider[ed] fully" by the Ninth Circuit when reviewing such cases on writ of certiorari. *Id.* Clearly, the courts of Guam have not only the "opportunity" but also the *duty* to address Organic Act questions.

The Younger abstention doctrine applies with equal force to suits, such as the instant one, seeking *declaratory relief.* For example, the Ninth Circuit has held, on abstention grounds, that it is improper for federal courts to grant declaratory relief as to federal constitutional claims raised in connection with unfair labor practice charges being litigated in state courts. *See* Beltran v. California, *supra*, 857 F.2d at 546.

The Younger doctrine *requires* federal courts' abstention; it is not discretionary with a court.[17] When a case falls within the prescription of Younger, a district court *must* dismiss the federal action. *See* Judice v. Vail, 430 U.S. 327, 337, 97 S.Ct. 1211, 1218, 51 L.Ed.2d 376 (1977); Fresh International, *supra*, 805 F.2d at 1356.

Undoubtedly, opposing counsel will call the Court's attention its treatment of the abstention doctrine in Ada v. Government of Guam, 1998 WL 1118593 (D. Guam, Order &

---

[17] Although Younger involved criminal proceedings, the U.S. Supreme Court has stated clearly that concerns of comity and federalism counsel restraint in civil proceedings as well, when important state interests are at stake. Moore v. Sims, *supra*, 442 U.S. at 423, 99 S.Ct. at 2377, 60 L.Ed.2d 994 (concern that federalism jeopardized by displacement of state courts fully applicable to civil proceedings for important state interests involved).

18

Writ of Mandamus, Dec. 9, 1998). In <u>Ada</u>, this Court rejected application of the abstention doctrine with regard to an action concerning the outcome of the 1998 Guam Gubernatorial election. <u>Ada</u> is clearly distinguishable, however, because there the pending Guam Superior Court action raised issues entirely distinct from the District Court action. *See* <u>Ada</u>, at \*\*3 ("companion case in local court is primarily concerned with Guam Election Law" not the Organic Act).

Another distinction between <u>Ada</u> and the facts in the instant case is that here the pending Superior Court proceedings have already progressed further than the District Court action. Indeed, judicial action has already taken place in the Superior Court, an Alternative Writ of Mandate was issued by Judge Lamorena on March 7, 2003. In contrast, in <u>Ada</u>, the opposite was true, the *federal* court proceedings had begun and the local court had not yet proceeded.[18] In fact, while in <u>Ada</u>, no judicial assignment had been made in the Superior Court action, in the instant case Judge Lamorena has already issued an Order.

Moreover, <u>Ada</u> was decided four years *before* the Ninth Circuit's rulings in <u>Republican Party</u> and <u>Pangelinan</u>, both of which undermine Ada's assumption that the local interest in interpreting the Organic Act "cannot be more compelling" that the federal court's. *Id.* As stated fully herein, <u>Republican Party</u> and <u>Pangelinan</u> both stress the important role of the Guam local courts in addressing Organic Act issues. Both cases weigh heavily in favor of abstention and dismissal under the circumstances at hand.

---

[18] <u>Ada</u>, at \*\*2.

19

In addition, even if the issues raised here were identical to those involved in <u>Ada</u>, which they certainly are not, this Court's prior authority does not bind it. The Ninth Circuit's decisions, on the other hand, *are* binding.

Finally, it is noteworthy that in <u>Ada</u>, this Court's ruling on the issue of federal abstention was neither raised nor addressed before either the Ninth Circuit or the U.S. Supreme Court, which ultimately reversed <u>Ada</u> on other grounds. *See* 528 U.S. 250, 145 L.Ed.2d 747, 120 S.Ct. 740 (2000).

The <u>Republican Party</u> and <u>Pangelinan</u> cases; and cases interpreting the <u>Younger</u> abstention doctrine all compel dismissal of this case.

## CONCLUSION

Based upon controlling Ninth Circuit authority, it is apparent that this case never should have been filed in the District Court of Guam. Now that it has been filed, it is incumbent on this Court to dismiss the case for want of a federal question pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. An additional ground for dismissing the case is the <u>Younger</u> abstention doctrine which mandates dismissal of federal suits involving issues of vital state importance pending in state and territorial courts.

Respectfully submitted this 10th day of March, 2003.

MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys for Defendant

By _____
DAVID A. MAIR

P03723.rtt