MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090

Attorneys for Defendant William R. Thompson,
  in his official capacity as Executive Manager of the
  A.B. Won Pat Guam International Airport Authority



IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| THE ATTORNEY GENERAL OF GUAM, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM R. THOMPSON, in his official capacity as Executive Manager of the Guam Airport Authority, <br><br> Defendant. | CIVIL ACTION FILE NO. 03-00008 <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO NAME THE PROPER DEFENDANT AND JOIN AN INDISPENSABLE PARTY |

## INTRODUCTION

The statutes that the Attorney General of Guam ("Attorney General") is attempting to invalidate specifically state that the Board of Directors ("Board") of the A.B. Won Pat Guam International Airport Authority ("GIAA") is responsible for appointing an

1

**ORIGINAL**

independent attorney for GIAA and that any such attorney "shall serve at the pleasure of the Board." It is the Board of GIAA that has the statutory authority to sue or be sued.

The Executive Manager of GIAA **does not** have the statutory authority to appoint independent counsel, and independent counsel does not serve at his pleasure. In addition, the Executive Manager of GIAA **does not** have the statutory authority to sue or be sued.

Inasmuch as the Attorney General is attempting in this action to prohibit the retention of independent counsel for GIAA, the Board of GIAA is clearly the proper party defendant. The Attorney General, however, has not named the Board as a party in this action. Instead, the Attorney General has elected to file suit against William R. Thompson ("Thompson"), the Executive Manager of GIAA, who does not have the statutory authority to appoint an independent attorney or the capacity to sue or be sued.

In less than two months in office, the Attorney General of Guam has carelessly named the wrong individual on at least two lawsuits brought by his office in the Superior Court of Guam and should not be permitted to extend such reckless practice in this Court.[1] As a consequence, the Complaint must be dismissed pursuant to Rule 12(b)(6) and Rule 12(b)(7) of the Federal Rules of Civil Procedure.

//

//

---

[1] *See*, Declaration of David A. Mair at ¶¶ 3 and 4 (3/10/03), filed concurrently herewith.

2

## DISCUSSION

### I. THE LAWSUIT AGAINST THOMPSON SHOULD BE DISMISSED BECAUSE HE IS NOT A "SUABLE ENTITY."

#### A. Standard for Determination Under Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a claim for the "failure to state a claim upon which relief can be granted." A motion under Rule 12(b)(6) should be granted "when it appears beyond a doubt that the plaintiff could prove no set of facts in support of her claim that would entitle her to relief."[2] Moreover,

> A Rule 12(b)(6) dismissal is not warranted even if the court believes that a plaintiff is unlikely to prevail on the merits so long as the complaint states a legal claim. [Citations omitted]. The court must accept as true all well-pleaded facts in the complaint and construe the complaint liberally in favor of the plaintiff. [Citation omitted]. Moreover, to qualify for dismissal under this rule, the complaint on its face must show a bar to relief.[3]

In the instant case, the Attorney General's claims against Thompson should be dismissed because Thompson, in his official capacity as the Executive Manager of GIAA, is not a "suable entity."

#### B. Thompson Has No Authority to "Sue or Be Sued."

GIAA's enabling legislation delineates with particularity the duties of the "Executive Manager." They are as follows:

---

[2] Alexander v. City of Rockwall, et al., 1998 U.S. Dist. LEXIS 15494 at *4 (N.D. Tex 1998)(citing Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

[3] Alexander, 1998 U.S. Dist. LEXIS 15494 at *4-5.

3

§ 1107. Executive Manager.

(a) The Board shall appoint an Executive Manager, who shall be its chief executive officer. The Executive Manager shall serve at the pleasure of the Board, which shall fix his compensation. The Executive Manager shall have full charge and control of the operations and maintenance of the airports controlled by the Authority, and of the construction of any airports, facilities, runways, taxiways and other necessary works controlled by, or required to be constructed or repaired by the Authority.

(b) The powers of the Executive Manager include:

(1) To see that all rules and regulations of the Authority are enforced.
(2) To attend, unless excused by the Board, all meetings of the Board and to submit reports on the affairs of the Authority as required by the Board.
(3) To keep the Board advised on the needs of the Authority and to approve demands for payment of obligations within the purposes and amounts authorized by the Board.
(4) To prepare or cause to be prepared all plans and specifications for the construction and repair of works and facilities operated by the Authority.
(5) To devote his entire time to the business of the Authority, to select and appoint the employees of the Authority, except as otherwise provided in this Chapter, and to plan, organize, coordinate and control the services of such employees in the exercise of the powers of the Authority under the general direction of the Board.
(6) To cause to be published within one hundred twenty (120) days from the end of each fiscal year a financial statement showing the results of operations for the preceding fiscal year and the financial status of the Authority on the last day thereof. The publication shall be made in the manner provided by the Board.

4

(7) To perform such other and additional duties as the Board may require.[4]

Noticeably absent from his authority is his capacity to "sue and be sued." Instead, only GIAA, i.e. the Board of Directors of GIAA, has such ability:[5]

> **§ 1105. Powers.** The Authority shall have and exercise each and all of the following powers: * * *
> (h) To make and enter into contracts, leases, concession agreements and permits and to execute all instruments necessary or convenient in the exercise of its powers, including without limitation, the purchase of liability and casualty insurance for airport purposes, adopt a seal and ***sue or be sued in its own corporate name***.[6]

As such, Thompson is not a "suable entity" and the Attorney General's claims against him must be dismissed.

C. **Guam Law Determines Entity's Capacity to Sue or Be Sued.**

The capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held."[7] Under Guam law, only GIAA and not its Executive Manager, has the capacity, by statute, "to sue and be sued."[8] Numerous cases from the several jurisdictions support the instant motion for dismissal on these grounds.

---

[4] 12 G.C.A. § 1107.

[5] The powers of the Authority are executed by GIAA's Board of Directors. 12 G.C.A. § 1106.

[6] 2 G.C.A. § 1105 (Emphasis added).

[7] Fed. R. Civ. P. 17(b).

[8] 12 G.C.A. § 1106.

5

In the case of Alexander v. City of Rockwall, *supra*, a plaintiff sued the City, as well as the Task Force funded by the Texas Narcotics Control Program and Richard Fought ("Fought"), the commander of the Task Force, in his official capacity as commander, alleging sexual discrimination. The Texas district court dismissed, pursuant to Rule 12(b)(6), a plaintiff's claim against the Task Force and Fought on the basis that they did not have the legal capacity to be sued.[9] In so ruling, the court reasoned as follows:

> [A]bsent from the enabling legislation in the instant case is any provision giving the Task Force the power to sue or be sued. [Citation omitted]. The legislation clearly indicates that the municipalities contracting to create such entities remain the legally recognized parties. Under Texas law, the key factor is whether the entity may sue and be sued, and plaintiff has not provided any evidence to establish this fact. No evidence has been presented to this court that the Task Force enjoys a separate legal existence. Moreover, a thorough examination of the enabling legislation does not reveal any intent to create a separate legal entity subject to suit. The absence of such a grant clearly demonstrates that the Task Force does not possess the capacity to engage in separate litigation.[10]

For the same reasons articulated in the dismissal of the claims against the Task Force, the district court also dismissed the claims against Fought, the commander sued in his official capacity. See also, Waddy v. Board of Public Utilities, 2002 U.S. Dist. LEXIS 16466 (D.C. Kansas 2002)(dismissing suit against utilities board on the basis of the absence of specific statutory language granting the agency the capacity to sue or be sued); Wright v. Board of County Commissioners of Cook County, Illinois, et al., 1999 U.S. Dist. LEXIS 19707 (N.D.

---

[9] Alexander 1998 U.S. Dist. LEXIS 15494 at * 11.

[10] Alexander, 1998 U.S. Dist. LEXIS 15494 at * 11.

6

Ill. 1999)(government entity's capacity to sue and be sued in federal court is governed by Illinois law which provides that Cook County Board of Commissioners is not an entity subject to suit separate from the county; therefore, motion to dismiss is granted because the proper defendant is Cook County itself, not its Board).

## II. THE LAWSUIT AGAINST THOMPSON SHOULD BE DISMISSED BECAUSE THE BOARD IS RESPONSIBLE FOR APPOINTING INDEPENDENT COUNSEL

Pursuant to 12 G.C.A. § 1108, only the Board of GIAA, and not the Executive Manager, has the authority to appoint its attorney:

> § 1108. Treasurer, Comptroller, Attorney.
>
> (a) The Board may also appoint a treasurer, a comptroller and an attorney, all of whom shall serve at the pleasure of the Board. Their duties and compensation shall be fixed by the Board. The Board may appoint one assistant to any such office. Any of the said offices may be consolidated into one person.
>
> * * *
>
> (c) The Attorney, who must have been admitted to the practice of law in Guam, shall advise the Board and the Executive Director on all legal matters to which the Authority is a party or in which the Authority is legally interested, and may represent the Authority in connection with legal matters before the Legislature, boards and other agencies of the Territory or of the United States. The Attorney for the Authority shall represent the Authority in litigation concerning the affairs of the Authority.[11]

---

[11] 12 G.C.A. § 1108.

7

In addition to declaratory relief, the Attorney General seeks an injunction ordering Thompson "and all those in active concert or participation with him, to refrain immediately . . . from entering into a contract with an attorney to provide legal services for the Guam Airport Authority."[12] However, it is a fundamental principle of law that an official, named as a defendant in a suit to enjoin the enforcement of an allegedly unconstitutional law, must, by virtue of his office, have *some* connection with the enforcement of the challenged law.[13] Because Thompson has absolutely **no authority** to enter into a legal services contract on behalf of GIAA, much less enforce the statutory authority to appoint independent legal counsel, the relief sought by the Attorney General cannot be obtained through Thompson in any capacity and must, instead, be sought against GIAA.

This Court, sitting as an appellate court, ruled on this similar issue in the case of Rios v. Sgambelluri, 1991 WL 336905, DCA No. 90-0037A (D.C. App. Div. Guam 1991). There, Rios, a captain with the Guam Police Department, had been demoted for alleged dishonesty and misuse of government property. Rios sued the chief of police Sgambelluri seeking declaratory relief and a writ of mandamus to force the Civil Service Commission to reinstate him to his former rank as captain. Rios apparently chose to name these defendants "'to perform the orders issued by the Superior Court.'"[14]

---

[12] *Complaint* at p. 4, ¶¶ 2, 3.

[13] Chaloux v. Killeen, 886 F.2d 247, 251 (9th Cir. 1989)(citing Ex Parte Young, 209 U.S. 123, 52 L. Ed. 714, 28 S. Ct. 441 (1908)).

[14] Rios, at **2.

8

In affirming the trial court's dismissal of the lawsuit, this Court opined, " Simply put, appellant could not obtain the relief he sought from the parties he chose to sue."[15] Sgambelluri "could not reinstate appellant to his former rank and restore back pay and lost benefits," and "no claim of any sort was made against the Civil Service Commission, so it could not provide the relief appellant sought."[16]

Because Thompson has **no** connection with the enforcement of the statute challenged by the Attorney General, the Complaint against him must be dismissed.

### III. COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN INDISPENSABLE PARTY.

The Attorney General seeks a declaratory judgment that 48 U.S.C. § 1421(d) "pre-empts **any** laws of Guam respecting the distribution of power and responsibilities between the Attorney General of Guam and private counsel respecting **government agencies and departments**"[17] and, additionally, an injunction restraining the Defendant "and all those in active concert or participation with him" from entering into a contract with an attorney to provide legal services for **GIAA**.[18] Moreover, the Motion for Preliminary Injunction filed by the Attorney General on March 5, 2003 seeks a preliminary injunction "enjoining the award

---

[15] Id.

[16] Id. It is noteworthy to mention that Rios was represented by the law firm of Highsmith & O'Mallan, of which Assistant Attorney General J. Basil O'Mallan, III, was a part. O'Mallan filed the Motion for Preliminary Injunction in this case, naming only Thompson as a defendant.

[17] *Complaint* at ¶ 1, p. 4.

[18] Id.

9

of any legal services agreements by the **Guam International Airport Authority** for legal services."[19] In summary, the Attorney General seeks a judgment and order of this Court which affects persons whom are indispensable to the action, yet who are not named in the lawsuit; specifically, all government of Guam agencies and departments with statutory authority under Guam law to retain or appoint independent legal counsel, including, but not limited to GIAA.

### A. Standard for Determining Whether Party is Indispensable.

Rule 19 of the Federal Rules of Civil Procedure establishes the standards for the mandatory joinder of parties and provides, in pertinent part:

> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.
>
> (b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot

---

[19] Mot. for Prelim. Injunction at ¶ 1, p. 20 (3/5/03).

be made a party, the court shall determine whether in equity
and good conscience the action should proceed among the
parties before it, or should be dismissed, the absent person
being thus regarded as indispensable. The factors to be
considered by the court include: first, to what extent a
judgment rendered in the person's absence might be prejudicial
to the person or those already parties; second, the extent to
which, by protective provisions in the judgment, by the shaping
of relief, or other measures, the prejudice can be lessened or
avoided; third, whether a judgment rendered in the person's
absence will be adequate; fourth, whether the plaintiff will
have an adequate remedy if the action is dismissed for
nonjoinder.[20]

Where a plaintiff has failed to join an indispensable party, the court can enter an order dismissing the complaint pursuant to Rule 12(b)(7).[21] In the instant case, this matter cannot proceed without naming GIAA as a defendant because it is GIAA through its Board, and not through Defendant, that has the statutory right to appoint independent legal counsel. By the very terms of the relief sought by the Attorney General, GIAA must be made a party to this lawsuit.

Moreover, any and all other governmental agencies which would be affected by a judgment as requested by the Attorney General are indispensable as well. These agencies may include the Guam Telephone Authority, the Guam Memorial Hospital Authority, the Government of Guam Retirement Fund, the University of Guam and others.

---

[20] Fed. R. Civ. P. 19.

[21] Franz v. E. Columbia Basin Irr. Dist., 383 F.2d 391, 192 (9th Cir. 1967)("where ... an indispensable party is not before the court, dismissal must follow"). See also, In Re Caesars Palace Secur. Litigation, 360 F.Supp. 366 (S.D.N.Y. 1973)(issue of failure to join indispensable parties may properly be raised by motion to dismiss).

11

Case 1:03-cv-00008 Document 11 Filed 03/10/2003 Page 11 of 12

Because the Attorney General has failed to name as parties to this action the entities who are charged with the execution of the statutory right to appoint legal counsel other than the Attorney General to provide legal services, the Complaint must be dismissed by this Court.

## CONCLUSION

In this particular instance, the Attorney General simply failed to name the proper party at all and yet seeks to affect the statutory rights of these persons, particularly GIAA and other government agencies similarly empowered, to appoint their independent legal counsel. Clearly, the Complaint is fatally defective pursuant to Rules 12(b)(6) and (7) of the Federal Rules of Civil Procedure and should, therefore, be dismissed.

For the reasons set forth herein, Defendant respectfully requests this Court dismiss the Complaint against him for declaratory and injunctive relief.

Respectfully submitted this 10th day of March, 2003.

> **MAIR, MAIR, SPADE & THOMPSON**
> A Professional Corporation
> Attorneys for Defendant
>
> By: _[signature]_
> **DAVID A. MAIR**

P032015.mtcd

12

Case 1:03-cv-00008　Document 11　Filed 03/10/2003　Page 12 of 12