MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090

Attorneys for Defendant William R. Thompson,
   in his official capacity as Executive Manager of the
   A.B. Won Pat Guam International Airport Authority

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| THE ATTORNEY GENERAL OF GUAM, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM R. THOMPSON, in his official capacity as Executive Manager of the Guam Airport Authority, <br><br> Defendant. | CIVIL ACTION FILE NO. 03-00008 <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANT WILLIAM R. THOMPSON'S MOTION TO DISMISS BASED ON UNSUITABILITY OF DECLARATORY RELIEF** |

## INTRODUCTION

This motion addresses dismissal of the complaint on the ground that it fails to state a claim for which *declaratory* relief can be granted and should be dismissed on that basis. Although this motion addresses similar issues to those discussed in Defendant William R. Thompson's ("Defendant") companion motion to dismiss for lack of a federal question, there

1

is an important distinction. The instant motion addresses the Court's discretion to dismiss pursuant to the Declaratory Judgment Act. In other words, the thrust of this motion is that even if there were a federal question and even if Younger abstention were not mandatory, the Court should nevertheless exercise its *discretion* to dismiss the case pursuant to the Declaratory Judgment Act.

## STATEMENT OF FACTS AND PROCEEDINGS

In the interests of brevity and judicial economy, Defendant hereby incorporates by this reference as if fully set forth herein, the factual discussion contained in *Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction*, at pp. 1-4, being filed contemporaneously herewith.

## LEGAL DISCUSSION

### DECLARATORY RELIEF IS INAPPROPRIATE BECAUSE THERE ARE OTHER REMEDIES AVAILABLE IN THE SUPERIOR COURT OF GUAM, WHERE A COMPANION SUIT IS PENDING

Even if, as Defendant Thompson has demonstrated in a companion motion, there were a federal question implicated in this case, and even if Younger abstention were not mandated, that does not end the matter by any means. The Declaratory Judgment Act authorizes but does not *require* federal courts to issue declaratory judgments. Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed.1620 (1942). Indeed, by its express terms, the Act makes the granting of declaratory relief discretionary. 28 U.S.C. § 2201(a) ("any court of the United States upon the filing of an appropriate pleading, *may* declare the

2

rights and other legal relations of any interested party seeking such declaration.")(emphasis added). *See* Continental Cas. Co. v. Robsac Industries, 947 F.2d 1367, 1369 (9th Cir. 1991).

Granting declaratory relief is normally committed to the sound discretion of the trial court. Doe v. Gallinot, 657 F.2d 1017, 1024 (9th Cir. 1981). However, the question of whether that discretion should be exercised in a given instance "is subject to a more searching review by an appellate court than the 'abuse of discretion' standard." Bilbrey v. Brown, 738 F.2d 1462, 1470 (9th Cir. 1984) (*quoting* Gallinot, *supra*).

Although the declaratory judgment statute does not strictly require that other remedies be unavailable, courts nevertheless have discretion to dismiss declaratory actions where alternative remedies are better or more effective--even if those remedies are best found in the state courts. *See* Aetna v. Jefferson Trust & Sav. Bank of Peoria, 993 F.2d 1364 (8th Cir. 1993); American Cas. Co. v. Krieger, 181 F.3d 1113 (9th Cir. 1999); Supermicro Computer Inc. v. Digitechnic, S.A., 145 F. Supp.2d 1147 (N. D. Cal. 2001).

Indeed, district courts regularly dismiss declaratory actions, in deference to pending state court actions, under circumstances where issues overlap and are likely to be addressed by the state court. *See* Continental Ins. Co. v. Bayless & Roberts , Inc., (D. Alaska 1973) *affirmed*, 503 F.2d 1379 (9th Cir. 1974)(federal court refused declaratory relief in favor of state action involving "novel question under state law"); Maui Land & Pineapple Co. v. Occidental Chemical Corp., 24 F.Supp.2d 1079 (D. Hawaii 1998). Such is particularly the case where the state has a "strong interest" in the issues. Aetna Cas. & Surety Co. v. Alpha Mechanical, Inc., 9 F. Supp.2d 585 (W.D. N.C. 1998); Intravascular Research Ltd. v.

3

Endosonics Corp., 994 F.Supp. 564 (D. Del. 1998) (dismissal warranted on ground that interpretations of state laws best left to state courts).

One of the reasons federal courts routinely dismiss such federal suits is that when a state court action is pending which presents the same issue of state law as is presented in the federal declaratory suit, there exists a presumption that the entire suit should be heard in state court. Continental Cas. Co. v. Robsac Industries, 947 F.2d 1367, 1371 (9th Cir. 1991); Phoenix Assur., PLC v. Marimed Foundation for Island Health Care Training, 125 F. Supp.2d 1214 (D. Hawaii 2000).

Although courts with the ability to enter declaratory judgments generally have discretion as to whether to address them or not, that discretion is not unlimited. An interesting case is American National Fire Ins. Co. v. Hungerford, 53 F.3d 1012, 1017 (9th Cir. 1995), in which the Ninth Circuit held that the district court *abused* its discretion in proceeding to hear an insurance declaratory action where the insurer could have pursued the coverage issue in parallel state proceedings and having both state and federal courts hear the same issues tended to waste judicial resources and encourage forum shopping. 53 F.3d at 1016-1018. In addition the court also determined that the interests of comity supported declining jurisdiction. 53 F.3d at 1017.

The instant case implicates very similar concerns. As Defendant has demonstrated in a separate memorandum, principles of judicial comity are definitely implicated in this case, warranting dismissal on Younger abstention grounds. *See* Hansel v. Town Court of Springfield, N.Y., 56 F.3d 391 (2nd Cir. 1995), *cert. denied*, 516 U.S. 1012,

4

116 S.Ct. 572, 133 L.Ed.2d 496 (1995). (Younger abstention warranted where federal suit called into question use of non-lawyer justices for misdemeanor trials, implicating state's interest in administration of criminal justice); Graham v. Wigginton, 818 F. Supp.336 (M.D. Fla. 1993) (state judge's action for declaratory relief regarding state disciplinary proceedings dismissed pursuant to Younger).

In addition, there is a parallel between the federal abstention doctrine and the court's discretion to decline to entertain a declaratory-judgment action. The weight of authority supports applying mandatory abstention criteria in declaratory-judgment suits even where the abstention doctrine does not otherwise strictly apply. *See* Transamerica Occidental Life Ins. Co. v. DiGregorio, 811 F.2d 1249, 1251 (9th Cir. 1987); Fuller Co. v. Ramon I. Gil, Inc., 782 F.2d 306, 309, n. 3 (1st Cir. 1986).

The Attorney General will likely argue that this Court should cling onto this case because the Attorney General raced to the courthouse and filed his federal complaint against Defendant Thompson a few days before the proper party, the Guam International Airport Authority, could file suit in the Superior Court. Unfortunately for the Attorney General, the discretion of the federal court "cannot turn on so mechanical a rule." Continental Ins. Cos. v. Bayless & Roberts , Inc., (D. Alaska 1973) *affirmed*, 503 F.2d 1379 (9th Cir. 1974); (fact that state action filed one month after federal action not controlling); Tempco Elec. Heater Corp. v. Omega Engineering, Inc., 819 F.2d 746 (7th Cir. 1987); 10B WRIGHT MILLER & KANE, FED. PRACTICE & PROCEDURE, CIVIL 3D § 2758 (1998) at p. 529 (quoted language).

5

According to a recent decision of the U.S. Supreme Court, the question before the court is not which action was filed first, but which will most fully serve the needs and convenience of the parties and provide "comprehensive solution" of the general conflict. Wilton v. Seven Falls Co., 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

Unquestionably, the Guam Superior Court action will provide the comprehensive solution to this quagmire. Obviously, the Guam courts are best suited to interpreting the Guam statutes on point. Moreover, the Guam courts are also the best suited to address Organic Act issues, at least in the first instance. This is confirmed by two 2002 Ninth Circuit cases addressing similar Guam intragovernmental disputes. Republican Party of Guam v. Gutierrez, 277 F.3d 1086 (9th Cir. 2002); Gutierrez v. Pangelinan, 276 F.3d 539 (9th Cir. 2002). As Defendant has discussed at length in another memorandum, these and other cases confirm that the Guam local courts have an important role to play in shaping the Organic Act. Federal review, if necessary, can and should come only after the Guam Supreme Court has spoken on the matter.

It is settled law that federal courts should not get into the business of enjoining state court proceedings. H. J. Heinz v. Owens, 189 F.2d 505 (9th Cir. 1951); *cert. denied*, 342 U.S. 905, 72 S.Ct. 294, 96 L.Ed. 677 (1951). Accordingly, unless this court dismisses the instant case, the orderly process for obtaining local and federal review of Organic Act questions will not be able to run its course. The result would be double-tracked proceedings with overlapping motions and evidence as well as the risk of multiple, inconsistent interpretations. Courts look with disfavor on piecemeal litigation of the matters in controversy

6

and properly refuse to award declaratory relief on that ground. The Ninth Circuit reached this conclusion in the context of a Guam case in Fireman's Fund Ins. Co. v. Ignacio, 860 F.3d 353 (9th Cir. 1988) (District Court of Guam properly dismissed federal declaratory judgment case because proceeding in face of pending action in Superior Court would lead to piecemeal litigation). *See also*, Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1368 (9th Cir.1991).

Finally, if there were not already reason enough to convince the Court to stay out of this quagmire, the Court should consider the fact that "courts are particularly reluctant to resolve important questions of public law in a declaratory action." WRIGHT, MILLER & KANE, *supra*, § 2759, at p. 552; McCorkle v. U.S., 559 F.2d 1258, 1263 (4th Cir. 1977), *cert. denied*, 434 U.S. 1011, 98 S.Ct. 724, 54 L.Ed.2d 755 (1951).

The U.S. Supreme Court has indicated a marked reluctance to have important issues of public law resolved by declaratory judgments. Eccles v. Peoples Bank of Lakewood, California, 333 U.S. 426, 68 S.Ct. 641, 92 L.Ed. 784 (1948) (declaration of validity of Federal Reserve System requirement to Bank); United Public Workers of America, v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed.784 (1946) (declaration re constitutionality of Hatch Act political activity restrictions). The Court has warned against the practice of granting declaratory judgment involving important questions of public law on the basis of a sparse or inadequate record. Public Affairs Assocs., Inc. v. Rickover, 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed.2d 604 (1951) (declaration requested on responsibilities and immunities of certain public servants). The Ninth Circuit has heeded such warnings. *See* Fletes-Mora v. Brownell, 231

7

F.2d 579 (9th Cir. 1955). For multiple reasons, this Court should elect to dismiss this declaratory judgment case.

## CONCLUSION

This motion addresses similar issues to Defendant's companion motion to dismiss for lack of a federal question. However, this memorandum has demonstrated why, even if there were a federal question and even if <u>Younger</u> abstention were not mandatory, the Court should nevertheless exercise its *discretion* to dismiss the case pursuant to the Declaratory Judgment Act.

Respectfully submitted this 10th day of March, 2003.

MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys for Defendant

By: _____
**DAVID A. MAIR**

P03227.rtt

8