MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090

Attorneys for Defendant William R. Thompson,
 in his official capacity as Executive Manager
 of the A.B. Won Pat Guam International Airport Authority

IN THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | |
|---|---|
| THE ATTORNEY GENERAL OF GUAM, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM R. THOMPSON, in his official capacity as Executive Manager of the Guam Airport Authority, <br><br> Defendant. | CIVIL ACTION FILE NO. 03-00008 <br><br> **DECLARATION OF WILLIAM R. THOMPSON IN SUPPORT OF EX PARTE MOTION TO SEAL AND REDACT CONFIDENTIAL COMMUNICATIONS** |

I, WILLIAM R. THOMPSON, hereby declare as follows:

1. I am a resident of Guam, over the age of 18 and legally competent to testify to the matters contained in this Declaration.

2. I am the Executive Manager of the A.B. Won Pat Guam International Airport Authority (GIAA).

**ORIGINAL**

1

3. On March 3, 2003, the Attorney General of Guam filed a Complaint for Temporary and Permanent Injunction and for Declaratory Relief against me in my official capacity as Executive Manager of GIAA.

4. In support of his Complaint filed on March 3, 2003, the Attorney General attached as "Exhibit 1" a letter addressed to him from me that is dated February 13, 2003. In this letter, I requested that the Attorney General provide legal representation to GIAA in two lawsuits that are currently pending against GIAA in the Superior Court of Guam: (a) Black Construction Corp. v. The Government of Guam, et. al., Civil Case No. CV1075-02 (Super. Ct. Guam), and (b) International Bridge Corp./Nippon Hodo Co., Ltd. v. Government of Guam, et. al., Civil Case No. CV1550-02 (Super. Ct. Guam).

5. These two Superior Court lawsuits against GIAA involve highly contested bid disputes between two different construction companies.

6. My February 13, 2003 letter in turn attached a memorandum to me dated February 5, 2003 from Mr. Frank Santos, a consultant to GIAA. Both documents contain confidential information regarding GIAA's legal strategy and inclination as to how the bid disputes in the Superior Court lawsuits should be resolved.

7. When I sent my letter of February 13, 2003 and Mr. Santos's memorandum of February 5, 2003, to the Attorney General, I did so with the good faith intention and belief that such documents would constitute a privileged attorney-client communication regarding matters that were the subject of litigation.

8. At no time prior to the public filing and disclosure in this lawsuit of my February 13, 2003 letter and of Mr. Santos's February 5, 2003 memorandum as "Exhibit 1"

2

to his Complaint did the Attorney General of Guam ever seek or attempt to seek my consent or the consent of GIAA or Mr. Santos to disclose the privileged attorney-client communications contained therein.

9. At no time did I, or GIAA, or Mr. Santos ever consent to the disclosure of the attorney-client communications contained in the letter of February 13, 2003, or the memorandum of February 5, 2003.

10. At no time did I, or GIAA, or Mr. Santos ever waive the attorney-client privilege with regard to the letter of February 13, 2003 or the memorandum of February 5, 2003.

I declare under penalty of perjury under the laws of Guam that the foregoing is true and correct.

DATED: 3/07/03

**WILLIAM R. THOMPSON**

P03202.sec