ORIGINAL

FILED
DISTRICT COURT OF GUAM
MAR 11 2003
MARY L. M. MORAN
CLERK OF COURT
19

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| THE ATTORNEY GENERAL OF GUAM,<br><br>    Plaintiff,<br><br>    vs.<br><br>WILLIAM R. THOMPSON, in his official capacity as Executive Manager of the Guam Airport Authority,<br><br>    Defendant. | Civil Case No. 03-00008<br><br><br><br>ORDER |

This case commenced by the filing of a Complaint for Temporary and Permanent Injunction and for Declaratory Relief on March 3, 2003. On March 5, 2003, the plaintiff filed a Motion for Preliminary Injunction. No hearing date was requested for the Motion for Preliminary Injunction.

On March 10, 2003, the defendant filed an Answer and the following motions: (1) Motion to Dismiss for Lack of Federal Question and Abstention; (2) Motion to Dismiss for Failure to Name the Proper Defendant and Join as Indispensable Party; (3) Motion to Dismiss Based on Unsuitability of Declaratory Relief; and (4) an *Ex Parte* Motion to Redact and Seal Confidential Communications. With the exception of the *ex parte* motion, the parties agreed to a hearing date of April 4, 2003 for the remaining three motions.

The Court has reviewed the pleadings and, based on the nature of the action, believes that these matters must be expedited. Accordingly, the plaintiff shall file his responses to

defendant's motions no later than Monday, March 17, 2003 at 3:00 p.m. The defendant may file a reply to the plaintiff's responses by Thursday, March 20, 2003 at 12 noon. A hearing on the motions[1] shall be held on Wednesday, March 26, 2003 at 3:00 p.m.

Counsel are reminded to comply with these deadlines and Rule 7.1 of the Local Rules of Practice of the District Court of Guam which governs motion practice in this Court. Failure to abide by the Court's Order may result in appropriate sanctions.

SO ORDERED this 11th day of March, 2003.

JOHN S. UNPINGCO
District Judge

---

[1] The defendant's motions raise procedural issues which challenge the jurisdiction of this Court over the action. Accordingly, the merits of plaintiff's Motion for Preliminary Injunction will be addressed after the Court has resolved the issues raised by the defendant's motions, if need be. Furthermore, the defendant's *ex parte* motion, which does not require a hearing, will be decided separately by the Court.