**Office of the Attorney General**
**Douglas B. Moylan**
Attorney General of Guam
**Civil Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

Attorneys for the Government of Guam

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| THE ATTORNEY GENERAL OF GUAM, | Civil Case No. 03-00008 |
| Plaintiff, | |
| vs. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* MOTION TO EXTEND DEADLINE |
| WILLIAM R. THOMPSON, in his official capacity as Executive Manager of Guam Airport Authority, | |
| Defendant. | |

On March 11, 2003 the Court issued an order *expediting* the briefing schedule setting oppositions to Defendant's three (3) motions for March 17, 2003 at 3:00 p.m., with replies due by March 20, 2003 at 12:00 noon. The hearing on the motions is presently scheduled for March 26, 2003 at 3:00 p.m.

Since the submission of the Attorney General of Guam's March 7, 2003 Motion for Preliminary Injunction[1] and Defendant's Motions, as well as since stipulating with Defendant's counsel to an April 4, 2003 hearing date for Defendant's motions, at least two (2) changed

Page 1
*Memorandum of Points and Authorities in Support of Ex Parte Motion to Extend Deadline*
District Court of Guam Civil Case No. 03-0008

Case 1:03-cv-00008   Document 26   Filed 03/13/2003   Page 1 of 16

circumstances occurred warranting the Court's further consideration, and numerous other circumstances exist which the Court should be aware of which the undersigned counsel respectfully submits supports extending the expedited briefing schedules for thirty (30) days along with a new hearing date.

The first changed circumstance is that counsels have since agreed to *temporarily*, and without waiver of the Attorney General's Organic Act rights, permitted Defendant's counsel to represent the Guam International Airport Authority ("GIAA") pending the outcome of the Motion for Preliminary Injunction. **Exhibit A.** The question of who will represent GIAA's (Government of Guam's) legal interest pending the outcome of this litigation was initially brought before the Court by the Attorney General of Guam in order to ensure that the Government of Guam's interests were being protected. The Attorney General's duty is to protect the Public's Interests. Weaver v. Blue Cross and Blue Shield of Alabama, 570 So.2d 675, 677 (1990).

*However*, in part because of the reduction in work hours for all the Civil Division attorneys, including their critical support staff (secretaries, paralegals, etc.), *infra*, the undersigned counsel has stipulated to forego pressing this particular issue for the time being[2]. The exigency to provide GIAA with legal services was eliminated by *temporary* stipulation of the parties. **Exhibit A.** The Court's March 11, 2003 order alludes to an exigency causing the modification of the Court's rules and issuance of the order expediting the briefing schedule.

---

[1] The Motion did *not* request an oral argument date nor time.
[2] In the Attorney General of Guam's January 28, 2003 letter to Defendant, he proposed entering into an agreement to provide a full-time, salaried Assistant Attorney General from the Office of the Attorney General, as well as a secretary and paralegal at a substantial cost savings to the Airport Authority. This was also intended to ensure a unified legal policy for all of the Government of Guam.

Page 2
*Memorandum of Points and Authorities in Support of Ex Parte Motion to Extend Deadline*
District Court of Guam Civil Case No. 03-0008

Case 1:03-cv-00008  Document 26  Filed 03/13/2003  Page 2 of 16

The second changed circumstance is that recently, on March 11, 2003, the Office of the Attorney General was advised that the request for exemption from the thirty-two (32) hour workweek was denied by the Governor of Guam. **Exhibit B.** Previously, immediately after the passage of Public Law Number 27-04, the Attorney General of Guam, on behalf of his deputies, assistants and staff, petitioned the Governor of Guam for exemption. **Exhibit B.** The Office of the Attorney General protects the Public's Interests through the following divisions:

1. General Crimes Division;
2. Government Corruption Division;
3. Civil Division (all solicitor, consumer protection, notary & litigation legal services);
4. Child Support Enforcement Division; *and*
5. Compiler of Laws Division.

With the recent mandatory and involuntary reduction in work hours, the Attorney General's Office was severely handicapped in its ability to perform its numerous duties under the law. Additionally, the priorities for the Office recently deteriorated to now protecting the Public's safety and trying to ensure child support enforcement. The Civil Division's ability to represent the Government of Guam under its current workload has been severely hampered by the Governor of Guam's refusal to exercise his statutory exemption authority from the thirty-two (32) hour workweek mandated by Executive Order Number 2003-03. Additionally, Civil Division lawyers are assisting the General Crimes and Government Corruption Division lawyers, including the undersigned counsel, to perform their prosecutorial duties.

The Office of the Attorney General was already understaffed and under budgeted when the elected Attorney General took office, with the recent budget law further depleting its

Page 3
*Memorandum of Points and Authorities in Support of Ex Parte Motion to Extend Deadline*
District Court of Guam Civil Case No. 03-0008

Case 1:03-cv-00008    Document 26    Filed 03/13/2003    Page 3 of 16

inadequate budget allocation for the last seven (7) months of the fiscal year. **Exhibit B.** The Office is now in a worse financial and operational condition, despite the numerous improvements and restructuring that the Attorney General has implemented since his inauguration on January 6, 2003. **Exhibit B.**

In addition to the foregoing reasons, the legal issues raised before this respected tribunal warrant careful research, drafting and argument. This Office is greater than any one individual, which the current Attorney General will one day relinquish to another Attorney General[3]. One of the several reasons why the undersigned counsel did *not* file a request for temporary restraining order was that as the first elected Attorney General on Guam, careful consideration must be given to the Congressional history behind the 1998 Amendment[4]. 48 U.S.C. § 1421g(d)(1). How the Court rules in this case will set the foundation for the capabilities and powers of this Organic Act Office to perform. Justice will not occur without due research, presentation and consideration.

One of the several reasons driving the 1998 Congressional Amendment was to insulate the Attorney General of Guam from local, political influence. Unlike the Public Auditor and Chief Prosecutor, the office of Attorney General had within the Organic Act its powers spelled out, *not* being relegated to legislative pronouncement. 48 U.S.C. § 1421g(d)(1). In this case not only has the legislature reduced the Office of the Attorney General's budget, but the Governor of Guam has recently reduced the Office's working hours by Executive Order

---

[3] He would probably earn more money working as a private practitioner, possibly for Defendant's counsel's firm, representing clients against the Attorney General of Guam. The Attorney General of Guam is often the only and last line of *professional* defense to guard the Public's Interest/Government of Guam against corruption and lawlessness.

[4] Further detailed Congressional history and case authority is provided in the March 7, 2003 Motion for Preliminary Injunction.

Page 4
*Memorandum of Points and Authorities in Support of Ex Parte Motion to Extend Deadline*
District Court of Guam Civil Case No. 03-0008

Case 1:03-cv-00008   Document 26   Filed 03/13/2003   Page 4 of 16

Number 2003-03. Now, the Office is having to redirect its diminishing resources to provide the Public with basic services, over protecting its intangible and unquantifiable powers granted by the U.S. Congress.

Then-Senator Elizabeth Barrett-Anderson's testimony in the very first Committee hearings on the 1998 Congressional Amendment reveal the concern that the Attorney General was a puppet of the executive. She testified that *"the people of Guam expect the Attorney General to protect their interest above all else. An appointed Attorney General, unfortunately, must respond to a great extent to the concerns of the Governor."* 7/24/96 Cong. Testimony, 1996 WL 10830029.[5] Over a year later, at the second round of Committee Hearings, then Senator and now Speaker Ben Pangelinan echoed this sentiment, *"[I]t has become inherently clear that the appointed Attorney General is not capable of isolating himself or herself from political interference."* 10/29/97 Cong. Testimony,1997 WL 16138742. Issuing a revised scheduling order in light of the changed circumstances would be in the interest of justice, and mitigate the fiscal adversities facing the attorneys and staff at the Office of the Attorney General.

The Attorney General of Guam was previously scheduled to depart Island to attend to government business in Washington, D.C. **Exhibit B.** One of the persons who the Attorney

---

[5] This may account for the first change that took place in the so-called "Elected Attorney General" law. Earlier versions of Bill No. 2370 contained a vastly different provision, one that would equate the Attorney General with the Public Prosecutor or the Public Auditor. The original language, presented in a March 1998 Bill, provided, "the Government of Guam may establish by law an Office of the Attorney General of Guam within the executive branch of the Government of Guam." This provision was later jettisoned, leaving the sentence, "the Attorney General of Guam shall be the Chief Legal Officer of the Government of Guam." Obviously, the notion to leave the creation of the Office up to the Legislature was rejected in favor of creating the Office right in the Organic Act. This was in response to testimony of the sort of Senator Barrett-Anderson's, that the Office needed to be responsive to the entire Island, *not* just to the Executive Branch.

Page 5
*Memorandum of Points and Authorities in Support of Ex Parte Motion to Extend Deadline*
District Court of Guam Civil Case No. 03-0008

Case 1:03-cv-00008     Document 26     Filed 03/13/2003     Page 5 of 16

General is scheduled to meet is the Secretary of the U.S. Department of Interior, Mrs. Gale A. Norton. The Attorney General is *not* scheduled to return until Monday, March 24, 2003. The undersigned counsel requires the Attorney General in order to assist in the protection of his Office's legal interests.

Neither Defendant nor his counsel will be adversely affected by the Court's issuing a revised scheduling order. A *temporary* stipulation was agreed to, preserving the status quo and providing counsel to GIAA, albeit not the People's counsel. This Court traditionally has not issued emergency relief unless an exigency existed, or to prevent immediate, irreparable injury. Moreover, Defendant's counsel is a private practioner who controls his profitability and budgetary allocations. The Attorney General of Guam at this time does not.

Taken cumulatively, the undersigned counsel respectfully requests that the Court grant a revised briefing schedule pushing back the briefing dates about thirty (30) days, and scheduling a new hearing date accordingly.

The undersigned counsel does *not* request a hearing on this motion.

Respectfully submitted this 13th day of March, 2003.

**OFFICE OF THE ATTORNEY GENERAL**
DOUGLAS B. MOYLAN, Attorney General of Guam

J. Basil O'Mallan, III
Assistant Attorney General, Civil Division

Page 6
*Memorandum of Points and Authorities in Support of Ex Parte Motion to Extend Deadline*
District Court of Guam Civil Case No. 03-0008

Case 1:03-cv-00008    Document 26    Filed 03/13/2003    Page 6 of 16

LAW OFFICES
# MAIR, MAIR, SPADE & THOMPSON
A PROFESSIONAL CORPORATION
SUITE 807, GCIC BUILDING
414 WEST SOLEDAD AVENUE
HAGÅTÑA, GUAM 96910

TELEPHONE (671) 472-2089/90
FACSIMILE (671) 477-5206

# URGENT

March 12, 2003

<u>**VIA FACSIMILE ONLY 472-2493**</u>

J. Basil O'Mallan, III, Esq.
Assistant Attorney General of Guam
Office of the Attorney General
120 West O'Brien Drive
Suite 2-200E, Guam Judicial Center
Hagåtña, Guam 96910

Re: <u>The Attorney General of Guam v. William R. Thompson, in his official capacity as Executive Manager of Guam Airport Authority</u>
District Court of Guam, Civil Action No. 03-00008

<u>A.B. Won Pat Guam International Airport Authority, by and through its Board of Directors v. Douglas B. Moylan, Attorney General of Guam</u>
Superior Court of Guam, Special Proceedings Case No. SP0055-03

Dear Basil:

The purpose of this letter is to confirm the substance of our phone conversation of today's date. You called me on the phone to discuss my letter to you dated March 10, 2003, wherein GIAA requested that it be allowed to retain independent counsel of its choosing in all matters until such time as GIAA and the Attorney General's Office finally resolve the dispute over GIAA's ability to retain independent counsel. During our phone conversation, you advanced the following offer:

1. GIAA will be permitted to retain interim independent counsel of its choosing;

2. The agreement by the Attorney General for GIAA to use interim independent counsel will expire when the preliminary injunction motion is heard by the District Court of Guam; and,



J. Basil O'Mallan, III, Esq.
March 12, 2003
Page 2

    3.    The use by GIAA of interim independent counsel will not be considered a waiver by the Attorney General or GIAA of any arguments relating to the dispute about the retention of independent counsel.

After you explained this offer, we discussed what might occur in the event that the District Court of Guam dismissed the federal case, and refused to hear the preliminary injunction motion. You then suggested that GIAA make a counteroffer. In response to this request, GIAA respectfully suggests that the parties agree to the following:

    1.    GIAA will be permitted to retain interim independent counsel of its choosing;

    2.    The agreement of the Attorney General for GIAA to use interim independent counsel will expire when the cases currently pending in the Superior Court of Guam and the District Court of Guam, which are identified above, are finally resolved; and,

    3.    The use by GIAA of interim independent counsel will not be considered a waiver by the Attorney General or GIAA of any arguments in any form or at any time relating to the dispute about the retention of independent counsel.

As discussed in my letter of March 10, 2003, GIAA maintains that it is **UNETHICAL** for the Attorney General's Office to take positions adverse to GIAA in litigation, and, at the same time, represent GIAA in unrelated matters. It is undisputed that GIAA is in desperate need of counsel in various matters, including certain bid protests that are currently pending in the Superior Court of Guam. A hearing is scheduled in a bid dispute case for March 14, 2003. An opposition brief is due in that case on March 17, 2003.

**GIAA, therefore, wishes to be advised of your position in this matter by noon on March 13, 2003.** If we do not here from you by that date, we will assume that the Attorney General and you intend to persist in your position that you may continue to represent GIAA in matters "unrelated" to the disputes in the cases referred to above, while at the same time seeking an injunction and other relief against GIAA in these cases. GIAA will then take whatever steps it deems necessary to protect its interests.

    Best regards,

    DAVID A. MAIR

DAM: lbc [L03230.dam]
cc:  Mr. Frank F. Blas
    Mr. William R. Thompson



**Office of the Attorney General**
**Douglas B. Moylan**
Attorney General of Guam
**Civil Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

Attorneys for the Government of Guam

# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| THE ATTORNEY GENERAL OF GUAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WILLIAM R. THOMPSON, in his official ) <br> capacity as Executive Manager of Guam ) <br> Airport Authority, ) <br> ) <br> Defendant. ) <br> ) | Civil Case No. 03-00008 <br><br> **DECLARATION OF ATTORNEY GENERAL OF GUAM** |

I, **Douglas B. Moylan**, declare:

1. I am the plaintiff in the above action.

2. I make this Declaration from my personal knowledge and would so testify if called upon to do so.

3. On November 5, 2002 I was elected as the first Attorney General of Guam. On January 6, 2003 I was inaugurated into Office.

Page 1
*Declaration of Attorney General of Guam*
District Court of Guam Civil Case No. 03-0008



EXHIBIT B

4. Attached as **Exhibit 1** is a copy of the Executive Order Number 2003-03, which is now being used to further Public Law Number 27-04, "An Act Relative to Authorization and Implementation of a Thirty-two (32) Hour Work-week for Government of Guam Employees."

5. On February 24, 2003 the undersigned petitioned via the attached letter, **Exhibit 2**, the Governor of Guam to exempt the Office of the Attorney General attorneys and support staff from the effects of Executive Order Number 2003-03.

6. Prior to the Court's March 11, 2003 order and the stipulation establishing the April 4, 2003 motion date between the attorneys in this case, oral assurances were made by the Office of the Governor that the undersigned would be granted discretion to determine who would be exempted from Executive Order Number 2003-03.

7. On March 11, 2003 the undersigned was informed by the Office of the Governor that the Governor elected *not* to exempt the Office of the Attorney General, or any of its personnel, from Executive Order Number 2003-03. The Department of Administration has orally informed my Office's personnel administrator, Mr. David Gumataotao, that salary checks to be issued on Friday, March 14, 2003 will reflect a thirty-two (32) hour workweek reduction. Today, I informed my deputies, attorneys and staff that they will be entitled to two (2) days leave given the date of when the Executive Order will be applied to our Office. Previously, they did not take any reduction in hours due to my reliance upon the assurances of the Office of the Governor.

8. Because of the application of the thirty-two (32) hour workweek policy, I am forced to reduce services provided to the Government of Guam to protect the Public's Interests. I am rededicating the Office's already depleted resources towards protecting Public safety and child support. The Civil Division attorneys are being tasked to maintain their already heavy workload.

9. The Superior Court of Guam and the U.S. District Court of Guam have *not* adjusted their five (5) day court calendars to accommodate the reduction in work hours of the Office of the Attorney General, which operates on a thirty-two (32) hour work week (4 days).

10. Since my January 6, 2003 inauguration, I learned that the Office was extremely understaffed and under-budgeted. The recent budget law and Executive Order Number 2003-03 only caused further injury to my ability to perform the Office's numerous duties.

11. There is a real and present danger that the Office of Attorney General will loose additional lawyers, who are overworked and underpaid. Eight (8) years ago the Office maintained about forty-five (45) lawyers performing services for the Government of Guam. We currently have only twenty-seven (27) lawyers Office-wide, with two (2) lawyers in the General Crimes Division set to resign by month's end.

12. I have previously directed the attorneys in the Civil Division to assist the General Crimes and Government Corruption Divisions, which handle criminal prosecutions on Guam, because of the severe shortage of prosecutors in those Divisions.

13. In attempting to manage the severely diminished legal and clerical resources of my Office, I have instructed my deputies to ensure that no attorney is exposed to any form of malpractice, sanctions, or "burn out" even if their decision results in reducing our legal services which were previously offered to the Public and the Government of Guam entities.

14. For several weeks now, a trip to Washington D.C. has been planned to conduct Government business. I am scheduled to meet with Mrs. Gale A. Norton, the Secretary of the U.S. Department of the Interior. I am scheduled to depart Island for about one (1) week, from March 15, 2003 until the evening of March 24, 2003.

1     I declare, under penalty of perjury, this 12th day of March, 2003 that the foregoing is true
2 and correct to the best of my knowledge.

                                              */s/ Douglas B. Moylan*
                                              **Douglas B. Moylan**
                                            **Attorney General of Guam**



**OFFICE OF THE GOVERNOR**
**HAGÅTÑA, GUAM 96910**
**U. S. A.**

### EXECUTIVE ORDER NO. 2003-03

**RELATIVE TO REDUCING THE GOVERNMENT OF GUAM WORK WEEK TO 32 HOURS IN ORDER TO PRESERVE THE HEALTH, SAFETY AND WELFARE OF THE PEOPLE OF GUAM.**

WHEREAS, the island of Guam has been in a severe economic recession over the last ten years; and

WHEREAS, government of Guam's revenues have declined by over $200 million in the last decade of which $129 million, over 60%, has occurred within the last five years; and

WHEREAS, in the aftermath of Typhoon Chatu'an and Supertyphoon Pongsona, the government of Guam's budgetary shortfall for fiscal year 2003 is expected to reach a level of $172 million with a potential for further decline with the continuing uncertainties in Iraq and North Korea; and

WHEREAS, the government of Guam's prior years' cash obligations as of November 2002 were determined to be at a level of $110 million and climbing; and

WHEREAS, the government of Guam over the past ten years has failed to adjust its expenditures to keep in tune with these economic realities; and

WHEREAS, the government of Guam over the years has failed to make timely vendor payments; has failed to make gross payment on payroll to include retirement benefits, insurance benefits, and withholding taxes; and

WHEREAS, the cash in support of allotments that are available to the Executive, Legislative, and Judicial branches of the government, to include those with General Fund subsidies, e.g. UOG and GCC, will not cover the expenses of the current payroll throughout this fiscal year; and

WHEREAS, the overall cash shortfall has reached alarming proportions threatening payroll and the delivery of essential services of public health and safety; and

WHEREAS, the continued delay in implementing the revenue enhancement and cash infusion proposals enumerated in the Governor's revised financial plan submitted on February 10, 2003, to the Guam Legislature has created a worsening situation; and

WHEREAS, immediate action is necessary in order for the government to fulfill its primary obligation under the Organic Act to ensure the health, safety, education, and general welfare of the people of Guam; and

WHEREAS, there is no other option now available to meet the cash needs of the government of Guam for this fiscal year without implementing work-week reductions and other initiatives to reduce personnel cost; and

NOW THEREFORE, I, FELIX P. CAMACHO, I'Maga' Lahen Guåhan, Governor of Guam, by virtue of the authority vested in me by the Organic Act of Guam, as amended, do hereby declare and order the following:



EXHIBIT 1



1. Effective Monday, February 24, 2003 all non-critical government employees that are funded by the General Fund, in whole or in part, shall have their work hours reduced to 32 hours a week.
2. The Governor, in consultation with the Department Directors, shall determine the status of any employee as critical or non-critical. The Governor may change the status of any employee as the needs of the government dictate.
3. Critical employees, for the immediate purposes of this Executive Order, are identified as follows:
    a. Teachers who are directly involved in classroom instruction
    b. All health and safety uniformed personnel, including:
        i. Police Officers
        ii. Fire Fighters
        iii. Customs Officers
        iv. Correctional Officers
    c. Doctors
    d. Nurses
    e. The Tax Service and Tax Enforcement Division of the Department of Revenue and Taxation
4. The immediate designations herein are subject to change as provided in Item 2 of this Order.
5. Directors of the government agencies and departments shall ensure that operations of their respective department or agency will comply with 4 GCA § 4120.
6. Directors of each respective agency or department shall immediately prepare a furlough plan.
7. Notwithstanding the development of a furlough plan, the Directors of each respective agency or department shall additionally immediately prepare a department-wide layoff plan.
8. Those departments and agencies that are not funded by the General Fund will not be affected by this Executive Order.

SIGNED AND PROMULGATED, this 20th of February 2003.

FELIX P. CAMACHO
*I'Maga' Lahen Guåhan*
Governor of Guam

COUNTERSIGNED:

Kaleo S. Moylan
*Segundu Maga' Lahen Guåhan*
Lieutenant Governor of Guam

 

## Office of the Attorney General

Douglas B. Moylan
Attorney General of Guam
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

February 24, 2003

**VIA FACSIMILE**
**671-477-4826**

**The Honorable Felix P. Camacho**
*I Maga'lahen Guåhan*
Office of *I Maga'lahen Guåhan*
P.O. Box 2950
Hagåtña, Guam  96910

SUBJECT:  BILL NO. 1 (1-S); REDUCED WORKWEEK - AG'S OFFICE

Dear Mr. Governor:

In reference to the above legislation, which I understand may be signed by you today, or may already have been executed, the undersigned respectfully requests that I be given the authority to determine reduced workweek hours for the Office of the Attorney General.

This request is in light of your Executive Order, which already authorized the undersigned to determine this particular matter. We are unaware at this time whether you intend to execute another executive order in light of Bill Number 1 (1-S), *however*, respectfully request the continued authority to administer this Office's personnel.

The Office of the Attorney General, since the undersigned's inauguration on January 6th 2003, performs critical and necessary functions relative to the Public's "Health and Safety," that would be adversely and detrimentally affected if our workweek hours were reduced. The Government of Guam, under this Office, employs 110 personnel. Of the 110 people, 12 are fully federally funded, and 41 are partially Federally funded in our Child Support Enforcement Division (2/3 paid Federal, 1/3 paid local funds). The remaining 57 people comprise our General Crimes, Government Corruption, Civil and Compiler of Law's Divisions.

**EXHIBIT 2**

It is without question that the General Crimes and Government Corruption (1 shared attorney who also performs General Crimes work) Divisions (Prosecution) perform a "Safety" function for the Community. Locally funded attorneys and staff in these criminal prosecution divisions total 33. According to the legislation, "safety and health" related positions do *not* fall within the workweek reduction parameters. Further, the Civil Division (15 attorneys & support staff) with our administration (7 employees & 1 part-time, includes undersigned) is already understaffed with 23 attorneys and support staff, total.

The Civil Division is expected to maintain ongoing litigation on behalf of the *entire* Government of Guam and render it legal advice. The Judges and Justices in the local and Federal Courts still are maintaining their five day calendar and a reduction in work hours for the attorneys or support staff would irreconcilably handicap the Government's interests. As for the Compiler of Laws Division, there is only 1 employee there, who is Mr. Charles Troutman, the Compiler of Laws, and his Division was reduced from 9 staff to only Mr. Troutman by the last Administration.

We expect that because of the ongoing poor economic conditions and the Government's new workweek reduction plan that the following areas of this Office's duties will dramatically increase: child support modification motions stimulating court action (changing incomes used to calculate child support); child support complaints (users of the child support services); civil litigation and legal opinion requests from Government agencies and departments (debt collection, government claims, civil service grievances, etc.); and criminal activity related to theft, drug usage, DUI, property crimes, and family violence, to name just a few. Over the past month our Office has practically doubled the case filings in our Crimes and Child Support Enforcement Divisions, according to the Superior Court of Guam's Administrative Director.

When the undersigned took Office in January, it was blatantly apparent that the last Administration severely crippled our operations. From lacking attorneys to support staff, Office-wide. Therefore, we request that you please permit the undersigned to exercise my managerial authority over this Office to cut costs where possible, although highly unlikely in the personnel area in order to perform our legal duty to represent the Government of Guam's legal interests.

Without eliminating the possibility of imposing a forced reduction in workweek hours, I have already circulated a memorandum requesting voluntary reduction in work hours for people who may already wish such an arrangement. In sum, I respectfully ask that you please afford the undersigned the ability to maximize our labor and material resources.

*Thank you.*

Sincerely,

Douglas B. Moylan