MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090

Attorneys for Defendant William R. Thompson,
 in his official capacity as Executive Manager
 of the A.B. Won Pat Guam International Airport Authority



FILED
DISTRICT COURT OF GUAM
MAR 13 2003
MARY L. M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| THE ATTORNEY GENERAL OF GUAM, ) ) ) Plaintiff, ) ) v. ) ) WILLIAM R. THOMPSON, in his ) official capacity as Executive ) Manager of the Guam Airport ) Authority, ) ) Defendant. ) ) | CIVIL ACTION FILE NO. 03-00008 <br><br> **WILLIAM R. THOMPSON'S OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION FOR ADDITIONAL TIME** |

### INTRODUCTION

The Attorney General has verbally informed Defendant's counsel that the

Attorney General intends to file an *ex parte* application for an extension of time permitting him

to file opposition briefs to the currently pending motions to dismiss beyond the current

1

ORIGINAL

deadline of Monday, March 17, 2003. Defendant opposes this motion for the reasons stated herein.

## DISCUSSION

The Attorney General can hardly be heard to argue that his office lacks the staff or expertise to handle the deadlines imposed by the Court. In his motion for preliminary injunction, the Attorney General stated that his office "has a long history of litigation and non-litigation experience."[1]

In addition, the gist of the Attorney General's contention in this case is that his office is fully capable of representing all of the Government of Guam and the distinct and independent government agencies. The fact that the Attorney General's Office now claims to be unable to handle the briefing schedule in a single lawsuit is perhaps the best evidence to refute the contentions of the Attorney General regarding the capabilities of his office.

It is inconsistent for the Attorney General to argue in his court pleadings that "every day that the Airport Authority . . . does not have the benefit of the Attorney General's representation . . . the People are irreparably damaged,"[2] and, at the same time, attempt to delay the resolution of this case. Contradictory positions of this type should not be tolerated by the Court.

This is the Attorney General's lawsuit, not the Defendant's. The issues in the motions to dismiss should not be difficult for the Attorney General to brief. The Attorney

---

[1] Motion for Preliminary Injunction, filed 03/05/03 at 17.

[2] Motion for Preliminary Injunction filed 03/05/03, at 16.

2

General should be prepared to timely explain why he has sued the Defendant, rather than the A.B. Won Pat Guam International Airport Authority. Furthermore, like any litigant, the Attorney General should be prepared to discuss why this Court has jurisdiction. Jurisdiction is a threshold issue which parties should always be ready to address.

Finally, all parties to this litigation agree that the matter before the Court is of great public interest and concern. After reviewing the pleadings in this case, the Court itself concluded "that these matters must be expedited."[3] The Court advised all parties to "comply with these deadlines" or it "may result in appropriate sanctions."[4]

### CONCLUSION

Defendant respectfully submits that the Attorney General is simply trying to delay the inevitable--the dismissal of this action. The current schedule for briefing and argument should not be changed.

Respectfully submitted this 13th day of March, 2003.

**MAIR, MAIR, SPADE & THOMPSON**
A Professional Corporation
Attorneys for Defendant William R. Thompson,
 in his official capacity as Executive Manager of the
 A.B. Won Pat Guam International Airport Authority

By: _____
    **DAVID A. MAIR**

P03225.dam

---

[3] Order filed 03/11/03, at 1.

[4] Order filed 03/11/03, at 2.

3