

**Office of the Attorney General**
**Douglas B. Moylan**
Attorney General of Guam
**Civil Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

**Attorneys for the Government of Guam**



F I L E D
DISTRICT COURT OF GUAM

MAR 1 3 2003

MARY L. M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| THE ATTORNEY GENERAL OF GUAM, | Civil Case No. 03-00008 |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MOTION FOR CLARIFICATION & RULE 60(b) MOTION FOR RELIEF FROM ORDER** |
| WILLIAM R. THOMPSON, in his official capacity as Executive Manager of Guam Airport Authority, | |
| Defendant. | |

Pursuant to Local Rule 7.1 Plaintiff, the Attorney General of Guam, hereby moves this Court for a clarification of its Order Sealing Confidential Communications. Plaintiff further moves the Court pursuant to Rules 60(b)(3) and (6) of the Federal Rules of Civil Procedure (misrepresentation by an adverse party and any other reason justifying relief from the operation of the (order)).

In its order the court instructs, "*[T]hat the Plaintiff shall substitute in Place of Exhibit 1 a new exhibit which redacts <u>any confidential or privileged communication</u> between Defendant, GIAA, the Attorney General or his office.*" (Emphasis added.)

Page 1
*Plaintiff's Motion for Clarification & Rule 60(B) Motion for Relief from Order*
District Court of Guam Civil Case No. 03-0008

ORIGINAL

Case 1:03-cv-00008    Document 20    Filed 03/13/2003    Page 1 of 21

On March 11, 2003 the Court issued an order in response to Defendant's counsel's *Ex Parte* Motion to Redact and Seal Confidential Communications. The parties prior to the issuance of the Court's order stipulated to *temporarily* seal Exhibit 1 of the complaint in order to permit the undersigned counsel to oppose the application in writing as well as present oral argument[1].

In analyzing whether a violation of the Attorney-Client privilege occurred, one must initially determine whether there was even an attorney-client relationship to begin with, then move to determine what information was disclosed and if that information falls within the protections afforded by the attorney-client relationship. <u>In Re Lindsey</u>, 158 F.3d 1263, 332 U.S.App.D.C. 357 (1998).

Because the office of an elected Attorney General of Guam is newly created[2], and this jurisdiction does *not* have case authority *directly* answering these questions relative to this Federally created Public Office, the undersigned respectfully requests this Federal Court's learned consideration.

---

[1] At the time the Court's March 11, 2003 order was received, the parities were finalizing the stipulation.

[2] 48 U.S.C. § 1421g(d)(1) was passed in 1998. The election for Guam's first elected Attorney General was held on November 5, 2002, with an inauguration on January 6, 2003.

*Plaintiff's Motion for Clarification & Rule 60(B) Motion for Relief from Order*
District Court of Guam Civil Case No. 03-0008

# I.

## Defendant's Counsel Misrepresented a Material Fact to the Court.

Either Defendant's counsel waived the attorney-client privilege on behalf of his client, or Defendant's counsel violated the attorney-client privilege. Additionally, Defendant waived the attorney-client privilege when, despite having been already represented by counsel, handed the letter over to the Attorney General of Guam.

There was no attorney-client relationship at the time Defendant gave his letter to Plaintiff. As the attached **Exhibit A** states, Plaintiff had been informed on January 29, 2003 by Defendant's counsel, that Defendant was already represented by counsel. Although the issue of whether Defendant has authority to retain independent counsel is still being adjudicated, that does *not* negate the effect of **Exhibit A** on Plaintiff. Toward that end, Plaintiff limited his conversations to the Guam Procurement Act, whereby the Attorney General reviews the award of bids. **Exhibit B.**

There is no part of the exhibit that is confidential or privileged since there was no attorney-client relationship on which to base the privilege. The material defendant wants redacted was in a letter from Defendant to the Attorney General, which also references an attached report. Defendant claims that disclosure of the material violated the attorney-client privilege. In fact, even *if* it were privileged, which the undersigned counsel does *not* concede, *infra*, Defendant's counsel violated his own attorney-client privilege with Defendant and the Guam International Airport Authority ("GIAA") for having drafted the agreement attaching the document, or his client waived it by presenting it to the Attorney General of Guam to solicit his approval to resolve the bid dispute. **Exhibit B.** In fact, Defendant took no efforts to contact the undersigned counsel nor the Attorney General to keep the documents confidential, knowing them to have been confidential and now indignantly professing error. **Exhibit B.**

Page 3
*Plaintiff's Motion for Clarification & Rule 60(B) Motion for Relief from Order*
District Court of Guam Civil Case No. 03-0008

Case 1:03-cv-00008   Document 29   Filed 03/13/2003   Page 3 of 21

Finally, one questions why Defendant's counsel notified the Attorney General on January 29, 2003 that he represented GIAA (**Exhibit A**), then drafts a letter for his client requesting the Attorney General's services. Apparently, Defendant, Defendant's counsel and GIAA may have realized subsequent to their January 29, 2003 letter that the Guam Procurement Law does *not* permit the retention of legal services without the consent of the Attorney General, nor the payment of government funds without a proper procurement and certification of funds available[3]. According to Guam Procurement Law § 5121(b) of Title 5 of the Guam Code Annotated, the Attorney General is given sole discretionary authority to approve legal service contracts in the Executive Branch[4].

## II.

## No Attorney-Client Relationship Existed.

Defendant's communication of his desire to settle the two (2) bid protest cases is also not covered by the attorney-client privilege. "The attorney-client privilege protects communications made between clients and their attorneys when the communications are for the purpose of securing legal advice or services," In Re Lindsey, 158 F.3d 1263, 1267, citing In Re Sealed Case, 737 F.2d 94 (D.C.Cir. 1998). This desire was necessary in order to support his request under 5 G.C.A. § 5425(g)(1) to secure the Attorney General's approval to settle the bid protest. Infra.

---

[3] This supports the contention that the Attorney General does *not* represent government officials who may have engaged in wrongdoing, given the Attorney General's criminal prosecutorial authority to protect the Public's Interests. Infra.

[4] The Attorney General does not concede, *however*, that this 1980 procurement law legislation is necessary given the U.S. Congress' common law creation and empowerment of the position in 1998 in the Organic Act of Guam. 48 U.S.C. § 1421g(d)(1).

Page 4
*Plaintiff's Motion for Clarification & Rule 60(B) Motion for Relief from Order*
District Court of Guam Civil Case No. 03-0008

Case 1:03-cv-00008    Document 29    Filed 03/13/2003    Page 4 of 21

The <u>Lindsey</u> court further articulated the circumstances when the privilege attaches. "[T]he privilege applies only if the person to whom the communication was made 'is a member of the bar of a court' who 'in connection with the communication is acting as a lawyer' and the communication was made 'for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding.'" <u>Lindsey</u> 158 F.3d 1263 at 1270.

Based upon **Exhibit A**, it is clear that Defendant was neither seeking legal services nor seeking assistance in some legal proceeding. He already had private retained counsel. His letter further makes it clear that he was *not* asking the Attorney General for an opinion of law, as the tone of his letter is one of simply informing the Attorney General of his intentions with respect to his resolution of the bid award, and submitted the attachments as justification for his request for the Attorney General to exercise his adjudicative authority under 5 G.C.A. § 5425(g)(1). When he presented his letter to the Attorney General, he also intimated that it had been prepared by an attorney. **Exhibit B.**

Finally on this issue, the <u>Lindsey</u> court limited privileged communications to only those instances when the communication was to an attorney acting as an attorney. In this particular circumstance the Attorney General dons a different hat – one as an arbiter or adjudicator pursuant to the Guam Procurement Law. "When one consults an attorney not as a lawyer but as a friend or as a business adviser or banker or negotiator…the consultation is not professional nor the statement privileged." <u>Id.</u> at 1270.

Defendant contends that his February 13, 2003 letter was confidential. *However,* when one **carefully** examines said letter, it is patently clear that the correspondence responded to the Attorney General's January 28, 2003 request to execute a memorandum of understanding *and* to request the Attorney General's <u>discretionary</u> approval required pursuant to the Guam Procurement Law. 5 G.C.A. § 5425(g)(1). **Exhibit B.** That approval was *not* to be issued

Page 5
*Plaintiff's Motion for Clarification & Rule 60(B) Motion for Relief from Order*
District Court of Guam Civil Case No. 03-0008

Case 1:03-cv-00008    Document 29    Filed 03/13/2003    Page 5 of 21

"The Attorney General and his Assistant Attorney Generals assume functions of legal counsel only as authorized by statute, <u>and thus are not in the same category as private lawyers, who may represent whom they choose</u>, subject to the Code of Professional Responsibility." (Emphasis added).

Under Defendant and his counsel's analysis, had Defendant in his *unsolicited* letter to the Attorney General of Guam stated therein that Defendant's Agency illegally or improperly acted, the Attorney General would now be barred from taking remedial or prosecutorial action, since it was protected by an attorney-client privilege. Taken further, had Defendant disclosed any criminal conduct, then the Attorney General would now be ethically barred from acting against the interests of Defendant or his Agency, such as prosecuting them. On the contrary, the Attorney General may halt legally unauthorized actions of entities that otherwise would be the Attorney General's client. <u>Frohnmayer v. State Accident Ins. Fund</u>, 294 Or. 570, 660 P.2d 1061 (1983); <u>Attorney General of Georgia v. The State Bar of Georgia</u>, Civ. Action No. 87-9032-2 Super. Ct. (1987). When Defendant transmitted the letter to the Attorney General, not only was it *not* in the context of an attorney-client communication, *supra*, but he had no legal expectation that the Attorney General would act to protect his or his agency's particular interests, which the Attorney General deemed were *not* in protecting the Public's interests. *However*, again, the information disclosed by Defendant was *not* in the context of even being communicated in confidence for a confidential legal opinion from the Attorney General, but disclosed to persuade the Attorney General under 5 G.C.A. § 5425(g)(1) to exercise his independent discretionary authority as an officer under the Guam Procurement Law to protect the Public's interests.

---

Attorney General. Further, the Attorney General is an elected official who is mandated by the U.S. Congress to the Chief Legal Officer of the "Government of Guam."

Page 7
*Plaintiff's Motion for Clarification & Rule 60(B) Motion for Relief from Order*
District Court of Guam Civil Case No. 03-0008

Case 1:03-cv-00008    Document 29    Filed 03/13/2003    Page 6 of 21

by any agency's retained legal counsel, such as Attorney Mair (**Exhibit A**), but by the terms of the Guam Procurement Law, secured from the Attorney General of Guam. In this respect, the Attorney General of Guam was given quasi-judicial authority to review documentation and issue a written determination that awarding of a bid under protest was in the best interests of the "Territory," aka Public.

The Attorney General of Guam is the "*Chief Legal Officer of the Government of Guam.*" 48 U.S.C. § 1421g(d)(1). The code of professional conduct does *not* apply to the Attorney General or his assistants as it "<u>normally</u>" would apply to private lawyers[5]. In <u>Connecticut Commission on Special Revenue v. Connecticut Freedom of Information Comm'n.</u>, 174 Conn. 308, 318-319, 387 A.2d 533, 537 (1979) the court stated towards the foregoing proposition,

> "The Attorney General is in a unique position .... <u>This special status of the Attorney General where **the people of the state are his clients** cannot be disregarded in considering the application of the code of professional responsibility to the conduct of his office.</u>" (Emphasis added).

In <u>Connecticut Freedom of Information Comm'n.</u> the court refused to find the Attorney General violated the Code in representing Appellee and Appellant state agencies – recognizing – "*if the AG is to have unqualified role of chief legal officer of the state, he or she must be able to direct the legal affairs of the state and its agencies.*" <u>See also</u> <u>Brown v. Oregon State Bar</u>, 53 Or.App. 749, 632 P.2d 1338 (1981).

The Attorney General represents the state, *not* simply the view of one agency or officer of the larger state entity. In <u>Gibson v. Johnson</u>, 35 Or.App. 493, 582 P.2d 452 (1978) the Oregon appellate courts held,

---

[5] The Attorney General does *not* assert that he is wholly exempt from the Guam Code of Professional Conduct, *however* points out that other jurisdictions have not wholly applied the rules as applied to private counsels to an

Page 6
*Plaintiff's Motion for Clarification & Rule 60(B) Motion for Relief from Order*
District Court of Guam Civil Case No. 03-0008

Case 1:03-cv-00008   Document 29   Filed 03/13/2003   Page 7 of 21

Once the documents were turned over to the Attorney General under 5 G.C.A. § 5425(g)(1), which statutory reference was expressly identified by Defendant in his February 13, 2003 letter, these documents became part of the Public Record. 5 G.C.A. §§ 5249(a) and 5251 (records public). *Moreover*, even *if* the procurement-related documents submitted by Defendant to the Attorney General in his capacity as a procurement officer, were *not* protected, which the undersigned counsel does not concede, the analysis would not fall within the attorney-client privilege, but what documents are public under the Sunshine Reform Act of 1999.

The facts of this case, *however*, do not even rise to the level of an attempt to create an attorney-client relationship. The letter quite obviously sought the Attorney General's independent and necessary approval as the lawyer guarding the Government of Guam's interests under the Guam Procurement Law, 5 G.C.A. § 5425(g)(1). Defendant's desire to award a contract under protest under the Guam Procurement Law required the Attorney General's independent consent. Id. The letter did *not* seek to secure the Attorney General's legal advice on whether to award the bid or *not*. The documents attached to Defendant's February 13, 2003 letter were proffered to convince the Attorney General to approve the award, not for his legal advice.

The Attorney General represents the state, *not* simply the view of one agency or officer of the larger state entity. In <u>Gibson v. Johnson</u>, 35 Or.App. 493, 582 P.2d 452 (1978) the Oregon appellate courts clearly stated,

> "The Attorney General and his Assistant Attorneys General assume functions of legal counsel only as authorized by statute, and <u>thus are not in the same category as private lawyers, who may represent whom they choose</u>, subject to the Code of Professional Responsibility." (Emphasis added).

Page 8
*Plaintiff's Motion for Clarification & Rule 60(B) Motion for Relief from Order*
District Court of Guam Civil Case No. 03-0008

Case 1:03-cv-00008    Document 29    Filed 03/13/2003    Page 8 of 21

In State of Fla. *Ex rel.* Shevin v. Exxon Corp., 526 F.2d 266, 270 (5th Cir. 1976) the Federal Circuit Court held that,

> "The Attorney-General is the attorney and legal guardian of the people, or of the crown, according to the form of government. His duties pertain to the Executive Department of the State, and it is his duty to use means most effectual to enforcement of the laws, and the protection of the People, whenever directed by the proper authority or when occasion arises ... the office of the Attorney-General is a public trust. ... In this confidence he has been endowed with a large discretion, not only in cases like this, but in other matters of public concern. The exercise of such discretion is in its nature a judicial act, from which there is no appeal, and over which the courts have no control."

See also, Shevin v. Yarborough, 257 So.2d 891 (Fla. 1972). Under these cases it is patently clear that the law does not permit an attorney-client relationship from forming, nor a reasonable expectation one could exist. Again, factually, the analysis doesn't even arise to this level due to Defendant's expressly requesting approval from the Attorney General under 5 G.C.A. § 5425(g)(1).

Defendant and his counsel erroneously argued in their motion the standard applied to private lawyers, who have no Organic Act duty to be the "*Chief Legal Officer of the Government of Guam.*" 48 U.S.C. § 1421g(d)(1). To this extent, in 1998 the U.S. Congress abrogated any professional rule of conduct for the Attorney General limiting his professional license to solely representing the Government of Guam's interests, no one else.

Defendant's letter can be broken into three (3) parts:

    (1)    rejecting the Attorney General's request to provide GIAA with legal services;

    (2)    requesting the Attorney General to represent GIAA pending their securing private independent counsel[6]; *and*

---

[6] In afterthought, Defendant's counsel may have been scrambling to get paid since the work he would be doing since January 29, 2002 would, arguably, *not* be reimbursable without a proper contract procured under the Guam

Page 9
*Plaintiff's Motion for Clarification & Rule 60(B) Motion for Relief from Order*
District Court of Guam Civil Case No. 03-0008

1    (3)    requesting for the Attorney General's discretionary approval as an

2    official in the Government of Guam Procurement System.

3    The first part of the letter (pages 1-2) explaining the reasons why GIAA was declining

4    the Attorney General's services clearly is contrary to establishing an attorney-client

5    relationship. This simply was responding to the Attorney General's request. **Exhibit B.**

6    The second matter contained in the letter was a single sentence requesting temporary

7    legal services until their request for proposal was completed to retain private legal counsel. No

8    additional information was disclosed.

9    The third matter, and what was the primary focus of Defendant's counsel's motion, was

10   that the attachment improperly disclosed confidential information. *However*, as cited by

11   Defendant himself, he was requesting the approval to award a bid pursuant to a requirement in

12   the Guam Procurement Law (5 G.C.A. § 5425(g)(1)) that a government agency secure the

13   approval by the Attorney General of Guam. The approval sought was *not* as an attorney for

14   Defendant, but in the Attorney General of Guam's official capacity as a government official in

15   order to have the Attorney General exercise his adjudicative discretion. The Attorney General

16   was *not* in any way acting as Defendant's attorney, *and* would be nonsensical to ask one's own

17   attorney for permission to perform an act required by law. The Attorney General under 5

18   G.C.A. § 5425(g)(1) wears a separate hat to protect the government's (Public's) interest to

19   prevent the awarding of illegal procurements.

20

21   Title 5 G.C.A. § 5425(g)(1), cited by Defendant in his February 13, 2003 letter, plainly

22   states,

23

24

25   Procurement Law, hence the subsequent GIAA request for proposal for legal service which was only awarded recently.

"**Section 5425.      Authority to Resolve Protested Solicitations and Awards.**

(g)      In the event of a timely protest under Subsection (a) of this Section or under Subsection (a) of § 5480 of this Chapter, the Territory shall not proceed further with the solicitation or with the award of the contract prior to final resolution of such protest, and any such further action is void, unless:

(1)      The Chief Procurement Officer or the Director of Public Works after consultation with and written concurrence of the head of the using or purchasing agency **and the Attorney General** or designated Deputy Attorney General, **makes a written determination that the award of the contract without delay is necessary to protect substantial interests of the Territory**; and" (Emphasis added).

As the <u>Lindsey</u> court held, the attorney-client privilege *only* attaches when the communication is to an attorney acting as an attorney. <u>In Re Lindsey</u>, 158 F.3d 1263, 332 U.S.App.D.C. 357 (1998). In this situation Defendant was already represented by counsel and was *only* seeking approval of a possible resolution of a bid protest by the Attorney General in his quasi-judicial capacity.

Finally, our Government maintains a clear policy of openness and free access to government documents. Unless documents fall within a clear privilege, the Court should err in favor of the free and open access to government procurement.

Page 11
*Plaintiff's Motion for Clarification & Rule 60(B) Motion for Relief from Order*
District Court of Guam Civil Case No. 03-0008

Case 1:03-cv-00008      Document 29      Filed 03/13/2003      Page 11 of 21

## CONCLUSION.

Guam's first elected Attorney General cannot indiscriminately be treated as a private lawyer otherwise would under an ethical code passed by local legislative enactment. Not only has Congress designated under what duties Guam's Attorney General must operate under, but the legislature placed legal obligations, such as exercising bid protest resolution authority, upon this Office. Further, since the recent creation of the public office of elected Attorney General, this jurisdiction does *not* have case authority directly answering certain questions.

For the foregoing reasons, the undersigned counsel requests that the Court maintain Exhibit 1 in the complaint. Plaintiff's counsel has no objection to the elimination of all exhibits that were attached to Exhibit 1, but does *not* concede that any attorney client relationship was formed since the Attorney General did *not* agree to any consultation with Defendant, nor receive any confidential communication from Defendant to be protected under any attorney-client privilege.

It is clear to the undersigned counsel that Defendant's counsel concealed a material fact from the Court that Defendant was already represented by counsel and has used the instant Motion to Seal, mischaracterizing the letter and facts, in an attempt to discredit the Office of the Attorney General and Plaintiff.

If the Court should disagree with Plaintiff's position on this matter, Plaintiff respectfully requests clarification from the Court on what should be redacted from the exhibits filed with the Complaint. The proposed order that was submitted by Defendant is vague, and the suggested redactions which were attached to the proposed order are overbroad.

Page 12
*Plaintiff's Motion for Clarification & Rule 60(B) Motion for Relief from Order*
District Court of Guam Civil Case No. 03-0008

Case 1:03-cv-00008    Document 29    Filed 03/13/2003    Page 12 of 21

Respectfully submitted this 13th day of March, 2003.

**OFFICE OF THE ATTORNEY GENERAL**
DOUGLAS B. MOYLAN, **Attorney General of Guam**

J. Basil O'Mallan, III
Assistant Attorney General, Civil Division

Page 13
*Plaintiff's Motion for Clarification & Rule 60(B) Motion for Relief from Order*
District Court of Guam Civil Case No. 03-0008

Case 1:03-cv-00008     Document 29     Filed 03/13/2003     Page 13 of 21

LAW OFFICES

## MAIR, MAIR, SPADE & THOMPSON

A PROFESSIONAL CORPORATION

SUITE 807, GCIC BUILDING
414 WEST SOLEDAD AVENUE
HAGÅTÑA, GUAM 96910

TELEPHONE (671) 472-2089/90
FACSIMILE (671) 477-5206

**RECEIVED**

JAN 2 9 2003

ATTORNEY GENERAL'S OFFICE

January 28, 2003

**VIA HAND DELIVERY**

Douglas B. Moylan, Esq.
Attorney General of Guam
OFFICE OF THE ATTORNEY GENERAL
Suite 2-200E, Guam Judicial Center
120 West O'Brien Drive
Hagåtña, Guam 96910

> Re:   **Request for Appointment as Special Assistant Attorney General**
>
> **Black Construction Corp. v. Government of Guam and International Bridge Corp./Nippon Hodo Co., Ltd.**
> **Superior Court of Guam; Civil Case No. CV1075-02; and,**
> **International Bridge Corp./Nippon Hodo Co., Ltd. v. Government of Guam and Black Construction Corp.**
> **Superior Court of Guam: Civil Case No. CV1550-02**
> **GIAA Parallel Taxiway Project No. GIAA-FY98-08-2**
> **AIP Project No.3-66-0001-21/22/24/25/26/28**

Dear Mr. Moylan:

As you may know, the law firm of Mair, Mair, Spade & Thompson serves as General Legal Counsel to the A.B. Won Pat Guam International Airport Authority ("GIAA"). GIAA is presently involved in two lawsuits, one with Black Construction Corp. and the other with International Bridge Corp./Nippon Hodo Co., Ltd., both with regards to the Invitation for Bids involving the construction procurement of the Airport Parallel Taxiway Project as referenced above. These two lawsuits are captioned as Black Construction Corp. v. Government of Guam and International Bridge Corp./Nippon Hodo Co., Ltd.: Superior Court of Guam; Civil Case No. CV1075-02 and International Bridge Corp./Nippon Hodo Co., Ltd. v. Government of Guam and Black Construction Corp., Superior Court of Guam: Civil Case No. CV1550-02, respectively. Both lawsuits have since been consolidated by stipulation and an order issued by Judge Manibusan on January 14, 2003. GIAA has directed our firm to defend its interest in the said dispute. This letter is to respectfully request that we be appointed as Special Assistant Attorney General to represent GIAA in this action.

# EXHIBIT A

SAIPAN OFFICE: SUITE 4-B HORIGUCHI BUILDING, POST OFFICE BOX 7917, S.V.R.B., SAIPAN MP 96950
TELEPHONE (670) 233-2089   FACSIMILE (670) 233-5206



Case 1:03-cv-00008   Document 29   Filed 03/13/2003   Page 14 of 21

The attorneys in our law firm that may be working on this lawsuit are: David A. Mair, June S. Mair, Randall Todd Thompson, Sandra E. Cruz, Maria T. Cenzon-Duenas, Sergio Rufo, Georgette Bello Concepcion, Nelson J. Xu and Stephanie G. Flores.

Thank you very much for your consideration of this request.

Best regards,

DAVID A. MAIR

NJX:afst

cc:     William R. Thompson

L033013.NJX



**Office of the Attorney General**
**Douglas B. Moylan**
Attorney General of Guam
**Civil Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

**Attorneys for the Government of Guam**

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

THE ATTORNEY GENERAL OF GUAM, )
                                              )
           Plaintiff, )
                                                )
          vs. )
                                                )
WILLIAM R. THOMPSON, in his official )
capacity as Executive Manager of Guam )
Airport Authority, )
                                              )
          Defendant. )
                                              )

Civil Case No. 03-00008

**DECLARATION OF ATTORNEY GENERAL OF GUAM**

I, **Douglas B. Moylan**, declare:

1.      I am the plaintiff in the above action.

2.      I make this Declaration from my personal knowledge and would so testify if called upon to do so.

3.      On November 5, 2002 I was elected as the first Attorney General of Guam. On January 6, 2003 I was inaugurated into Office.

4.      On January 29, 2003 my Office received the Attached **Exhibit 1**, which is a letter signed by Attorney David A. Mair notifying me that he was the "General Legal Counsel to



the A. B. Won Pat Guam International Airport Authority" ("GIAA"). The letter is dated January 28. 2003.

5.    At no time subsequent to that letter was I notified that Attorney Mair was *not* going to be counsel for GIAA.

6.    I have yet to represent myself in this Action, deferring to being represented as a client would by Deputy Attorney General Joseph A. Guthrie and Assistant Attorney General J. Basil O'Mallan, III, who are government attorneys within the Office of the Attorney General.

7.    On or about February 13, 2003 Defendant delivered a letter addressed to me from Defendant in this Action. When Defendant handed the letter to me he intimated that an attorney had drafted the letter (which included attachments) for him. Neither Defendant <u>nor his Counsel</u> asked that any documents be kept confidential, privileged or otherwise from public view. Subsequent to my receipt of the February 13, 2003 letter, Defendant's counsel did *not* request that the letter be kept confidential.

8.    I never agreed to represent either Defendant or the Guam International Airport Authority ("GIAA") in any legal matter. I never agreed to any legal consultation with Defendant for the purpose of engaging the Office of Attorney General as their attorneys, *except* having forwarded a January 28, 2003 letter requesting that they enter into a memorandum of understanding with my Office ***before*** I could representing GIAA. **Exhibit 2.**

9.    Upon review of Defendant's February 13, 2003 letter, I understood Defendant:

(a)    explaining why GIAA did *not* want my legal services;

(b)    requesting in a one (1) sentence statement that pending their retaining private legal counsel, that they wished me to represent GIAA; *and*

(c)    requesting that I exercise my authority, *not* as a lawyer for GIAA, but as the Attorney General of Guam which Office is designated by the Legislature of Guam to "make[s] a written determination that the award of the contract without delay is necessary to protect substantial interests of the Territory," as required by 5 G.C.A. § 5425(g)(1). The letter clearly sought my *discretionary* approval as the Attorney General of Guam, wherein I maintained a separate duty to protect the Public's Interest in justly agreeing to or rejecting "*protested solicitations and awards.*"

10.    To this date I have *not* exercised my discretionary approval of Defendant's request for approval.

11.    I did *not* agree to consult with Defendant regarding any particular legal matter in order to represent GIAA. Defendant's February 13, 2003 letter was unsolicited, *except* to the extent that Defendant may have been responding to my request for entering into an agreement for legal services prior to engaging my Office.

12.    As the plaintiff to this Action, I did *not* review the March 5, 2003 complaint that was signed and filed by Deputy Guthrie on March 5, 2003, although he previously informed me of the substance of the legal action, which lawsuit was initiated at my request in order to clarify what powers were bestowed upon my office by the U.S. Congress. Neither did I decide which exhibits would be attached to the complaint, only having discussed with Deputy Guthrie the complaint.

I declare, under penalty of perjury, this 13th day of March, 2003 that the foregoing is true and correct to the best of my knowledge.

_____
**Douglas B. Moylan**
**Attorney General of Guam**





# Office of the Attorney General
### Douglas B. Moylan
Attorney General of Guam
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (fax)
law@mail.justice.gov.gu

January 28, 2003

**VIA FACSIMILE**
**671-642-4484**

**Mr. William R. Thompson**
Executive Manager
Guam International Airport Authority
P.O. Box 8770
Tamuning, Guam 96931

SUBJECT: LEGAL REPRESENTATION OF GOVERNMENT OF GUAM

Dear Mr. Thompson:

Congratulations on your recent selection. I anticipate that you are already being faced with legal issues requiring the assistance of this Office.

As the "Chief Legal Officer of the Government of Guam" under the Organic of Guam (48 U.S.C. § 1421g(d)(1)), the undersigned is in the process of preparing memorandums of understanding for yours, and others, review which will provide your Office with our legal services. In addition to exercising the undersigned's right and obligation to the government of Guam to provide it legal services, we anticipate that our joint efforts will save the government millions of dollars compared to prior Administrations.

This Office is informed that there may be efforts to retain private counsel by certain government departments and agencies. *However*, the undersigned has *not* reviewed nor approved the involvement of any private attorneys to represent your Office, which is an instrumentality of the government of Guam, nor approved the expenditure of government funds to be used towards this end, which is required by the Guam Procurement Law.

# EXHIBIT I

According to the Guam Procurement Law, 5 G.C.A. § 5121(b), in addition to the Organic Act of Guam and the Guam Rules of Professional Conduct for Lawyers (7 G.C.A. Appendix F), *supra,* the undersigned's approval is required *prior* to any private attorney being retained to represent the government of Guam. A copy of the relevant portion of the Guam Procurement Law is attached hereto. Moreover, the government of Guam is the undersigned's client and private counsels cannot communicate with the government of Guam without this Office's approval once this issue has been raised.

We are presently evaluating the extent that our Office will provide legal services to the various government of Guam instrumentalities, including your own. We are also ascertaining the involvement of the government of Guam in local and Federal lawsuits.

Since we wish to work cooperatively with your Office, the undersigned requests that you please call me (476-0296) to properly execute a memorandum of understanding to begin our relationship. Otherwise, you may have your staff speak directly with Deputy Attorney General Joseph Guthrie at 475-3324 to work out the particulars.

*Thank you* for your attention to these matters.

Sincerely,

**Douglas B. Moylan**

cc:   Felix P. Camacho, *Maga'lahen Guåhan*
Attachments (1)

tation/Title
  ST T. 5, Sec. 5121, Authority to Contract for Certain Services and Approval of
ntracts.

;71 5 G.C.A. § 5121

### GUAM CODE ANNOTATED
### TITLE 5. GOVERNMENT OPERATIONS
### CHAPTER 5. GUAM PROCUREMENT LAW
### ARTICLE 2. PROCUREMENT ORGANIZATION
### PART C. ORGANIZATION OF PUBLIC PROCUREMENT.

*Current through P.L. 26-72 (2001)*

### 121. Authority to Contract for Certain Services and Approval of Contracts.

(a) General Authority. For the purpose of procuring the services of accountants, physicians, lawyers, dentists and other fessionals, any governmental body of this Territory may act as a purchasing agency and contract on its own behalf for such rices, subject to this Chapter and regulations promulgated by the Policy Office, but this Subsection shall not authorize the curing of such services where any given governmental body is otherwise prohibited from procuring such services.

(b) Approval of Contracts for Legal Services. No contract for the services of legal counsel in the Executive Branch shall be cuted without the approval of the Attorney General. Nothing in this Section or Chapter shall preclude the Attorney General or his ignee from participating in negotiations for any contract upon the request of the government officer or agency primarily ponsible for such negotiations.

(c) Approval of Contracts Generally. The Chief Procurement Officer, or his designee, or a procurement officer of an agency horized to procure the services or supplies in question, as stated in the Rules promulgated by the Policy Office, shall execute all tracts for the government of Guam. The Chief Procurement Officer may approve standard form contracts or purchase orders and e such approval of the standard form is given, contracts or purchase orders made on such form may be executed without the her approval of the Chief Procurement Officer unless he has reserved such power of approval pursuant to the applicable rules mulgated by the Policy Office.

(d) Approval of Contracts by Department of Revenue and Taxation. Notwithstanding any other provision of law, the Director he Department of Revenue and Taxation or his designee shall have exclusive authority to approve and execute all contracts for the curement of supplies, license plates, safety decals, tax forms, tax booklets, and printing services for the department.

*JRCE: GC § 6954.7. MPC § 2-302 modified. GC § 6107. Subsection (d) added by P.L. 18-15:X:43.*

<General Materials (GM) - References, Annotations, or Tables>

#### *1672 NOTES, REFERENCES, AND ANNOTATIONS

COMMENT: Subsection (a) recognizes that the procurement of the services of professionals usually requires extended analysis by the turing department, and procurement is needed for the specific purposes of the department. However, the final clause is added by the Committee on General ernmental Operations to make sure that this Subsection does not authorize the use of, for instance, legal services, where other law, i.e., that pertaining to the orney General, does not authorize an entity to use its own legal counsel.

Subsection (b) recognizes the general primacy of the Attorney General over all legal matters of the Government of Guam. Other laws provide

Copyright (c) West Group 2002 No claim to original U.S. Govt. works