MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090

Attorneys for Defendant William R. Thompson,
 in his official capacity as Executive Manager
 of the A.B. Won Pat Guam International Airport Authority

FILED
DISTRICT COURT OF GUAM
MAR 17 2003
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | |
|---|---|
| THE ATTORNEY GENERAL OF GUAM, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM R. THOMPSON, in his official capacity as Executive Manager of the Guam Airport Authority, <br><br> Defendant. | CIVIL ACTION FILE NO. 03-00008 <br><br> **DECLARATION OF DAVID A. MAIR IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION AND RELIEF FROM ORDER** |

I, DAVID A. MAIR, hereby declare as follows:

1. I am a resident of Guam, over the age of 18, and legally competent to testify to the matters contained in this Declaration and do so based upon personal knowledge.

2. I am the attorney for Defendant William R. Thompson in this case. Mr. Thompson is the Executive Manager of the Guam International Airport Authority (GIAA).

3. On March 11, 2003, this Court granted Mr. Thompson's *ex parte* motion to seal confidential communications between him, GIAA, and the Attorney General because

1

the documents sought to be sealed are of a highly sensitive nature and immediate action is necessary in order to avoid irreparable harm. On March 13, 2003, the Attorney General filed what purports to be a "Motion for Clarification and Rule 60(b) Motion for Relief from Order." A memorandum of points and authorities setting forth in full the grounds for Thompson's opposition to this motion is being filed together herewith and incorporated by this reference.

4. The Attorney General declined to appoint any members of the Mair firm as Special Assistant Attorneys General for the purpose of the bid dispute cases at issue in this motion.

5. Attached to this declaration are true and correct copies of correspondence duly sent or received by our office in the normal course of business, as follows:

(a) Exhibit A - January 28, 2003 letter from David A. Mair to Attorney General Douglas B. Moylan ("Attorney General");

(b) Exhibit B - January 28, 2003 letter from Attorney General to Mr. William R. Thompson;

(c) Exhibit C - February 13, 2003 letter from William R. Thompson to the Attorney General. [The version of the letter submitted has been redacted by the undersigned to obliterate confidential references pertaining to the subject bid disputes and litigation strategy. In addition, the attachment to the letter has been omitted.];

(d) Exhibit D - March 10, 2003 letter from David A. Mair to J. Basil O'Mallan, III, Esq.;

(e) Exhibit F - March 13, 2003 letter from J. Basil O'Mallan, III, Esq. to David A. Mair;

2

6. Also attached hereto as Exhibit E is a true and correct copy of a document entitled "Declaration" submitted by the Attorney General in the above-captioned proceeding in this Court on or about March 5, 2003.

I declare under penalty of perjury under the laws of Guam that the foregoing is true and correct.

Dated this 17th day of March, 2003.

**MAIR, MAIR, SPADE & THOMPSON**
A Professional Corporation
Attorneys for Defendant

By: _____
DAVID A. MAIR

P03834.RTT

3

LAW OFFICES
# MAIR, MAIR, SPADE & THOMPSON
A PROFESSIONAL CORPORATION
SUITE 807, GCIC BUILDING
414 WEST SOLEDAD AVENUE
HAGÅTÑA, GUAM 96910

TELEPHONE (671) 472-2089/90
FACSIMILE (671) 477-5206

January 28, 2003

RECEIVED
JAN 29 2003
ATTORNEY GENERAL'S OFFICE

**VIA HAND DELIVERY**

Douglas B. Moylan, Esq.
Attorney General of Guam
OFFICE OF THE ATTORNEY GENERAL
Suite 2-200E, Guam Judicial Center
120 West O'Brien Drive
Hagåtña, Guam 96910

Re: <u>Request for Appointment as Special Assistant Attorney General</u>

<u>Black Construction Corp. v. Government of Guam and International Bridge Corp./Nippon Hodo Co., Ltd.</u>
Superior Court of Guam; Civil Case No. CV1075-02; and,
<u>International Bridge Corp./Nippon Hodo Co., Ltd. v. Government of Guam and Black Construction Corp.</u>
Superior Court of Guam: Civil Case No. CV1550-02
GIAA Parallel Taxiway Project No. GIAA-FY98-08-2
AIP Project No.3-66-0001-21/22/24/25/26/28

Dear Mr. Moylan:

As you may know, the law firm of Mair, Mair, Spade & Thompson serves as General Legal Counsel to the A.B. Won Pat Guam International Airport Authority ("GIAA"). GIAA is presently involved in two lawsuits, one with Black Construction Corp. and the other with International Bridge Corp./Nippon Hodo Co., Ltd., both with regards to the Invitation for Bids involving the construction procurement of the Airport Parallel Taxiway Project as referenced above. These two lawsuits are captioned as <u>Black Construction Corp. v. Government of Guam and International Bridge Corp./Nippon Hodo Co., Ltd.</u>: Superior Court of Guam; Civil Case No. CV1075-02 and <u>International Bridge Corp./Nippon Hodo Co., Ltd. v. Government of Guam and Black Construction Corp.</u>, Superior Court of Guam: Civil Case No. CV1550-02, respectively. Both lawsuits have since been consolidated by stipulation and an order issued by Judge Manibusan on January 14, 2003. GIAA has directed our firm to defend its interest in the said dispute. This letter is to respectfully request that we be appointed as Special Assistant Attorney General to represent GIAA in this action.

**EXHIBIT A**     **EXHIBIT A**

Douglas B. Moylan, Esq.
January 28, 2003
Page 2

    The attorneys in our law firm that may be working on this lawsuit are: David A. Mair, June S. Mair, Randall Todd Thompson, Sandra E. Cruz, Maria T. Cenzon-Duenas, Sergio Rufo, Georgette Bello Concepcion, Nelson J. Xu and Stephanie G. Flores.

    Thank you very much for your consideration of this request.

                            Best regards,

                            DAVID A. MAIR

NJX:afst

cc:    William R. Thompson

L033013.NJX



# Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (fax)
law@mail.justice.gov.gu

January 28, 2003



**VIA FACSIMILE**
**671-642-4484**

Mr. William R. Thompson
Executive Manager
Guam International Airport Authority
P.O. Box 8770
Tamuning, Guam 96931

SUBJECT:  LEGAL REPRESENTATION OF GOVERNMENT OF GUAM

Dear Mr. Thompson:

Congratulations on your recent selection. I anticipate that you are already being faced with legal issues requiring the assistance of this Office.

As the "Chief Legal Officer of the Government of Guam" under the Organic of Guam (48 U.S.C. § 1421g(d)(1)), the undersigned is in the process of preparing memorandums of understanding for yours, and others, review which will provide your Office with our legal services. In addition to exercising the undersigned's right and obligation to the government of Guam to provide it legal services, we anticipate that our joint efforts will save the government millions of dollars compared to prior Administrations.

This Office is informed that there may be efforts to retain private counsel by certain government departments and agencies. *However*, the undersigned has *not* reviewed nor approved the involvement of any private attorneys to represent your Office, which is an instrumentality of the government of Guam, nor approved the expenditure of government funds to be used towards this end, which is required by the Guam Procurement Law.

According to the Guam Procurement Law, 5 G.C.A. § 5121(b), in addition to the Organic Act of Guam and the Guam Rules of Professional Conduct for Lawyers (7 G.C.A. Appendix F), *supra*, the undersigned's approval is required *prior* to any private attorney being retained to represent the government of Guam. A copy of the relevant portion of the Guam Procurement Law is attached hereto. Moreover, the government of Guam is the undersigned's client and private counsels cannot communicate with the government of Guam without this Office's approval once this issue has been raised.

We are presently evaluating the extent that our Office will provide legal services to the various government of Guam instrumentalities, including your own. We are also ascertaining the involvement of the government of Guam in local and Federal lawsuits.

Since we wish to work cooperatively with your Office, the undersigned requests that you please call me (476-0296) to properly execute a memorandum of understanding to begin our relationship. Otherwise, you may have your staff speak directly with Deputy Attorney General Joseph Guthrie at 475-3324 to work out the particulars.

*Thank you* for your attention to these matters.

Sincerely,

Douglas B. Moylan

cc: Felix P. Camacho, *Maga'lahen Guåhan*
Attachments (1)

Page 1

ta' n/Title
5 1 5, Sec. 5121, Authority to Contract for Certain Services and Approval of
ntracts.

671 5 G.C.A. § 5121

# GUAM CODE ANNOTATED
## TITLE 5. GOVERNMENT OPERATIONS
## CHAPTER 5. GUAM PROCUREMENT LAW
## ARTICLE 2. PROCUREMENT ORGANIZATION
## PART C. ORGANIZATION OF PUBLIC PROCUREMENT.

*Current through P.L. 26-72 (2001)*

**5121. Authority to Contract for Certain Services and Approval of Contracts.**

(a) General Authority. For the purpose of procuring the services of accountants, physicians, lawyers, dentists and other ofessionals, any governmental body of this Territory may act as a purchasing agency and contract on its own behalf for such rvices, subject to this Chapter and regulations promulgated by the Policy Office, but this Subsection shall not authorize the ocuring of such services where any given governmental body is otherwise prohibited from procuring such services.

(b) Approval of Contracts for Legal Services. No contract for the services of legal counsel in the Executive Branch shall be ecu without the approval of the Attorney General. Nothing in this Section or Chapter shall preclude the Attorney General or his signee from participating in negotiations for any contract upon the request of the government officer or agency primarily sponsible for such negotiations.

(c) Approval of Contracts Generally. The Chief Procurement Officer, or his designee, or a procurement officer of an agency thorized to procure the services or supplies in question, as stated in the Rules promulgated by the Policy Office, shall execute all ntracts for the government of Guam. The Chief Procurement Officer may approve standard form contracts or purchase orders and ce such approval of the standard form is given, contracts or purchase orders made on such form may be executed without the rther approval of the Chief Procurement Officer unless he has reserved such power of approval pursuant to the applicable rules omulgated by the Policy Office.

(d) Approval of Contracts by Department of Revenue and Taxation. Notwithstanding any other provision of law, the Director the Department of Revenue and Taxation or his designee shall have exclusive authority to approve and execute all contracts for the ocurement of supplies, license plates, safety decals, tax forms, tax booklets, and printing services for the department.

URCE: GC § 6954.7. MPC § 2-302 modified. GC § 6107. Subsection (d) added by P.L. 18-15:X:43.

<General Materials (GM) - References, Annotations, or Tables>

*1672 NOTES, REFERENCES, AND ANNOTATIONS

COMMENT: Subsection (a) recognizes that the procurement of the services of professionals usually requires extended analysis by the ocuring department, and procurement is needed for the specific purposes of the department. However, the final clause is added by the Committee on General ver tal Operations to make sure that this Subsection does not authorize the use of, for instance, legal services, where other law, i.e., that pertaining to the torn, eneral, does not authorize an entity to use its own legal counsel.

Subsection (b) recognizes the general primacy of the Attorney General over all legal matters of the Government of Guam. Other laws provide

Copyright (c) West Group 2002 No claim to original U.S. Govt. works


**A.B. WON PAT**
ATURIDAT PUETTON BATKON AIREN GUAHAN ENTENASIONAT
**GUAM INTERNATIONAL AIRPORT AUTHORITY**

[REDACTED AND SUBMITTED WITHOUT ATTACHMENT]

February 13, 2003

<u>VIA HAND DELIVERY</u>

The Honorable Douglas B. Moylan
Attorney General of Guam
OFFICE OF THE ATTORNEY GENERAL
120 West O'Brien Drive
Suite 2-200E, Guam Judicial Center
Hagåtña, Guam 96910

Re: <u>Black Construction Corporation v. The Government of Guam, et al.</u>
Superior Court of Guam, Civil Case No. CV1075-02

<u>International Bridge Corporation/Nippon Hodo Co., Ltd.
v. Government of Guam, et al.</u>
Superior Court of Guam, Civil Case No. CV1550-02

Dear Mr. Moylan:

Guam International Airport Authority ("GIAA") is currently a defendant in two consolidated civil actions which are identified above. As of this date, counsel of record in these civil actions for GIAA is the law firm of Brooks Lynch & Tydingco ("Brooks Firm"). However, the services of that law firm have been terminated, and it is my understanding that the professional services agreement between that law firm and GIAA was never approved by the Attorney General of Guam pursuant to Title 5 Guam Code Annotated Section 5121. For these reasons, GIAA no longer wishes to use the Brooks Firm as its counsel in these civil actions.

GIAA has the statutory authority to retain private counsel to represent it in these civil actions. 12 G.C.A. § 1108. Guam law provides that, "those branches, department or agencies which are authorized to employ their own legal counsel may use them **instead** of the Attorney General." 5 G.C.A. § 30109(c) (emphasis added). The Comment of the Compiler of Laws makes the following statements regarding this statutory provision:

---

Street Add: 355 Chalan Pasaheru, Tamuning GU 96911   Mailing Add: P.O. Box 8770, Tamuning, Guam 96931   Tel: (671) 646-0300   Fax: (671) 646-8823   www.airport.guam.net

   
**EXHIBIT C**

The Honorable Douglas B. Moylan
February 13, 2003
Page 2

> Subsection (c) has been amended by P.L. 18-04:5, to conform to the laws which give to specific agencies the authority to hire their own lawyers, **who may undertake litigation without the supervision of the Attorney General**. Such entities include the University of Guam, GEDA, the Airport Authority, GPA, GTA, the Civil Service Commission, and the Guam Memorial Hospital Authority. These authorizations are contained within the laws establishing each of the above entities.

5 G.C.A. § 30109, Comment of Compiler of Laws (emphasis added).

GIAA is in the process of issuing a Request of Proposal so that it can retain private counsel for GIAA. In the meantime, it is very important that GIAA promptly resolve the civil actions referred to above. These civil actions involve the construction of a parallel taxiway at the airport. All of these projects are being financed with federal grants the existence of which is being jeopardized by the inability to complete construction of the parallel taxiway. For these reasons, GIAA respectfully requests the assistance of your office in the two civil actions until such time as GIAA can complete the procurement process and retain private counsel.

The two civil actions that have resulted in a stay of construction of the parallel taxiway involve bid disputes with International Bridge Corporation ("IBC") and Black Construction Corporation ("BCC").



The Honorable Douglas B. Moylan
February 13, 2003
Page 3


      Please let me know immediately if your office can assist us in this matter. GIAA has until February 23, 2003, to respond to an At-Issue Memorandum filed by BCC. A status conference has been scheduled for March 14, 2003, at 11:00 a.m. I look forward to working with you on this matter.

                                      Sincerely,

                                        WILLIAM R. THOMPSON
                                      Executive Manager

Enclosure

cc: Mr. Frank F. Blas, Acting Board Chairman,
    Guam International Airport Authority

LAW OFFICES
## MAIR, MAIR, SPADE & THOMPSON
A PROFESSIONAL CORPORATION

SUITE 807, GCIC BUILDING
414 WEST SOLEDAD AVENUE
HAGÅTÑA, GUAM 96910

TELEPHONE (671) 472-2089/90
FACSIMILE (671) 477-5206

# URGENT

March 10, 2003

**VIA FACSIMILE ONLY: 472-2493**

J. Basil O'Mallan, III, Esq.
Assistant Attorney General of Guam
OFFICE OF THE ATTORNEY GENERAL
120 West O'Brien Drive
Suite 2-200E, Guam Judicial Center
Hagåtña, Guam 96910

Re: **The Attorney General of Guam v. William R. Thompson, in his official capacity as Executive Manager of Guam Airport Authority**
District Court of Guam, Civil Action No. 03-00008

**A.B. Won Pat Guam International Airport Authority, by and through its Board of Directors v. Douglas B. Moylan, Attorney General of Guam**
Superior Court of Guam, Special Proceedings Case No. SP0055-03

Dear Basil:

The A.B. Won Pat Guam International Airport Authority ("GIAA") has requested that this firm represent it in its disputes with the Attorney General of Guam. The purpose of this letter is to point out a present and actual conflict of interest disabling the Attorney General's Office from representing GIAA in any matter and to request that GIAA be permitted to retain independent counsel of its choice pending resolution of the disputes between GIAA and the Attorney General.

On Monday, March 3, 2003, the Attorney General's Office filed suit against Mr. William Thompson, the Executive Manager of the GIAA in the U.S. District Court of Guam. Although the nominal defendant in this suit is Mr. Thompson, the Attorney General's Office is clearly seeking injunctive relief in this case directly against GIAA.

# EXHIBIT D

SAIPAN OFFICE: SUITE 4-B HORIGUCHI BUILDING, POST OFFICE BOX 7917, S.V.R.B., SAIPAN MP 96950
TELEPHONE (670) 233-2089 FACSIMILE (670) 233-2206