Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Civil Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

Attorneys for the Government of Guam

FILED
DISTRICT COURT OF GUAM
MAR 17 2003
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | | |
|---|---|---|
| ATTORNEY GENERAL OF GUAM, | ) | Civil Case No. CV03-00008 |
| Plaintiff, | ) | |
| vs. | ) | PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND DEFENDANT'S MOTION TO DISMISS BASED ON UNSUITABILITY OF DECLARATORY RELIEF. |
| WILLIAM R. THOMPSON, in his official capacity as Executive Manager of the Guam Airport Authority, | ) | |
| Defendant. | ) | |

As a preliminary matter, Plaintiff notes that he has no objection to the proposition that this Court must address the jurisdictional issues before reaching the merits of the action.

## I. OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.

Relying primarily on the case of <u>Republican Party of Guam v. Gutierrez</u>, 277 F.3d

Page 1
*Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Defendant's Motion to Dismiss Based on Unsuitability of Declaratory Relief.*
District Court Civil Action Case No. CV03-0008

ORIGINAL

Case 1:03-cv-00008   Document 34   Filed 03/17/2003   Page 1 of 13

1086 (9th Cir. 2002), Defendant Thompson argues that there is no federal subject matter jurisdiction. This argument is without merit because the case now before the Court does not resemble the Republican Party case in the least. The federal jurisdiction in this case is sound.

In the Republican Party case, the Plaintiff sought to enforce a local statute — Plaintiff sought to force a public official to appoint election commission members. In defense of this prayer, the defendant in that case raised an Organic Act issue. The district court assumed jurisdiction on the basis that an Organic Act issue is a federal question, and reached the merits of the case. The Ninth Circuit reversed on the basis that raising an Organic Act *defense* cannot confer federal jurisdiction. In fact, this is a principle of federal practice with deep roots: federal question jurisdiction is determined solely from the face of plaintiff's complaint. Rath Packing Co. v. Becker, 530 F.2d 1295 (9th Cir. 1976). If the federal question jurisdiction is raised only in the defense, then there is no federal subject matter jurisdiction.

The Office of the Attorney General agrees that federal question jurisdiction cannot be predicated merely on the existence of a controversy between branches under the Organic Act. That is not the issue before the Court, however; it is not, as suggested by Defendant, an "intra-governmental Organic Act power struggle between different branches of the Government."[1] This is a lawsuit seeking to enjoin an action by a government official on the basis that the action does not comply with federal law. The Organic Act dictates that the Attorney General of Guam is the "chief legal officer" of the territory and as such must approve all legal matters of the government. In defense, the public official has raised a local law as a defense, stating that the GIAA enabling legislation permits the Act. This is not a power struggle at all; it is a legal issue involving interpretation of a federal law, the Organic Act, which happens to also be

---

[1] Page 10 Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss.

Page 2
*Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Defendant's Motion to Dismiss Based on Unsuitability of Declaratory Relief.*
District Court Civil Action Case No. CV03-0008

Case 1:03-cv-00008   Document 34   Filed 03/17/2003   Page 2 of 13

the constitution of Guam. Because the law involved was passed by Congress,[2] there is original subject matter jurisdiction before the Court.

Closer examination of the <u>Republican Party</u> case illustrates this. The Ninth Circuit addressed three previous Guam cases in which federal subject matter jurisdiction was proper: <u>Bordallo v. Baldwin</u>, 624 F.2d 932 (9th Cir. 1980), <u>Bordallo v. Reyes</u>, 763 F.2d 1098 (9th Cir. 1985), and <u>Bordallo v. Camacho</u>, 475 F.2d 712 (9th Cir. 1983). The Ninth Circuit stressed that in each of the above-mentioned cases, "absent the alleged violations of the Organic Act, the plaintiffs in each of the three cases would not have been able to assert a violation of law or obtain relief." Such is the case here: absent the Plaintiff's allegation that a public official is failing to recognize the Organic Act change in the duties of the Attorney General, there would be no federal jurisdiction. The Ninth Circuit said of the Republican Party "the plaintiff's claim relies upon the Governor's violation of...[a local law]." There is no violation of a *local* law by the Airport here. There is an alleged violation of a *federal* law: the Organic Act. In defense, the Airport asserts *local* law. This Court does not thereby lose its jurisdiction. It must still confront the issues created when Congress passed the 1998 amendment to the Organic Act. It may be a local issue, but it is a federal law which we now present to the Court.

As will become clear when the underlying issues are reached, the issue is uniquely federal because of the mission before Congress in 1996 through 1998: the 1998 Amendment was not only enacted to allow for an elected Attorney General, but more to remove the Attorney General from the sphere of influence of the executive *and* legislative branches. The

---

[2] The Organic Act was amended by Congress in 1998 to create a position of Attorney General with inherent common law powers, and to give the local legislature the option to make the position of Attorney General elected rather than appointed by the Governor.

Page 3
*Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Defendant's Motion to Dismiss Based on Unsuitability of Declaratory Relief.*
District Court Civil Action Case No. CV03-0008

Case 1:03-cv-00008　　Document 34　　Filed 03/17/2003　　Page 3 of 13

legislative history makes clear that the decision whether the Attorney General would be elected or not must be a local decision, not a Congressional decision. Rather, the primary objective of the 1998 amendment was to organically create the position so that it would be immune from interference from *both* the executive and legislative branches.

The source of legislative history on the 1998 Amendment is found in H.R.Rep. 105-742 dated September 24, 1998, 1998 WL 658802, where the Committee Report states, "public concerns revolve around political interference with investigations, inefficiency of case work and dismissal of the Attorney General without cause." Senator Barrett-Anderson testified that "the people of Guam expect the Attorney General to protect their interest above all else. An appointed Attorney General, unfortunately, must respond to a great extent to the concerns of the Governor." *U.S. Territories Issues: Hearings on Resolution #433 Before the Subcommittee on Native American & Insular Affairs*, (statement of Senator Elizabeth Barrett-Anderson, 23rd Guam Legislature), 7/24/96 Cong. Testimony, 1996 WL 10830029. Over a year later, at the second round of Committee Hearings, Senator Ben Pangelinan echoed this sentiment: "It has become inherently clear that the appointed Attorney General is not capable of isolating himself or herself from political interference." *Guam Legislation: Hearings on H.R. 100 and H.R. 2370 Before the Committee on Resources,* (statement of Senator Ben Pangelinan, 23rd Guam Legislature), 10/29/97 Cong. Testimony,1997 WL 16138742.

However, the Guam Legislature initially involved themselves in an unexpected fashion: The Legislature had before it Bill. No. 571 of the 23rd Guam Legislature, dated March 22, 1996, the net effect of which would have been to transfer the supervision and control over the Attorney General from the executive branch to the legislative branch. Compiler of Law Charles Troutman eventually responded with a letter to Congressman Underwood, explaining that simply switching the possible influence over the office from the

Page 4
*Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Defendant's Motion to Dismiss Based on Unsuitability of Declaratory Relief.*
District Court Civil Action Case No. CV03-0008

Case 1:03-cv-00008    Document 34    Filed 03/17/2003    Page 4 of 13

executive to the legislative hardly met the objective of making the office independent: "[T]he position, if you mention it at all, must be created by the Organic Act, not just permitted." Letter from Charles H. Troutman to Congressman Underwood of April 1, 1997, page 2.

Therefore, contrary to the argument of the Airport in this case, because the Organic Act created the Office of Attorney General, the office is endowed with a different character because it was Organically created and thereby immune from local executive *or* legislative interference. This is also a compelling reason for resolution of this dispute in District Court of Guam: the United States Congress passed a law organically creating the position. While most states' constitutions emerge from that state's inherent sovereign immunity (thereby conferring uniquely local jurisdiction over its constitutional questions to their state supreme courts) Guam has the unique tradition of its "constitution" being a federal law. The Ninth Circuit has never circumscribed the jurisdiction of the District Court of Guam over its Organic Act ("constitutional") questions. On the contrary, the Ninth Circuit has merely reminded us that when the federal question is a defense only, jurisdiction is not conferred.

Because the power of the Attorney General is set forth in federal law, passed by the United States Congress after substantial consideration by federal and local officials, this case stands on the same footing as the three previous Guam cases noted above, and noted by the Ninth Circuit. In all of these cases, the question was: "in order to vindicate their rights under [local law], must the plaintiffs plead and prove the asserted violation of federal law?" Republican Party at 1090. Yes, the Attorney General of Guam must seek to restrain an action of a local official on the basis that such action is in disregard of the Organic Act. This is expressly approved by the Ninth Circuit in the Republican Party case.

Finally, in the case of Gutierrez v. Ada, 528 U.S.250 (2000) federal subject matter jurisdiction was never disputed. The case now before the Court stands in the exact same

Page 5
*Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Defendant's Motion to Dismiss Based on Unsuitability of Declaratory Relief.*
District Court Civil Action Case No. CV03-0008

Case 1:03-cv-00008 Document 34 Filed 03/17/2003 Page 5 of 13

posture as Ada: one public official is seeking the guidance of the federal court on a language contained in the Organic Act on the following issue: Does the fact that Congress created the position of a "chief legal officer" for this territory limit the right of government instrumentalities to hire its own legal counsel? We look to language of the Organic Act to solve this issue, just as this Court, the Ninth Circuit and ultimately the United States Supreme Court looked to language of the Organic Act to determine what a "majority" was. The later case of Republican Party of Guam v. Gutierrez has no impact on the jurisdictional posture of the Ada case.

The Gutierrez v. Pangelinan, 276 F.3d 539 (9th Cir. 2002) is irrelevant. It does not address federal subject matter jurisdiction. The Gutierrez v. Pangelinan case addresses the 15-year review period of cases from the Supreme Court of Guam. Counsel for the Airport relies on Gutierrez v. Pangelinan to remind us that even cases brought via the Guam Supreme Court can reach the Ninth Circuit. This principle of law has nothing to do with federal subject matter jurisdiction. Further, it undermines the Airport's abstention argument: if we are urged to leave this issue to local courts, why is the Airport reminding us of how the local courts are still answerable to the Ninth Circuit? The Attorney General's position is that there is original, federal jurisdiction in the District Court of Guam. The inquiry ends there.

## II.   OPPOSITION TO DISMISSAL OF INJUNCTIVE RELIEF

The Defendant next moves the Court to dismiss the lawsuit because the ethical issues raised by the lawsuit are of a nature that should be dealt with by only the Supreme Court of Guam. Defendant claims that the Attorney General is asking this Court to "continence [sic] and become complicit in an ethical violation." The ethical violation referred to is the allegation that the Attorney General is the lawyer for GIAA, and is seeking a remedy against

Page 6
*Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Defendant's Motion to Dismiss Based on Unsuitability of Declaratory Relief.*
District Court Civil Action Case No. CV03-0008

Case 1:03-cv-00008   Document 34   Filed 03/17/2003   Page 6 of 13

its own client.

This matter is not new to the Office of the Attorney General. This very argument was made by the attorney for the Board of Regents in the case of <u>Tarantino v. Board of Regents</u>, Superior Court of Guam Civil Case No. CV-1455-00. The Superior Court judge agreed and dismissed the lawsuit on the grounds that an attorney could not sue his own client. However, this ruling was vacated by Order of the Supreme Court of Guam in Supreme Court of Guam dated October 24, 2001, Case No. CVA-00-30. The Superior Court ruling was, therefore, a nullity. In the course of that litigation, however, this very problem was repeatedly addressed: the fact that every state's Attorney General has many clients. An Attorney General wears many hats.

The case of <u>Gray v. Rhode Island Department of Children, Youth & Families</u>, 937 F.Supp. 153, (D.R.I. 1996), is one of many cases demonstrating the difficulties present when dealing with government lawyers.[3] That case recognized "absurdity" that results from

---

[3] Another Guam case has addressed this issue: <u>People v. Castro</u>, Superior Court of Guam Criminal Case No. CF324-98. That case dealt with a motion to disqualify: "when deciding a motion involving the potential disqualification of a governmental lawyer, additional factors must be considered," specifically, the comment to Model Rule 1.11, "Successive Government and Private Employment," which states that "rules governing lawyers presently or formerly employed by a government agency should not be so restrictive as to inhibit transfer of employment to and from the government." Comment 3, Rule 1.11, Model Rules of Professional Conduct Attention is directed to the Decision & Order in <u>People of Guam v. Castro</u>, Superior Court of Guam Criminal Case No. CF-324-98, entered on March 10, 2000. In that case, the Honorable Tydingco-Gatewood held that the Attorney General's office could prosecute a criminal statute in its criminal division, and simultaneously defend a civil action based on the same set of facts, taking a diametrically opposed position. The Court concluded that "the Attorney General is *not* precluded by Rules 1.7 and 1.9 from representing the Government," reasoning that the rules of ethics were not to be mechanically applied. In reaching this result, the Superior Court in that case examined all the documents in the case and concluded that none of the documents in either lawsuit created a conflict because no confidential communication were compromised. The Superior Court Decision held that "the independency of legal counsel is preserved" and that "the presumption of impartiality as a servant of the law has not been rebutted." Decision & Order on Defendant's Motion to Disqualify the Office of the Attorney General, March 10, 2000, Superior Court of Guam Criminal Case no. CF-324-98, page 9, lines 8, 21-22.

In fact, the <u>Castro</u> case foresaw this very situation, and found that it would be an unacceptable one:
Carrying Defendants' position to its logical end, every time a person, acting within his capacity as an agent of the government, becomes the subject of a criminal investigation, that party could disqualify the

Page 7
*Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Defendant's Motion to Dismiss Based on Unsuitability of Declaratory Relief.*
District Court Civil Action Case No. CV03-0008

Case 1:03-cv-00008   Document 34   Filed 03/17/2003   Page 7 of 13

stretching the ethical rules to lengths such that government lawyers are always in a conflict situation: "if the governmental entity as a whole is the client, anytime one agency of government sues another an irreconcilable conflict would arise under Rule 1.7." Gray at 159. "A majority of states have permitted the AG to concurrently represent conflicting interests when the AG can ensure independent representation for the competing parties." Hawaii v. Klattenhoff, 801 P.2d 548 (Haw. 1990).

Compounding the depth of the issues is the very Organic Act modification at issue in this lawsuit. Some Attorneys General, even if they are constitutionally created positions, still act at the pleasure or under the supervision of the governor of that state. For instance, California's Attorney General remains under the supervision of the executive by virtue of their constitution, Article V Executive § 13, which states, "*Subject to the powers and duties of the Governor*, the Attorney General shall be the chief law officer of the State" (emphasis added). In Illinois, on the other hand (the state after which Guam patterned its attorney general language), Article 5, §15 of the Illinois Constitution provides simply, "The Attorney General shall be the legal officer of the State, and shall have the duties and powers that may be prescribed by law." Guam has language similar but not identical to Illinois' language, and quite different from California's. The role of the Attorney General of Guam is not subject to quick or easy classification.

The foregoing discussion proves that the matter before the Court is not simply a matter of professional conduct. If it were, the Attorney General agrees that the Guam Supreme Court should have ultimate authority over the matter. But this is first a unique issue of federal law.

---

Attorney General from prosecuting based upon an alleged conflict of interest in any civil matter brought regarding related facts. The Attorney General would constantly be prevented from performing his legal duties assigned to him by the laws of Guam, a conclusion which this Court finds untenable.
Decision & Order, Superior Court of Guam Criminal Case No. CF-324-98, page 7 lines 16-21.

---

Page 8
*Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Defendant's Motion to Dismiss Based on Unsuitability of Declaratory Relief.*
District Court Civil Action Case No. CV03-0008

Case 1:03-cv-00008 Document 34 Filed 03/17/2003 Page 8 of 13

The issue is what it means to be the "Chief Legal Officer" of Guam. This interpretation of the Organic Act will set the rights and obligations of the Attorney General under the Rules of Professional Conduct. In fact, the reason this lawsuit is so important is that the legal community must delineate and clarify what it means to be the Chief Legal Officer before accusations of unethical conduct are made.

The lawsuit before the Court was brought to prevent the sort of rash accusations and hurried rulings that occurred in the Tarantino v. Board of Regents case, which ultimately was vacated by the Supreme Court at a significant cost to the taxpayers and to the legal community. The Attorney General urges this Court to accept jurisdiction and proceed to an orderly declaratory ruling on the impact of the 1998 Amendment to the Organic Act, an issue that this Court is uniquely suited, in fact statutorily created, to entertain.

### III. OPPOSITION TO ABSTENTION

Defendant Airport further urges this Court to dismiss this lawsuit under the doctrine of abstention, as that doctrine is set forth in Younger v. Harris, 407 U.S. 37 (1971). As Airport counsel reminds us, abstention is appropriate under Younger when three features are present: (1) there is ongoing litigation in a local forum, (2) such proceedings implicate important state interests, and (3) the state proceedings provide an adequate opportunity to raise the federal issues. The Airport then represents to this Court that all three features are met in this case.

It is undisputed that the case before this Court was filed on March 3, 2003. It is also undisputed that the Airport's suit in the Superior Court was filed on March 7, 2003. Airport counsel discusses this anomoly dismissively: A distinction between Ada and the facts in the instant case is that here the pending Superior Court proceedings have already progressed further than the District Court action." Defendant's Brief p. 19. In their related motion to

Page 9
*Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Defendant's Motion to Dismiss Based on Unsuitability of Declaratory Relief.*
District Court Civil Action Case No. CV03-0008

Case 1:03-cv-00008   Document 34   Filed 03/17/2003   Page 9 of 13

dismiss the Declaratory Relief action, Defendant states, "The Attorney General will likely argue that this Court should cling onto this case because the Attorney General raced to the Courthouse and filed his federal complaint ... a few days before....GIAA could file suit in the Superior Court." Defendant's Motion to Dismiss Based on Unsuitability of Declaratory Relief, p. 5.

The critical fact in this case is that there was no "ongoing" lawsuit in the Superior Court at the time that the Attorney General filed this lawsuit. Therefore, the <u>Younger</u> doctrine cannot apply. The Airport filed a lawsuit in Superior Court some days after the Attorney General initiated this litigation, but the wrong complained of in the lawsuit was simply that the Attorney General had filed suit! If the Attorney General had not filed suit in the District Court of Guam, what would the Airport have filed? A lawsuit permitting them to run an ad in the PDN soliciting legal services? In other words, the Airport here has filed a *responsive* suit in the Superior Court, and now would have this Court dismiss the underlying lawsuit because it managed a *de facto* reverse-removal to state court. This is not the type of abuse that the <u>Younger</u> doctrine is meant to countenance.

If this Court were to dismiss this lawsuit on the abstention doctrine when the Airport did not even have a cause of action before the Attorney General filed suit, this would allow anyone to file the identical lawsuit in local court and thereby destroy federal jurisdiction. This cannot be what the Supreme Court contemplated. "The doctrine of abstention is 'an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" <u>Champion International Corporation v. Brown</u> 731 F.2d 1406 at 1408 (9th Cir 1984), quoting from <u>County of Allegheny v. Frank Mashuda Co.</u>, 360 U.S. 185, 188 (1959). The <u>Younger</u> abstention doctrine "embodies 'a strong federal policy against federal court interference with ***pending*** state judicial proceedings.'" <u>Beltran v. State of California</u>,

Page 10
*Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Defendant's Motion to Dismiss Based on Unsuitability of Declaratory Relief.*
District Court Civil Action Case No. CV03-0008

Case 1:03-cv-00008 Document 34 Filed 03/17/2003 Page 10 of 13

871 F.2d 777 (9th Cir. 1988),[4] quoting from Middlesex County Ethics Commission v. Garden State Bar Assn., 457 U.S. 423, 431 (1982).

Abstention cannot apply when the simultaneous local proceeding is merely threatened but not commenced. Steffel v. Thompson, 415 U.S. 452 (1974). *See also* WXYZ, Inc. v. Hand 658 F.2d 420 (6th Cir. 1981). While Defendant tells this Court that "the discretion of a federal court 'cannot turn on so mechanical a rule', Continental Ins. Co. v. Bayless & Roberts, Inc., (D. Alaska 1973) *affirmed*, 503 F.2d 1379 (9th Cir. 1974)[5]." The first prong of Younger is not merely a "mechanical" rule. If no case is pending when the action is filed, then there can be no abstention.

Therefore, for the simple reason that unfortunately for Defendant, there was no "pending" or "ongoing" state proceeding, the doctrine of abstention cannot apply. It does not save the case that "pending Superior Court proceedings have already progressed further than the District Court action."[6] Defendant secured an *ex parte* order in the Superior Court instantaneously, but this does not make the Superior Court action "pending" as of the date that this Court was asked to take jurisdiction.

Further, no first lawsuit could have been filed in Superior Court prior to the filing of the Attorney General's complaint. There was no cause of action. The Airport Manager sought to retain legal counsel - this does not give rise to a cause of action in Superior Court. It

---

[4] The reported case of Beltran v. State of California overrules and supplants the case cited by Defendant in its Memorandum in Support of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, p. 15, as Beltran v. State of California, 857 F.2d 542 (9th Cir. 1988).

[5] The quoted language does not appear in the case cited nor in its lower court citation, 366 F. Supp. 287 (D. Ala. 12973).

[6] Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction p. 19.

was not until the Attorney General asked the District Court of Guam to rule on the nature of the office under the 1998 amendment to the Organic Act that the matter became a lawsuit. A litigant should not be able to simply reverse the parties and file the same lawsuit in the local court and claim "abstention!" This is an abuse. The District Court of Guam should not permit this abuse to proceed.

## IV. OPPOSITION TO DISMISSSAL BASED ON UNSUITABILITY OF DECLARATORY RELIEF.

Finally, Defendant asks this Court to dismiss the lawsuit based on the unsuitability of the declaratory relief. Defendant argues that relief under the Declaratory Relief Act (28 U.S.C. §2201) is discretionary, and then argues that the Court should not exercise that discretion. Put simply, the Defendant argues that it is neither automatic nor obligatory for the District Court of Guam to assume jurisdiction over a declaratory judgment actions. The Attorney General submits that for the reasons stated in the prior arguments, it is critical that the District Court of Guam assume jurisdiction in this case.

In addition to the arguments presented above, the Attorney General is compelled to point out that there is lengthy Congressional history evidencing a need to insulate the Attorney General of Guam from local politics. The local judges are appointees of the Governor of Guam. The local judiciary receives its funding from the Legislature of Guam. There are vacancies on the bench of the Supreme Court of Guam and potentially the Superior Court of Guam. Until the local law is changed, the Attorney General of Guam has a statutory seat on the Judicial Council. It is hardly worth repeating that rather than insulating the Attorney General from local politics, the present lawsuit, if sent to local court, will expose the

Page 12
*Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Defendant's Motion to Dismiss Based on Unsuitability of Declaratory Relief.*
District Court Civil Action Case No. CV03-0008

Case 1:03-cv-00008    Document 34    Filed 03/17/2003    Page 12 of 13

Attorney General to local politics. This is the opposite of what Congress and the many Guamanians who worked on this 1998 Amendment wanted.

The 1998 Amendment was a non-partisan effort to raise the Office of the Attorney General above the fray of local politics. The extent of the common law and statutory powers resulting from that amendment are at issue in this case. If such powers are litigated within a judiciary who receives its funding from a legislature and whose appointees seek approval of the executive branch, all the efforts of the 1998 Amendment are frustrated. The Plaintiff appreciates that there may be a reluctance to have important issues of public law resolved by declaratory judgment, but in this case, there is no money damage alternative. There is no compelling reason to deny jurisdiction over this Declaratory Relief action.

## CONCLUSION

For these reasons, the Attorney General respectfully requests this Court to deny the Motion to Dismiss.

Respectfully submitted this 17th day of March, 2003.

OFFICE OF THE ATTORNEY GENERAL
DOUGLAS B. MOYLAN, Attorney General of Guam

_____
B. Ann Keith,
Assistant Attorney General, Civil Division

BAK:jlr\AK\Litigation\GIAA.Opp.Mtn.Dis

Page 13
*Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Defendant's Motion to Dismiss Based on Unsuitability of Declaratory Relief.*
District Court Civil Action Case No. CV03-0008

Case 1:03-cv-00008 Document 34 Filed 03/17/2003 Page 13 of 13