MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090

Attorneys for Defendant William R. Thompson,
  in his official capacity as Executive Manager of the
  A.B. Won Pat Guam International Airport Authority

FILED
DISTRICT COURT OF GUAM
MAR 20 2003
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| THE ATTORNEY GENERAL OF GUAM, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM R. THOMPSON, in his official capacity as Executive Manager of the Guam Airport Authority, <br><br> Defendant. | CIVIL ACTION FILE NO. 03-00008 <br><br> **WILLIAM R. THOMPSON'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO NAME THE PROPER DEFENDANT AND JOIN AN INDISPENSABLE PARTY** |

## INTRODUCTION

The Attorney General, in an attempt to correct another mistake of civil procedure, now takes the novel, albeit erroneous and unlawful, position in his Opposition to GIAA's Motion to Dismiss for Failure to Name the Proper Defendant that the attorney retained to represent

1

**ORIGINAL**

GIAA is an unclassified employee of the government of Guam subject to Personnel Laws and not the Guam Procurement Law.

Therefore, the Attorney General posits, GIAA's Executive Manager "had statutory authority to contract with an attorney" and is the proper defendant in the Complaint for Injunctive and Declaratory Relief. This contention not only directly contradicts Guam law on the subject, but is clearly made in a bad faith attempt to cover up another instance of procedural error emanating from the Office of the Attorney General.

## DISCUSSION

### I. THE EXECUTIVE MANAGER IS NOT A "SUABLE ENTITY."

The Attorney General completely ignores the threshold issue raised in the instant Motion, which is that the Executive Manager lacks the capacity, under Guam law, to "sue and be sued."[1] GIAA believes that the arguments raised in the Attorney General's Opposition Brief are irrelevant if this Court agrees that the Executive Manger cannot be sued in his official capacity, and reasserts this position and incorporates herein the discussion as set forth in its opening brief. The Attorney General's claims against the Executive Manager should be dismissed because he is not a suable party.

### II. THE BOARD HAS SOLE AUTHORITY TO APPOINT LEGAL COUNSEL.

The Attorney General argues that the Executive Manager is the proper defendant because he has authority "to select and appoint the employees of the Authority," including

---

[1] See, *Memorandum of Points and Authorities In Support of Motion to Dismiss for Failure to Name the Proper Defendant and Join an Indispensable Party* at pp. 3-7 (3/10/03).

2

GIAA legal counsel, pursuant to 12 GCA § 1107.[2] However, this position completely ignores, once again, the statutory provision which delegates such authority to the Board **alone**.

12 G.C.A. § 1108, quoted and cited no less than six (6) times by the Attorney General in his Opposition Brief, states unequivocally, "**The Board** may also appoint a treasurer, a comptroller and an **attorney**, all of whom shall serve at the pleasure of the Board."[3] The term "appoint" in the context of an office or public function has been defined as "'[t]he **selection or designation** of a person, by the person or persons having authority therefor, to fill an office or public function and discharge the duties of the same.'"[4] Indeed, the Attorney General recognizes, "Appointment of the attorney was reserved to the Board by 12 GCA § 1108."[5]

### A. Guam Law Mandates Use of Procurement Process For Contracts With Private Attorneys.

In appointing legal counsel, the Board is required by statute to follow the Guam Procurement Law and Regulations. 5 G.C.A. § 5216 specifically provides, in relevant part, as follows:

> **§5216. Competitive Selection Procedures for Services Specified in § 5121 of this Chapter.** (a) Conditions for Use. The services specified in § 5121(a) of this Chapter shall be procured in accordance with this Section, except as authorized

---

[2] *Opposition To Motion to Dismiss For Failure to Name the Proper Defendant and Join Any Indispensable Party* at p. 2 (3/17/03) (hereinafter referred and cited to as "Opposition Brief at p. ____").

[3] Emphasis added.

[4] Board of Education v. Freedom of Information Commission, 566 A.2d 1380, 1381 (Conn. Super. Ct. 1988)(quoting *Black's Law Dictionary* 99 (6th ed. 1990)).

[5] Opposition Brief at p. 6.

3

under §§ 5214 or 5215 of this Chapter.[6]

Section 5121(a) pertains to service contracts with accountants, physicians, **lawyers**, dentists and other professionals.

On February 27, 2003, following the issuance of a Request for Proposals ("RFP") and in compliance with the Guam Procurement Law and Regulations, the Board appointed the law firm of Mair, Mair, Spade & Thompson (the "Mair Firm") "as independent counsel pursuant to the authority granted the Board in Title 12 Guam Code Annotated Sections 1108(a) and (d)."[7] The Board then executed the Professional Services Agreement (the "Contract") and forwarded it to the Attorney General for execution, as required by the Procurement Laws (specifically, 5 G.C.A. § 5121(a) and 5216 and 2 G.A.R. §§ 2112(b) and 3114(n)). Thus, the Board properly exercised its **sole authority** to appoint, select and designate private legal counsel for GIAA.[8]

Yet, in a bizarre, confusing and legally unsound discussion, the Attorney General argues that "the Executive Manager had the authority to **select** the Airports [sic] attorney," and

---

[6] 5 G.C.A. § 5216. Sections 5214 deals with Sole Source Procurement; Section 5215, Emergency Procurement. Neither provision is applicable in this case.

[7] See, Letter to Hon. Douglas B. Moylan from Frank F. Blas dated March 2, 2003, attached as Exhibit A to the Declaration of David A. Mair, filed concurrently herewith.

[8] The Contract itself specifically identifies the scope of authority of the Executive Manager with regard to the appointment of legal counsel, and recites as follows: "WHEREAS, the Executive Manager of GIAA has authority to 'select and appoint the employees of the Authority' pursuant to Title 12 Guam Code Annotated Section 1107(5)." Professional Services Agreement, Exhibit 2 to Declaration of Douglas B. Moylan filed concurrently with Motion for Preliminary Injunction, at p. 1, ¶ 7 of Recitals (3/5/03)(emphasis added). The Contract then clearly states that "Attorney contracts herein with GIAA as an independent contractor, and is neither an employee nor an agent of GIAA for the purpose of performing the services hereunder." (Contract at p. 5, ¶ 9)(emphasis added). Finally, the Executive Manager executed the Contract only to certify that funds are available to pay the Contract. (Contract at p. 9).

4

that this selection process "terminates with the **execution of a contract of employment** by the director of the agency."[9] The Attorney General goes on to define the Board's authority to "appoint" as "that part of the hiring process of an unclassified employee when a standard form of personnel action . . . is obtained from the Department of Administration."[10] What this means is as clear as mud.

Ignoring, for a moment, that the Attorney General defeats his own Opposition by stating that the Executive Manager has the authority to execute a contract with an unclassified employee after arguing exactly the opposite,[11] what is unassailable is that Guam law expressly provides the procedure by which legal services are obtained by those agencies authorized by law to retain independent legal counsel. In this case, the only relevant statutes and regulations are as follows:

  1.  **12 G.C.A. § 1108**, which gives the Board the sole authority to appoint an attorney for GIAA;

  2.  **5 G.C.A. §§ 5121 and 5216**, which require the Board to go through the Procurement process outlined in the Guam Procurement Law and accompanying regulations in entering into Contracts for Legal Services; and,

---

[9] Opposition Brief at p. 2, ll. 10-16 (emphasis added).

[10] Id. at p. 6.

[11] Compare, Opposition Brief at p. 5 citing 4 GCA §§ 2103.16 and 2107 (**prohibiting** contracts of employment between the government of Guam and employees in the unclassified service) with Opposition Brief at p. 7 (the Attorney General states that "the executive manager did have statutory authority to contract with an attorney"). These positions are clearly irreconcilable.

5

3. **2 G.A.R. §§ 2112 and 3114**, which set forth the specific steps necessary to comply with the Procurement Laws.

Assuming *arguendo* that the attorney appointed by the Board is an "employee" of GIAA, which it clearly is not (as discussed, *below*), the authority of the Executive Manager "to select and appoint the employees of the Authority" is clearly limited by the language "except as otherwise provided in this Chapter."[12] Because the specific language of 12 G.C.A. § 1108 delegates the appointment of the attorney to the Board alone, the Attorney General's contention that Section 1107 "allows for the Board's appointment of the Airport attorney, but reserves the selection of the Airport attorney to the Executive Manager" is contradicted by the statutes directly on the subject.[13]

### III. GIAA'S ATTORNEY IS NOT AN "EMPLOYEE" SUBJECT TO PERSONNEL LAWS, BUT AN INDEPENDENT CONTRACTOR SUBJECT TO THE PROCUREMENT LAWS.

Perhaps even more fantastic than the argument that the Executive Manager selects and contracts with the attorney for GIAA is the Attorney General's position that such attorney is an "unclassified employee" of the government of Guam.[14] In fact, Guam law specifically provides that the attorney appointed by GIAA is <u>not</u> an "employee" subject to Title 4, Guam Code Annotated (the "Personnel Laws").

An "employee" is defined in 2 GAR § 1106(10) as "an individual drawing a **salary**

---

[12] 12 G.C.A. § 1107(b)(5).

[13] Opposition Brief at p. 2, ll. 13-16.

[14] Opposition Brief at p. 3.

6

Case 1:03-cv-00008   Document 39   Filed 03/20/2003   Page 6 of 10

from a governmental body, whether elected or not, and any **noncompensated** individual performing personal services for any governmental body." As evidenced by the Contract executed by the Board, the Mair Firm neither expected to draw a salary from GIAA, nor was it intended to be a "noncompensated individual."[15] Furthermore, nothing in the language of the Personnel Laws designates private independent counsel as "employees" of the government of Guam.

By comparison, the Personnel Laws recognize the Attorney General and his deputies and assistants as "full-time" employees of the government of Guam, and provide salaries to these employees.[16] Additionally, the Ninth Circuit in Haeuser v. Department of Law, Government of Guam, 97 F.3d 1152, 1155 (9th Cir. 1996), recognized the employee status of attorneys general, designating assistant attorneys general as "classified employees."

Moreover, the Procurement Laws and Regulations specifically regulate an agency's authority to contract for legal services. The Personnel Laws do not. "[I]t is a commonplace of statutory construction that the specific governs the general."[17] Thus, the appointment and

---

[15] See also, 12 G.C.A. § 1112 ("The Executive Manager, the Treasurer, Comptroller and Attorney of the Authority are not classified employees.") The Contract itself also cites to 12 G.C.A. § 1105(k) and 4 G.C.A. § 2103.16 which exempt the GIAA attorney from Personnel Laws. (Contract at p. 1, ¶¶ 3, 4 of Recitals).

[16] See 4 G.C.A. § 6208 ("Salaries of Attorney General, Chief Deputy and Deputy Attorneys General, and Assistant Attorneys General"). See also, 5 G.C.A. § 30116 ("The Attorney General shall be compensated in twenty-six (26) equal installments for an annual **salary** based on ninety percent (90%) of the annual compensation of a judge of the Superior Court of Guam")(emphasis added); 5 G.C.A. § 30106(c)("The Chief Deputy Attorney General and each such Deputy Attorneys General as may be appointed shall serve at the pleasure of the Attorney General at a **salary** to be fixed in accordance with 4 GCA § 6208")(emphasis added).

[17] Morales v. Trans World Airlines, 504 U.S. 374, 119 L.Ed.2d 157, 112 S.Ct. 2031 (1992), cert. denied, Attorney General v. Trans World Airlines, 504 U.S. 979, 119 L.Ed.2d 578, 112 S.Ct. 2956 (1992). See also, Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445, 107 S. Ct. 2494, 96 L. Ed. 2d 385

7

retention of independent counsel for an Executive Branch agency with such authority is governed by the Procurement Laws and Regulations, not the Personnel Laws, as urged by the Attorney General.

## IV. THE ATTORNEY GENERAL IS AWARE THAT PROCUREMENT LAWS, NOT PERSONNEL LAWS APPLY TO RETENTION OF PRIVATE COUNSEL.

The Attorney General's Opposition is such a remarkable illustration in diversionary tactics that even the Attorney General has no idea where he is going in his lawsuit against the Executive Manager, much less any inkling of where he started. In his Complaint for Temporary and Permanent Injunction and for Declaratory Relief, the Attorney General never alleged that any contract between GIAA and the Mair Firm was an illegal employment contract or that the provisions of the Personnel Law were applicable in this instance.

On the contrary, it is clear from the pleadings filed by the Attorney General that the applicability of the Procurement Laws is not in question; rather, only the preemption of the local statute 12 GCA § 1108 by the Organic Act is at issue. Indeed, the Attorney General is well aware that the Procurement Laws govern the subject of "legal services agreement":

**From the Complaint at p. 4, ¶¶ 1, 2** (Emphasis added):

> WHEREFORE, the Attorney General of Guam respectfully prays that this Court... (1) Enter a Declaratory Judgment . . . providing that the designation of Chief Legal Officer in 48 U.S.C. § 1421g(d) pre-empts any laws of Guam respecting the distribution of power and responsibilities between the Attorney General of Guam and **private counsel representing**

---

(1987)("where there is no *clear* intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment."), superceded by statute, Shipes v. Trinity Industries, 31 F.3d 347 (5th Cir. 1994)

8

> **government agencies and departments**, ... [and] (2) Issue a temporary injunction ... ordering defendant ... to refrain immediately ... from entering into a **contract with an attorney to provide legal services** for the Guam Airport Authority that is bereft of provisions for supervision by the Plaintiff ...

**From the Motion for Preliminary Injunction at p. 1 and 20** (Emphasis added):

> Plaintiff, the Attorney General, hereby moves the Court for a preliminary injunction ... enjoining Defendant, and all those in active concert or participation with Defendant, from awarding any **private legal services contracts under their current Request for Proposal** other than for Defendant retaining counsel to represent him in this Action, until a final hearing and determination of the merits in the above entitled action.
>
> \* \* \*
>
> ... [T]he Attorney General of Guam respectfully requests that the Court issue a preliminary injunction pending trial as follows: (1) enjoining the award of any **legal services agreements** by the Guam International Airport Authority for legal services ... .

The Attorney General's use of the terms "private counsel" and "legal services agreements" instead of "employee" and "employment agreement" in previous filings with this Court clearly indicate that the Attorney General is well aware that Procurement Laws, rather than Personnel Laws, apply in the instant case. Thus, it cannot be said that the Opposition filed by the Attorney General asserts legal positions made in good faith, as further evidenced by the facts that the position is controverted by the clear language of the applicable statutes and the brief is devoid of any supporting case law.

## CONCLUSION

The Executive Manager is confident that this Court will not be distracted by the arguments contained in the Attorney General's largely irrelevant Opposition Brief. The sole

9

question that the instant Motion to Dismiss asks is whether the Executive Manager is the proper defendant in this case. He is not.

The Attorney General essentially dismisses this important jurisdictional question by improperly placing the onus on this Court: "If <u>the</u> <u>court</u> finds that the Board is the proper party defendant in this action, [footnote omitted] the Attorney General will be bringing the appropriate motions to add them as party defendants."[18] The burden of naming the proper defendant is upon the plaintiff, in the first instance. As "master of his complaint" and "Chief Legal Officer" of the Territory of Guam, he must be held to a higher standard.[19] Therefore, dismissal is proper in this case.

Dated this 20th day of March, 2003.

**MAIR, MAIR, SPADE & THOMPSON**
A Professional Corporation
Attorneys for Defendant

By: _____
**DAVID A. MAIR**

P038024.MTCD

---

[18] Opposition Brief at p. 6 (emphasis added).

[19] See Berry v. Baca, 2002 U.S. Dist. LEXIS 5903 at p. *6 (C.D. Cal. 2002) (dismissing lawsuit against individual in his official capacity where County of Los Angeles was proper party).

10