MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090

Attorneys for Defendant William R. Thompson,
  in his official capacity as Executive Manager of the
  A.B. Won Pat Guam International Airport Authority



FILED
DISTRICT COURT OF GUAM
MAR 20 2003
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| THE ATTORNEY GENERAL OF GUAM, | CIVIL ACTION FILE NO. 03-00008 |
| Plaintiff, | |
| v. | |
| WILLIAM R. THOMPSON, in his official capacity as Executive Manager of the Guam Airport Authority, | |
| Defendant. | |

**DEFENDANT'S REPLY BRIEF RE MOTION TO DISMISS FOR UNSUITABILITY OF DECLARATORY RELIEF**

ORIGINAL

## INTRODUCTION

This memorandum responds to the Attorney General's March 17, 2003 opposition memorandum[1] to the extent that it addresses *Defendant William R. Thompson's Motion to Dismiss Based on Unsuitability of Declaratory Relief.* (In a separate reply, Defendant will address points germane to the Attorney General's *Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.*)

The Attorney General has virtually conceded the point about the Court's discretion to dismiss based on unsuitability of declaratory relief. His opposition did not even bother to address the relevant factors warranting such a dismissal. Instead, the Attorney General erroneously focuses on the fact that he was the first to file his suit. Accordingly, the motion should be granted and the case should be dismissed based on the unsuitability of declaratory relief in this case.

## LEGAL DISCUSSION

### I.

### THE FACT THAT THE ATTORNEY GENERAL'S FEDERAL LAWSUIT WAS FILED FIRST DOES NOT LIMIT THIS COURT'S DISCRETION TO DISMISS

As Defendant has pointed out in his companion memorandum filed today, for purposes of the Younger abstention doctrine it is not controlling whether the federal suit was

---

[1] *Plaintiff's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Defendant's Motion to Dismiss Based on Unsuitability of Declaratory Relief* (March 17, 2003) (hereinafter "Opposition").

1

filed prior to the state court action at issue. Likewise, for purposes of *declaratory relief*, the Court's determination "cannot turn on so mechanical a rule"[2] as who was the first to file.

In a much-cited case, Tempco Elec. Heater Corp. v. Omega Engineering, 819 F.2d 746 (7th Cir. 1987), the Seventh Circuit held that the fact that a party filed suit four days earlier was no bar to dismissal of a federal action for declaratory relief. *Id.* at 749. ("Where as here, the declaratory judgment action is filed in anticipation of an infringement action, the infringement action should proceed, even if filed four days later.") The court aptly summed-up the matter as follows:

> Although a 'first to file' rule would have the virtue of certainty
> and ease of application . . . , the cost--a rule which will
> encourage an unseemly race to the courthouse and, quite likely,
> numerous unnecessary suits--is simply too high.

819 F.2d at 750. Another court phrased the matter this way: "The federal declaratory judgment is not a prize to the winner of the race to the courthouse." Factors, etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 219 (2nd Cir. 1978); *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979).

---

[2] The Attorney General suggests, in a footnote, that Defendant Thompson erred or attempted to mislead the Court when he used the quoted text in his *Memorandum in Support of Defendant William R. Thompson's Motion to Dismiss Based on Unsuitability of Declaratory Relief*. The Attorney General notes that the quote does not appear in the cases Defendant cited. True enough. However, Defendant never contended otherwise. In fact, as Defendant expressly pointed out in that memorandum, the language was contained in the Wright, Miller & Kane treatise. The relevant part of the citation read as follows: "10 B Wright, Miller & Kane, Fed. Practice & Procedure, Civil 3d § 2758 (1998) at p. 529 **(quoted language).**" *Id.* at 5 (emphasis added).

2

The result is no different even where a federal declaratory judgment action was filed four *weeks* before a similar state suit. In Continental Ins. Cos. v. Bayless & Roberts, Inc., 366 F. Supp. 287, 289 (D. Alaska 1973), the court stated the matter thus:

> At the outset, the court notes that **it is not controlling that the presently-pending state court action was filed a month after this declaratory judgment action**. *Fireman's Fund v. Insur. Co. v. Riley*, 322 F. Supp. 349 (W.D. Ky. 1971). To permit a contrary result would encourage a race to the state and federal courthouses, an event which apparently occurred in the instant matter.

366 F. Supp. at 289 (emphasis added). The Ninth Circuit affirmed, holding, with commendable economy, that the trial court had "reached a reasonable conclusion." Continental Ins. Cos. v. Bayless & Roberts, Inc., 503 F.2d 1379 (9th Cir. 1974).

The United States Supreme Court's recent decision in Wilton v. Seven Falls Co., 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), is also in accord. In Wilton, the high court affirmed stay of a federal declaratory judgment suit despite the fact that the state court suit was filed a full month later. 515 U.S. at 280, 115 S.Ct. at 2139, 132 L.Ed.2d 214. *See also* Wong v. Bacon, 445 F. Supp. 1177 (N.D. Cal. 1977) (exercising jurisdiction over ERISA claim but recognizing that fact pending state action was begun second is not determinative).

The court's discretion does not turn on who won the race to the courthouse. Instead, courts look to which suit can afford the most effective and comprehensive solution to the controversy. *See* Wilton, *supra.*

3

## II.

### THE ATTORNEY GENERAL LODGES NO SERIOUS OPPOSITION TO THE *MERITS* OF DEFENDANT'S MOTION TO DISMISS BASED ON UNSUITABILITY OF DECLARATORY RELIEF

By the time the Attorney General gets around to addressing the *merits* of Defendant's motion to dismiss this declaratory judgment action, he basically runs out of gas. The only purported reason he can conjure up for clinging onto this action is that to do otherwise would supposedly "expose the Attorney General to local politics."[3] Needless to say, the Attorney General failed to bolster this conclusory allegation with any factual or legal citations. Apparently, he would have the Court take his word for it that the Superior Court and Guam Supreme Court are far too embroiled in local politics to fairly decide Organic Act questions. Unfortunately for the Attorney General, the Ninth Circuit Court of Appeals does not share his opinion. *See* Gutierrez v. Pangelinan, 276 F.3d 539, 546-547 (9th Cir. 2002) (recognizing "the importance of the Guam Supreme Court's role in shaping the interpretation and application of the Organic Act.").

The Attorney General simply chooses to ignore, and therefore fails to refute, Defendant's discussion of all the various factors which weigh heavily in favor of discretionary dismissal of the instant case. The Ninth Circuit has summarized these factors as follows:

> **It is well settled . . . that a declaratory judgment may be refused where it would serve no useful purpose * * * or**

---

[3] Opposition at pp. 12-13.

Case 1:03-cv-00008 Document 42 Filed 03/20/2003 Page 5 of 7

> would not finally determine the rights of the parties * * * or where it is **being sought merely to determine issues which are involved in a case already pending** and can be properly disposed of therein * * * **especially if the issue is one involving a novel question of state law * * * or is**, for any other reason, **one that can better be adjudicated in another court * * *. Nor should declaratory relief be granted where it would result in piecemeal trials** of the various controversies presented or in the trial of a particular issue without resolving the entire controversy * * *.

McGraw-Edison Co. v. Preformed Line Products Co., 362 F.2d 339, 342-343 (9th Cir. 1966), *cert. denied*, 385 U.S. 919, 17 L. Ed. 2d 143, 87 S. Ct. 229 (1966) (Citations omitted as indicated by asterisks; bold added for emphasis); *quoting* Yellow Cab Co. v. City of Chicago, 186 F.2d 946, 950-951 (7th Cir. 1951); *Followed by* Natural Resources Defense Council, Inc. v. United States EPA, 966 F.2d 1292 (9th Cir. 1992).

The U.S. Supreme Court recently summarized the standard as follows: "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton, *supra*, 515 U.S. at 288, 115 S.Ct. at 2143, 132 L.Ed.2d 214. This analysis involves consideration of additional factors, such as *"whether the claims of all parties in interest can be adjudicated* in the proceeding," as well as whether dismissal would help *avoid "piecemeal litigation"* and "attempts at *forum shopping."* *Id.*, 515 U.S. at 280, 283, 115 S.Ct. at 2139, 2141, 132 L.Ed.2d 214 (emphasis added).

As Defendant has explained at length in earlier memoranda, the instant lawsuit would serve no useful purpose because the controversy can and should be determined by the

5

territorial courts in the first instance, where identical issues are pending. Moreover, this matter clearly involves a novel question of local law which plainly invokes important local interests. The District Court action named the wrong party and cannot afford meaningful relief. Meanwhile, the Superior Court action is proceeding at full clip. In fact, the Attorney General's *ex parte* request for a stay was denied from the bench by Judge Manibusan on March 14, 2003.[4] The Superior Court action is not going to go away. If the instant suit remains pending, the result can only be "piecemeal litigation" with the attendant risk of multiple and inconsistent determinations as well as a proliferation of needless and duplicative litigation.

## CONCLUSION

The case should be dismissed on the basis of the absence of adequate grounds for declaratory relief.

Respectfully submitted this 20th day of March, 2003.

> **MAIR, MAIR, SPADE & THOMPSON**
> A Professional Corporation
> Attorneys for Defendant William R. Thompson, in his
> official capacity as Executive Manager of the
> A.B. Won Pat Guam International Airport Authority
>
> By: _____
> **DAVID A. MAIR**

P03736.RTT

---

[4] *See* Declaration of David A. Mair (March 20, 2003) at ¶ 4.

Case 1:03-cv-00008   Document 42   Filed 03/20/2003   Page 7 of 7