MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090



FILED
DISTRICT COURT OF GUAM
MAR 20 2003
MARY L. M. MORAN
CLERK OF COURT

Attorneys for Defendant William R. Thompson,
  in his official capacity as Executive Manager of the
  A.B. Won Pat Guam International Airport Authority

## IN THE DISTRICT COURT OF GUAM

### TERRITORY OF GUAM

| | | |
|---|---|---|
| THE ATTORNEY GENERAL OF GUAM, | ) ) ) | CIVIL ACTION FILE NO. 03-00008 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **DECLARATION OF DAVID A. MAIR IN SUPPORT** |
| WILLIAM R. THOMPSON, in his official capacity as Executive Manager of the Guam Airport Authority, | ) ) ) ) ) ) | **OF DEFENDANT WILLIAM R. THOMPSON'S MARCH 20, 2003 REPLY BRIEFS** |
| Defendant. | ) ) | |

I, DAVID A. MAIR, do hereby declare and state as follows:

1. That I am a resident of Guam, over the age of eighteen (18) years of age, legally competent to testify, and have personal knowledge of the matters set forth herein, except those matters alleged upon information and belief, which I believe to be true.

**ORIGINAL**

2. I am a member of the bar of this Court and a principal in the law firm of Mair, Mair, Spade & Thompson; and as such am the attorney primarily responsible for the defense of Defendant William R. Thompson, in his official capacity as Executive Manager of the A.B. Won Pat International Airport Authority, Guam in the above-captioned matter.

3. Attached to this Declaration as Exhibits A and B, respectively, are the trial and appellate court dispositions concerning the case <u>Tarantino v. Board of Regents</u>, Superior Court of Guam, Civil Case No. CV1455-00 (*Decision and Order*, December 5, 2000) and <u>Tarantino v. Board of Regents</u>, Supreme Court Case No. CVA00-30 (*Stipulation and Order*, October 24, 2001).

4. On March 14, 2003, I attended a hearing in the Superior Court, Judge Joaquin V.E. Manibusan, Jr.'s courtroom, called for the purpose of entertaining the Attorney General's *ex parte* motion to stay proceedings in the Superior Court. The court heard extended oral argument on the matter and, thereafter, refused to issue a stay in the Superior Court case.

I declare under penalty of perjury under the laws of Guam that the foregoing is true and correct.

Dated this 20th day of March, 2003.

                                                _____
                                                **DAVID A. MAIR**

P03737.RTT

1

RECEIVED
DEC 18 2000
GUAM LAW LIBRARY

FILED
SUPERIOR COURT
OF GUAM

2000 DEC -5 AM 10: 37

ALFREDO M. BORJAS
CLERK OF COURT
BY:

IN THE SUPERIOR COURT OF GUAM

JOHN F. TARANTINO, Attorney General of Guam,

Plaintiff,

vs.

BOARD OF REGENTS of the UNIVERSITY OF GUAM; DAVID L.G. SHIMIZU, Chairman; PETER F. MELNYK, Vice Chairman; DONNA MUNA-QUINATA, Treasurer; FRANKLIN J. QUITUGUA, Member; MARIE NELSON, Member; and MARK MENDIOLA, Student Regent,

Defendants.

CIVIL CASE NO. CV1455-00

DECISION AND ORDER

Attorney for Plaintiff:      John F. Tarantino
                             Office of the Attorney General
                             2-200E Judicial Center Bldg.
                             120 West O'Brien Drive
                             Hagåtña, Guam 96910

Attorney for Defendants:     Peter F. Perez
                             Law Office of Peter F. Perez
                             Suite 216, Union Bank Bldg.
                             194 Hernan Cortes Avenue
                             Hagåtña, Guam 96910

This matter came before the Court for a hearing on the Defendants' Motion to Dismiss on November 9, 2000. At the conclusion of the hearing, the Court took the matter under advisement. After having considered the written submissions and the parties' written and oral arguments, the Court GRANTS the Defendants' Motion to Dismiss WITH PREJUDICE under Rule 12 (b) (6) of the Guam Rules of Civil Procedure (hereafter GRCP) for the reasons stated below.

I.

BACKGROUND

Plaintiff filed a Complaint for Declaratory Judgment and for Temporary and Permanent Injunctions on August 31, 2000, wherein he seeks to overturn the actions of the Defendants in connection with their selection of a new president for the

**EXHIBIT A**

University of Guam. Subsequently, on October 26, 2000, Defendants filed a Motion to Dismiss With Prejudice Under Rule 12 (b) and an Ex Parte Application to Shorten Time for Hearing on Motion to Dismiss. The Plaintiff filed his Opposition to the shortening of time that same day.

At the close of the October 26, 2000 ex parte hearing on the Defendants' application to shorten the time for hearing their motion to dismiss, the Court, finding that the Defendants waived their reply brief, granted the Defendants' Ex Parte Application and scheduled the hearing on the Motion to Dismiss the Plaintiff's suit for November 9, 2000. Plaintiff filed a Memorandum of Points and Authorities In Opposition to Motion to Dismiss Under Rule 12 (b) on November 8, 2000.

## II.
## DISCUSSION

By grant of 7 GCA § 3105, this Court has jurisdiction to decide the present case.

The Plaintiff, as the Attorney General of Guam, makes the following three allegations in his complaint: (1) a non-board member voted during a meeting; (2) the Defendants violated the Open Government Law; and (3) the Defendants violated the UOG Rules and written policies, and seeks a declaratory judgment and permanent and temporary injunctive relief.

The basis of the Defendants' motion to dismiss is that the Plaintiff has failed to state a claim upon which relief can be granted. GRCP Rule 12 (b) (6). Defendants launch a fundamental attack, arguing that Plaintiff lacks the legal capacity and standing as a party plaintiff to sue the Defendants. The main thrust of the Defendants' motion to dismiss is grounded in the Guam Rules of Professional Conduct (hereafter GRPC), specifically GRPC 1.7, which deals with conflicts of interest.

The Defendants' Rule 12 (b) (6) motion to dismiss is a proper motion to be brought. The Court will not touch upon the merits of the underlying case but will now address the sufficiency of the Plaintiff's claims for relief.

2

*Tarantino v. Bd. of Regents of the University of Guam*
Civil Case No. CV1455-00
<u>DECISION AND ORDER</u>

This is the Defendants' motion and the Court acknowledges Plaintiff's astute observation that the Defendants failed to provide the Court with case law on-point or adequate analogy of the case law presented; however, Defendants cited some persuasive authority during oral argument. The Court reminds counsels that "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam).[1]

The Court will first discuss Plaintiff's standing and then whether there is a conflict of interest on Plaintiff's part in his suit against the Defendants.

A. <u>Standing.</u>

On the issue of standing, one of Plaintiff's complaints is that the Defendants violated the Open Government Law at a meeting wherein they voted in their selection of a new president for the University of Guam. Under the Open Government Law of Guam, standing is conferred to <u>any person</u> to sue for the enforcement of the law within the entire executive branch. 5 GCA § 8115 (a) (emphasis placed). The University of Guam is a public corporation, however, meetings of the Board of Regents, regular or special, are subject to the Open Government Law of Guam. 17 GCA § 16104.2. The

---

[1] The Court disposes of the following cases provided by the parties as inapplicable to the present case: *Flatt v. Superior Court*, 885 P.2d 950 (1994); *Truck Ins. Exchange v. Fireman's Fund Ins. Co.*, 6 Cal. App. 4th 1050 (1992); *Holloway v. Tainatongo*, Superior Court of Guam Special Proceedings Case No. SP011-95; *Metro-Goldwyn-Mayer*, 36 Cal. App. 4th 1835 (1995); *Forrest v. Baeza*, 58 Cal. App. 4th 65 (1997); *Slater v. Rimar, Inc.*, 338 A.2d 584 (Pa. 1975); *Ennis v. Ennis*, 276 N.W.2d 341 (Wis. App. 1979); *Progressive Party v. Flynn*, 82 N.E.2d 476 (1948). While the following cases were enlightening, they were nonetheless inapplicable for reasons stated: *Connecticut Comm'n on Special Revenue, et al. v. Connecticut Freedom of Information Comm'n, et al.*, 387 A.2d 533 (Conn. 1978) (involved Attorney Generals representing two agencies); *Gibson v. Johnson*, 582 P.2d 452 (1978) (no attorney-client relationship between assistant attorney generals and recipients of aid to dependent children); and *EPA v. Pollution Control Bd*, 372 N.E.2d 50 (Ill. 1977) (involved whether a state agency may employ private counsel to represent it and have the fees paid by the Attorney General in the absence of appointment of such counsel by the court or the Attorney General).

3

Case 1:03-cv-00008   Document 43   Filed 03/20/2003   Page 5 of 18

*Tarantino v. Bd. of Regents of the University of Guam*
Civil Case No. CV1455-00
<u>DECISION AND ORDER</u>

Superior Court of Guam shall have jurisdiction to enforce any action brought as a result of a violation of the Open Government Law of Guam. *Id.* Thus, the Court finds that the Plaintiff has standing to sue for the enforcement of the Open Government Law of Guam as it applies to the University of Guam Board of Regents' meetings. Standing having been found in at least one of the three allegations in the Plaintiff's complaint, the Court now moves to the crux of the Defendants' motion to dismiss and whether the Attorney General has a duty of loyalty to the Board of Regents constraining him from suing them. This is a matter of first impression for the Court.

B.  *<u>Conflict of Interest.</u>*

Before reaching the conflict of interest issue, the Court must first determine if the Defendants are clients of the Plaintiff.

    i.    *Are the Defendants Clients of the Plaintiff?*

As the parties point out, a 1998 amendment to the Organic Act of Guam made the Attorney General the Chief Legal Officer of the Government of Guam. 48 U.S.C.A. § 1421g (d). The 1998 Organic Act Amendment which designated the Attorney General the Chief Legal Officer of Guam and permits an elected Attorney General did not create nor confer any explicit powers or duties onto Guam's newly created Chief Legal Officer.

Although the University may employ an attorney, the "Attorney General <u>shall represent</u> the University in <u>all litigations</u> in which the University of Guam is interested, provided that the Attorney General shall designate the attorney for the University as a Special Assistant Attorney General for this purpose."[2] 17 GCA § 16114 (emphasis

---

[2] The Court takes judicial notice, pursuant to 6 GCA § 201, of the following cases in which the Attorney General of Guam appointed a Special Assistant Attorney General to represent the University of Guam in litigations before the Superior Court of Guam: *University of Guam v. Ikeda*, Superior Court of Guam Special Proceeding Case No. SP0133-98; *University of Guam v. M.R. Del Priore Enter., et al.*, Superior Court of Guam Civil Case No. CV1918-98; *University of Guam v. Pacific Rock Corp.*, Superior Court of Guam Special
(continued...)

4

placed).

The Court takes judicial notice that at the present and recent years past, Marcelene Santos has been designated by the Attorney General as the Special Assistant Attorney General to represent the University in litigation in which the University is interested.[3] *See* Defendants' Exhibits A through L. These appointments are not perfunctory. The Plaintiff has been personally involved in his office's oversight of the litigation and the Plaintiff has advised the University that he has oversight over all litigation. *See* last paragraph of Defendants' Exhibit B. Clearly, the Plaintiff has acted as counsel in some legal matters concerning the University of Guam.

The Plaintiff contends that the Attorney General's Office represents the entity, the "University of Guam," but not the University's Board of Regents and hence, he neither has a duty of loyalty to them nor a conflict of interest with them. GRPC Rule

---

[2](...continued) Proceeding Case No. SP0019-93; *University of Guam v. McNally*, Superior Court of Guam Civil Case No. CV0999-99; *University of Guam v. Guam Civil Service Comm'n*, Superior Court of Guam Special Proceeding Case No. SP0013-95; *Clyde Sauget v. University of Guam*, Superior Court of Guam Small Claims Division Case No. SD3494-99; *Mesngon v. Government of Guam, et al.*, Superior Court of Guam Special Proceeding Case NO. SP0080-00; and *University of Guam v. Guam Civil Service Comm'n*, Superior Court of Guam Special Proceeding Case No. SP0032-96.

[3] Based on the parties' representations during the November 9, 2000 hearing, Peter F. Perez, counsel for the Defendants, was retained by the Defendants and has not been designated a Special Assistant Attorney General by the Plaintiff, the Attorney General of Guam. During oral arguments, Attorney Perez made reference to "Defendants' Exhibit X" which he purported to be a courtesy letter from the Attorney General's Office designating him as counsel for the Defendants in the present case. However, the record is void of any such exhibit; the Defendants' submitted Exhibits A through W with their Motion to Dismiss and did not present or introduce any other exhibit to the Court during the November 9, 2000 hearing.

1.13 (a), which is applicable to government organizations,[4] states that "[a] lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents." Comment 7 to Rule 1.13 recognizes that an Attorney General's client is *generally* the government as a whole. (emphasis supplied). But the rule goes on to state that "[a] lawyer representing an organization may also represent any of its . . . officers, . . . or other constituents, subject to the provisions of Rule 1.7 . . ." which deals with general conflicts of interest. GRPC Rule 1.13 (e).

The Board of Regents is the governing force, akin to the brain, of the University. In the hierarchy scheme, the Board of Regents is at the top, with the President of the University following. Interestingly, 17 GCA § 16105 states in its entirety the following:

> § 16105. **Board Members Not Deemed Officers [sic] or Employees of the Government of Guam.** The members of the Board <u>shall not</u>, by reason of such membership, <u>be deemed employees</u> of the government of Guam.

(emphasis applied). Guam statute makes it clear that the Defendant Board of Regents are not employees of the University of Guam or the government of Guam. But it remains that the Defendant Board of Regents are public officers or officials of the government of Guam. 4 GCA § 2103.4 (h).[5]

Moreover, the statute which addresses when the Attorney General may defend a government of Guam employee or officer in an action instituted against the employee or officer, sets forth that "[w]henever any action for damages is instituted against any officer or employee of the government of Guam in his individual capacity for the performance of an authorized official act, the officer or employee may request the Attorney General to undertake the defense of such action." 5 GCA § 30108 (a).

---

[4] GRPC Rule 1.13, cmt. 6.

[5] Title 4 of the Guam Code Annotated, wherein public officers and employees are dealt with, defines an "official" as "a member of a board or commission of the government of Guam, or an officer or employee of the government of Guam."

6

*Tarantino v. Bd. of Regents of the University of Guam*
Civil Case No. CV1455-00
**DECISION AND ORDER**

Additionally, the Attorney General's defense representation of an employee or officer of the government of Guam is not mandatory and is contingent on finding the employee or officer acted in good faith and is subject to the approval of the Governor. *Id.* The Court is aware that the action for damages spoken of in 5 GCA § 30108 is civil in nature and involves pecuniary compensation or indemnity; whereas the action against the Defendants, *albeit* civil in nature, is declaratory and injunctive. The differences between the damages and the relief sought is insignificant because the Defendants by statute are public officers or officials of the government of Guam and the Attorney General can render representation on their behalf in a civil action against them in their individual capacities for the performance of an official act.

The Plaintiff himself rendered legal advice to the Defendant Board of Regents. *See* Defendants' Exhibits M, N, and O. Because the members of the Board of Regents are public officers or officials of the government of Guam, the Plaintiff was mandated by law to give his legal opinion to the Board. *See* 5 GCA § 30107 (the Attorney General shall, when requested or required, give without fee his opinion in writing to public officers, commissioners for the courts, and legislators).

The Court finds that by virtue of the Defendants' status as public officers or officials and the rendering of and mandated duty to render his legal opinion to the Defendant Board of Regents, it is unquestionable that the relationship of that of lawyer-client was created and continues to exist. Having found a lawyer-client relationship between the Plaintiff and Defendant Board of Regents, the Court must address whether a conflict of interest prohibits the Attorney General from suing his own client for not heeding his advice.

    ii.    *Does a Conflict of Interest Exist?*

The Defendants assert that the Plaintiff is barred by Guam's Rules of Professional Conduct from instituting the underlying action against them because of a conflict of interest on the Plaintiff's part.

The Guam Rules of Professional Conduct are contained in Title 7, Appendix F

7

*Tarantino v. Bd. of Regents of the University of Guam*
Civil Case No. CV1455-00
<u>DECISION AND ORDER</u>

of the Guam Code Annotated. GRPC Rules 1.7 provides as follows:

> **Rule 1.7 Conflict of Interest: General Rule.**
> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
> 1. the lawyer reasonably believers the representation will not adversely affect the relationship with the other client; and
> 2. each client consents after consultation.
>
> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interest, unless:
> 1. the lawyer reasonably believes the representation will not be adversely affected; and
> 2. the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

As a general proposition, loyalty to a client prohibits undertaking representation directly adverse to that client without the client's consent. GRCP Rule 1.7, cmt. 3. Thus, a lawyer ordinarily may not act as advocate against a person the lawyer represents in some other matter even if it is wholly unrelated. *Id.*

Resolving questions of conflict of interest is primarily the responsibility of the lawyer undertaking the representation. *See id.* at cmt. 15. Where the conflict is such as clearly to call into question the fair or efficient administration of justice, opposing counsel may properly raise the question. *Id.* Such an objection should be viewed with caution, however, for it can be misused as a technique for harassment. *Id.*

The Plaintiff argues that "it is clear that the application of Rule 1.7 is not the same for an Attorney General as it is for a private attorney." Plaintiff's Memorandum of Points & Authorities In Opposition to Motion to Dismiss Under Rule 12 (b), p. 4. The two bases of Plaintiff's argument are: (1) the Attorney General of Guam is an Organic Act creation; and (2) the Attorney General is *sui generis.*

(1) The Attorney General as an Organic Act creation.

Plaintiff contends that the Guam Legislature cannot limit the common law powers of the Attorney General, most especially since the Organic Act now designates the Attorney General the Chief Legal Officer of Guam. The Court disagrees. A

8

review of the House Reports of the 1998 Organic Act Amendments provides no support to Plaintiff's claim that the Attorney General harnesses powers that are immune from local legislation. H.R. REP. NO. 105-742, 105th Cong. (2nd Sess. 1998). After stating there were controversies and a growing number of complaints because of the appointed nature of the Attorney General, public concerns of political interference with investigations, inefficiency of case work, and dismissal of the Attorney General without cause, the H.R. Report stated that "[a]n amendment to Guam's Organic Act is needed to allow for an elected Attorney General." *Id.* (Background and Need for Legislation).

The statute prescribing the common law powers of the Attorney General explicitly states that "[t]he Attorney General shall have ... those common law powers ... <u>unless expressly limited by any law of Guam to the contrary</u>." 5 GCA § 30103 (emphasis supplied). The statute instructs that the Attorney General has common law powers "which include, but are not limited to, the right to bring suit to challenge laws which he believes to be unconstitutional and to bring action on behalf of the Territory representing the citizens as a whole for redress of grievances which the citizens individually cannot achieve, <u>unless expressly limited by any law of Guam to the contrary</u>." 5 GCA § 30103 (emphasis supplied).

Moreover, the duties of the Attorney General are listed in 5 GCA § 30109. That section states in relevant part that the Attorney General is the public prosecutor and shall "[c]onduct on behalf of the Government of Guam the prosecution of all offenses against the laws of Guam ... ," "[i]nstitute by any appropriate action proceedings on behalf of himself or any other public office (not an employee) to have determined by the courts the validity of any law, rule or regulation of the government of Guam" and "[p]erform such other duties as are required by law or assigned to him by the Governor. 5 GCA § 30109 (a), (g) and (h), respectively.

The Plaintiff seeks a declaratory judgment and injunctive relief in his complaint, seeking to overturn the actions of the Defendants in connection with their

9

*Tarantino v. Bd. of Regents of the University of Guam*
Civil Case No. CV1455-00
**DECISION AND ORDER**

selection of a new president for the University of Guam. Plaintiff claims that he derives the authority to act as he did under the guise of a common law power or duty to protect the interests of the people of Guam. The Plaintiff is not challenging the constitutionality or validity of any statute, nor is he prosecuting any offense. Neither is the underlying suit one which citizens individually cannot achieve. The duties and powers granted by local statute to the Attorney General of Guam do not explicitly, nor by implication, include the power to challenge in court by declaratory action the decisions made by executive boards or boards of a public corporation. A review of the 1998 Amendments to the Organic Act and the Organic Act itself grants no enhancement to the powers of the newly created Chief Legal Officer of Guam.[6] Thus, the Court finds that the Plaintiff lacks the legal capacity to challenge the acts and decision made the board of a public corporation in the manner of a complaint for declaratory and injunctive relief.

(2) The Attorney General is *sui generis*.

Does the Attorney General's *sui generis* status exempt him from the traditional application of the GRPC?

As stated previously, a lawyer ordinarily may not act as advocate against a client the lawyer represents in some other matter, even if the other matter is wholly unrelated. However, Rule 1.7 makes exception for lawyers representing an enterprise with diverse operations and for government lawyers. GRCP Rule 1.7, cmt. 8. As comment 8 to Rule 1.7 states, "government lawyers in some circumstances may represent government employees in proceedings in which a government agency is the opposing party." Moreover, in a matter involving the conduct of government officials,

---

[6] The Organic Act of Guam in its present form does not confer any elaborated powers on the Chief Legal Officer of Guam. In fact, controversies surrounding the appointment nature of the position of the Attorney General, public concerns of political interference with investigations, inefficiency of case work, and dismissal of the Attorney General without cause was cited as reasons for the 1998 Amendment to the Organic of Guam. H.R. REP. NO. 105-742, 105th Cong. (2nd Sess. 1998).

10

a government lawyer may have the authority to question the conduct more extensively than that of a lawyer for a private organization in similar circumstances. GRCP Rule 1.13, cmt. 6. In these instances, Attorney Generals are *sui generis*, meaning "[o]f its own kind or class; *i.e.*, the *only one* of its own kind." BLACK'S LAW DICTIONARY 1434 (6th ed. 1990) (emphasis in original).

While recognizing that the Attorney General of Guam is *sui generis*, the Court does not concur with the Plaintiff's proposition that GRPC Rule 1.7 is not the same for an Attorney General as it is for a private attorney. *Contra People v. Castro*, Superior Court of Guam Criminal Case No. CF0324-98 (March 10, 2000) (the court found the Attorney General could prosecute a government employee and defend the government against a claim by the alleged victim's family); *Connecticut Comm'n on Special Revenue, et al. v. Connecticut Freedom of Information Comm'n, et al.*, 387 A.2d 533, 537 (Conn. 1978) (although the Connecticut court held the Attorney General could represent two opposing agencies, it held its ruling was specific to the case and the ruling might not apply to all circumstances); and *Superintendent of Ins. v. Attorney General* 558 A.2d 1197, 1202, 1203 (Maine 1989) (citations omitted). Inherent in every lawyer-client relationship is a lawyer's duty of loyalty to his client.

A 1997 ABA Formal Opinion noted that "[w]hile lawyers who serve as public officers or employees are singled out for special treatment under a few rules, *e.g.*, Rule 1.11 ("Successive Government and Private Employment") and 3.8 ("Special Responsibilities of a Prosecutor"), it has generally been assumed – correctly in our view – that such lawyers are in most other respects subject to the same obligations in representing their government client that apply to lawyers representing private clients." ABA Formal Op. 97-405, fn. 1 (1997).

Moreover, the Court places significant reliance on *People ex rel. Deukmejian v. Brown*, wherein the Supreme Court of California held that the Attorney General could not represent clients one day, render legal advice to them regarding pending litigation, withdraw, and then sue the same clients the next day on a cause of action arising out of

11

the identical controversy finding no constitutional, statutory, or ethical authority for such conduct. 624 P.2d 1206 (Cal. 1981). The court reasoned that it found no justification to relax the rules of professional conduct governing an attorney's right to assume a position adverse to his current or former client, particularly in a litigation that arose during the period of an attorney-client relationship, and especially since the legislature impliedly recognized that a conflict might arise because of the dual role as representative of a state agency and guardian of the public interest by giving the Attorney General the right to withdraw from representation of his statutory clients and to permit them to engage private counsel. *Id.* 1209-1210. Similarly, 5 GCA § 30108 (b) acknowledges that the Attorney General may decline representation of an officer or employee because of a possible conflict of interest on the grounds that criminal prosecution or disciplinary action requiring action by the Attorney General may proceed from the act needing representation which is also the subject of the civil action for damages.

    The Plaintiff argues that he is acting within his common law duty to protect the interests of the public in suing the Defendants relying on *Superintendent of Ins. v. Attorney General*, wherein which the Maine Supreme Court rejected the *Deukmejian* rationale and vacated the trial court's holding which struck the appearance of the Attorney General on the basis of a conflict of interest and ordered the abandonment of the Attorney General's duty to represent the public interest. 558 A.2d 1197, 1202 (Maine 1989). *Superintendent of Ins.* was a rate-order case which compelled the protection of the interests of the general public by the Attorney General regarding medical insurance rates. The court found no conflict of interest in recognition that the Attorney General was *sui generis* and held that the abandonment of the public interest was not necessary in light of the practical resolution that the Attorney General's large staff can be assigned in such a manner as to afford independent legal counsel and representation to the various agencies. *Id.* at 1203-1204 (citing *State ex rel. Allain v. Mississippi Public Service Comm'n*, 418 So.2d 779 (Miss. 1982). Such is not the case on Guam where there

exists an extremely small staff and one office for the Office of the Attorney General of Guam. Moreover, Plaintiff's complaint is one that can be easily brought by an individual citizen.

The Court finds *Deukmejian* highly insightful and persuasive.[7] Before an attorney may represent interests adverse to a client he must obtain his client's consent in writing. *Deukmejian* at 1208. The Court reiterates that the Plaintiff himself has rendered advice to the Defendants on the subject matter of this case and is involved in the present case as a party plaintiff. *See* Plaintiff's Exhibits C, D, and E. As the Court earlier found, a lawyer-client relationship between the Plaintiff and the Defendants existed as of the time the underlying action arose and continues to exist. Even if the Attorney General is *sui generis*, a lawyer-client relationship was formed and a duty of loyalty to his clients prevents the Plaintiff from undertaking an action directly adverse to the Defendants without their written consent after consultation. The Court cannot overemphasize that loyalty to a client is an essential element in the lawyer's relation to a client. GRCP Rule 1.7, cmt. 1.

Additionally, GRCP Rule 1.7 explains that a possible conflict does not preclude a representation which may be adverse to a client. *Id.* at cmt. 4. The critical questions are the likelihood that a conflict will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or forecloses courses of action that reasonably should be pursued on behalf of the client. *Id.* But loyalty to a client is impaired when a lawyer cannot consider, recommend, or carry out an appropriate course of action for the client because of the

---

[7] The Organic Act of Guam gives the governor of Guam similar supervisory powers over the Attorney General and charges the governor with the faithful execution of the laws as in *Deukmejian*. Attorney General Tarantino continues to serve under the supervision of the governor who appointed him and at the governor's pleasure. The Court finds it is unnecessary and irrelevant to embark in a discussion of whether the governor of Guam or an elected Attorney General has the power to determine the public interest and a related analysis of Guam's Organic Act and statutes.

13

*Tarantino v. Bd. of Regents of the University of Guam*
Civil Case No. CV1455-00
<u>DECISION AND ORDER</u>

lawyer's other responsibilities or interests. *Id.*

As in *Deukmejian*, the Court finds neither Organic Act nor statutory authority which overcomes the Plaintiff's duty of loyalty to his clients, the Defendants. The Court acknowledges that the Attorney General is *sui generis*, but the Court finds that the Plaintiff acted in violation of the Rules of Professional Conduct. The Attorney General did not obtain the Defendants' permission to sue them.

The Court finds that pursuant to GRPC Rule 1.7, without the Defendant Board of Regents' consent after consultation, the Plaintiff is barred from bringing this civil suit as a party plaintiff against the Defendants.

### III.
### CONCLUSION

Based on the aforementioned reasons, the Court GRANTS the Defendants' Motion to Dismiss WITH PREJUDICE under GRCP 12 (b) (6).

SO ORDERED this 5th day of December, 2000.

HONORABLE KATHERINE A. MARAMAN
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court, Guam, issued at Hagatna, Guam

DEC 05 2000
CARL P. PEREZ
Court of Guam

14

RECEIVED
OCT 2 2 2001
SUPREME COURT
OF GUAM
BY:

FILED
SUPREME COURT
OF GUAM
OCT 24  2 22 PM '01

# IN THE SUPREME COURT OF GUAM

| | |
|---|---|
| JOHN F. TARANTINO, Attorney General of Guam,<br><br>Plaintiff-Appellant,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF GUAM,<br><br>Defendants-Appellees. | SUPREME COURT CASE NO. CVA00-30<br>SUPERIOR COURT CASE NO. CV1455-00<br><br>STIPULATION AND ORDER |

RECEIVED
OCT 29 2001
GUAM LAW LIBRARY

## STIPULATION

The Appellant and Appellees by and through their undersigned counsel hereby stipulate as follows:

1. The underlying suit and this appeal are moot based on the judicially noted fact that Dr. Peter Lee, the presidential candidate who is the subject of the selection dispute in this lawsuit, publicly announced his irrevocable decision to withdraw his candidacy for the position of President at the University of Guam.

2. The parties therefore jointly request that based on the foregoing, this Court order the Superior Court of Guam's Decision and Order of December 5, 2000, vacated, direct the Superior Court of Guam to dismiss the action with prejudice, and thereafter dismiss all remaining issues on appeal.

3. Each party shall bear his respective attorney's fees and costs.

4. The parties agree to the following order:

OFFICE OF THE ATTORNEY GENERAL
Civil Litig. Division
Suite 2-200E, Judicial Center Building
120 West O'Brien Drive
Hagåtña, Guam 96910
TEL: 475-3324 FAX: 472-2493

20011930

**EXHIBIT B**

Tarantino v. Board of Regents UOG; CVA00-030
Stipulation and Order

SO STIPULATED:

| | |
|---|---|
| OFFICE OF THE **ATTORNEY GENERAL** | LAW OFFICE OF PETER F. PEREZ |
| _____ | _____ |
| B. ANN KEITH<br>Assistant Attorney General<br>Attorney for Plaintiff-Appellant | PETER F. PEREZ<br>Attorney at Law<br>Attorney for Defendants-Appellees |
| Date: 19 Oct 01 | Date: 10/19/01 |

### ORDER

THIS MATTER comes before the court on the parties' stipulation, IT IS HEREBY ORDER AS FOLLOWS:

1. The appeal herein is dismissed.

2. The Superior Court of Guam Decision rendered on December 5, 2000 in <u>John F. Tarantino, Attorney General of Guam v. Board of Regents University of Guam;</u> Civil Case No. CV1455-00, is vacated and the Superior Court is directed to dismiss said action with prejudice.

3. Each party to bear their own respective attorneys' fees and costs.

SO ORDERED: 24 OCT 01

_____
HONORABLE PETER C. SIGUENZA
Chief Justice

, do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Supreme Court of Guam Dated at Hagatna, Guam

OCT 24 2001

Deputy Clerk, Supreme Court of Guam