**Office of the Attorney General**
**Douglas B. Moylan**
Attorney General of Guam
**Civil Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

**Attorneys for the Government of Guam**

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| ATTORNEY GENERAL OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM R. THOMPSON,<br><br>Defendant. | CIVIL CASE NO. 03-00008<br><br><br>NOTICE OF APPEAL |

Notice is hereby given that the Attorney General of Guam, plaintiff in the above-named case, hereby appeals to the United States Court of Appeals for the Ninth Circuit as follows:

1. from the judgment entered in this action on April 1, 2003;

2. from the Order, entered in this action on April 1, 2003, abstaining from exercising jurisdiction, and granting defendant's motion to dismiss based upon the unsuitability of declaratory relief;

3. from the Order, filed in this action on March 11, 2003, granting defendant's motion to redact and seal confidential communications contained in Exhibit 1, attached to plaintiff's complaint; and

4. from the Order, filed in this action on March 28, 2003, denying plaintiff's Rule 60(b) motion and ratifying the Court's March 11, 2003 Order.

Dated April 28, 2003.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

By: _____

ERIC A. HEISEL
Assistant Attorney General
Civil Division



| Form 6. Civil Appeals Docketing Statement | USCA DOCKET # (IF KNOWN) |

F I L E D
DISTRICT COURT OF GUAM
APR 28 2003
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
# CIVIL APPEALS DOCKETING STATEMENT

PLEASE ATTACH ADDITIONAL PAGES IF NECESSARY.

| TITLE IN FULL: | DISTRICT: Guam | JUDGE: John S. Unpingco |
|---|---|---|
| The Attorney General of Guam<br>v.<br>William R. Thompson, in his official capacity as Executive Manager of The Guam Airport Authority | DISTRICT COURT NUMBER: Civil Case No. 03-00008 | |
| | DATE NOTICE OF APPEAL FILED: 4/28/03 | IS THIS A CROSS-APPEAL? ☐ YES |
| | IF THIS MATTER HAS BEEN BEFORE THIS COURT PREVIOUSLY, PLEASE PROVIDE THE DOCKET NUMBER AND CITATION (IF ANY): | |

BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW: Action for temporary & permanent injunction, enjoining defendant from entering into contract with attorney to provide legal services to Guam International Airport Authority, without inclusion of certain language and action for declaratory judgement determining rights of parties. District Court issued Order abstaining from exercising jurisdiction and Order dismissing case based on unsuitability of declaratory relief.

PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL:
1) Whether District Court abused its discretion in abstaining from exercising jurisdiction.
2) Whether District Court erred in finding that the communications in the letter attached to the Complaint occurred in the context of an attorney-client relationship.

PLEASE IDENTIFY ANY OTHER LEGAL PROCEEDING THAT MAY HAVE A BEARING ON THIS CASE (INCLUDE PENDING DISTRICT COURT POST-JUDGMENT MOTIONS):

Superior Court of Guam - Special Proceedings Case No. SP0055-03.

DOES THIS APPEAL INVOLVE ANY OF THE FOLLOWING:

☐ Possibility of settlement

☐ Likelihood that intervening precedent will control outcome of appeal

☐ Likelihood of a motion to expedite or to stay the appeal, or other procedural matters (Specify) _____

_____

☐ Any other information relevant to the inclusion of this case in the Mediation Program _____

_____

☐ Possibility parties would stipulate to binding award by Appellate Commissioner in lieu of submission to judges

# LOWER COURT INFORMATION

| JURISDICTION | | DISTRICT COURT DISPOSITION | |
|---|---|---|---|
| FEDERAL | APPELLATE | TYPE OF JUDGMENT/ORDER APPEALED | RELIEF |

**JURISDICTION**

**FEDERAL**

- [X] FEDERAL QUESTION
- [ ] DIVERSITY
- [ ] OTHER (SPECIFY):

**APPELLATE**

- [X] FINAL DECISION OF DISTRICT COURT
- [ ] INTERLOCUTORY DECISION APPEALABLE AS OF RIGHT
- [ ] INTERLOCUTORY ORDER CERTIFIED BY DISTRICT JUDGE (SPECIFY):
- [ ] OTHER (SPECIFY):

**TYPE OF JUDGMENT/ORDER APPEALED**

- [ ] DEFAULT JUDGMENT
- [ ] DISMISSAL/JURISDICTION
- [X] DISMISSAL/MERITS
- [ ] SUMMARY JUDGMENT
- [X] JUDGMENT/COURT DECISION
- [ ] JUDGMENT/JURY VERDICT
- [ ] DECLARATORY JUDGMENT
- [ ] JUDGMENT AS A MATTER OF LAW
- [ ] OTHER (SPECIFY):

**RELIEF**

- [ ] DAMAGES: SOUGHT $_____ AWARDED $_____
- [ ] INJUNCTIONS:
  - [ ] PRELIMINARY
  - [ ] PERMANENT
  - [ ] GRANTED
  - [ ] DENIED
- [ ] ATTORNEY FEES: SOUGHT $_____ AWARDED $_____
  - [ ] PENDING
- [ ] COSTS: $_____

## CERTIFICATION OF COUNSEL

**I CERTIFY THAT:**

1. COPIES OF ORDER/JUDGMENT APPEALED FROM ARE ATTACHED.

2. A CURRENT SERVICE LIST OR REPRESENTATION STATEMENT WITH TELEPHONE AND FAX NUMBERS IS ATTACHED (SEE 9TH CIR. RULE 3-2).

3. A COPY OF THIS CIVIL APPEALS DOCKETING STATEMENT WAS SERVED IN COMPLIANCE WITH FRAP 25.

4. I UNDERSTAND THAT FAILURE TO COMPLY WITH THESE FILING REQUIREMENTS MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF THIS APPEAL.

_(signature)_ Signature     4·28·03 Date

## COUNSEL WHO COMPLETED THIS FORM

NAME:

FIRM:

ADDRESS:

E-MAIL:

TELEPHONE:

FAX:

**RECEIVED**
**APR 28 2003**
DISTRICT COURT OF GUAM
HAGATNA, GUAM

**✳THIS DOCUMENT SHOULD BE FILED IN THE DISTRICT COURT WITH THE NOTICE OF APPEAL✳**
**✳IF FILED LATE, IT SHOULD BE FILED DIRECTLY WITH THE U.S. COURT OF APPEALS✳**

FILED
DISTRICT COURT OF GUAM

APR 01 2003

MARY L. M. MORAN

(46)

# DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| THE ATTORNEY GENERAL OF GUAM, | Civil Case No. 03-00008 |
| Plaintiff, | |
| vs. | **J U D G M E N T** |
| WILLIAM R. THOMPSON, in his official capacity as Executive Manager of the Guam Airport Authority, | |
| Defendant. | |

Judgment is hereby entered in accordance with the Order filed April 1, 2003.

Dated this 1st day of April, 2003, Hagatna, Guam.


MARY L. M. MORAN
Clerk of Court

By: _____
Deputy Clerk

Notice is hereby given that this document was entered on the docket on APR - 1 2003. No separate notice of entry on the docket will be issued by this Court.

Mary L. M. Moran
Clerk, District Court of Guam

By_____    APR - 1 2003
Deputy Clerk           Date

ORIGINAL

FILED
DISTRICT COURT OF GUAM

APR 0 1 2003

MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

THE ATTORNEY GENERAL OF GUAM,

     Plaintiff,

        vs.

WILLIAM R. THOMPSON, in his official
capacity as Executive Manager of the
Guam Airport Authority,

     Defendant.

Civil Case No. 03-00008

ORDER

This case came before the Court on March 26, 2003 for hearing on three motions filed by the defendant. The defendant sought dismissal of the case on three grounds: (1) plaintiff's failure to name the proper defendant and join an indispensable party; (2) lack of subject matter jurisdiction; and (3) unsuitability of declaratory relief. Assistant Attorney General J. Basil O'Mallan appeared on behalf of the plaintiff, the Attorney General of Guam. Appearing on behalf of the defendant William R. Thompson ("Mr. Thompson") was Attorney David Mair. At the conclusion of the hearing, the Court ruled on the pending motions. The Court now issues this written Order memorializing its oral ruling.

### FACTS and PROCEDURAL HISTORY

The facts are basically undisputed. Mr. Thompson is the Executive Manager of the Guam International Airport Authority ("GIAA"). On March 3, 2003, the plaintiff brought suit in this Court against the defendant. Pursuant to the federal Declaratory Judgement Act, 28

**EXHIBIT 2**

1  U.S.C. § 2201,[1] the plaintiff prayed that the Court would "[e]nter a declaratory judgment . . .

2  wherein the rights of the parties . . . are determined, and specifically, [p]laintiff prays that this

3  Court enter a Judgment providing that the designation of Chief Legal Officer in 48 U.S.C. §

4  1421g(d)[2] pre-empts any laws of Guam respecting the distribution of power and responsibilities

5  between the Attorney General of Guam and private counsel representing government agencies

6  and department." *Complaint* at 4, ¶1. The plaintiff also sought temporary and permanent

7  injunctions enjoining the defendant "and those in active concert or participation with him . . .

8  from entering into a contract with an attorney to provide legal services for [GIAA] that is berett

9  [sic] of provisions for supervision by the [p]laintiff of any litigation conducted by such attorney

10 on behalf of [GIAA]." *Complaint* at 4, ¶3.

11        On March 5, 2003, the plaintiff moved for the issuance of a preliminary injunction.

12        On March 7, 2003, GIAA filed a Petition for Writ of Mandamus in the Superior Court

13 of Guam.[3] The Superior Court action involves identical issues to those raised in this case. In

14 the Superior Court action, the parties seek judicial interpretation of local law as well as the

15 Organic Act in order to resolve the dispute over authority to retain and be represented by private

16 counsel. Presiding Judge Alberto C. Lamorena, III issued an Alternative Writ of Mandate

17 ("Writ") in the Superior Court action directing the Attorney General to allow GIAA to retain

18 independent counsel of its choice or show cause why he has not done so on March 28, 2003.

19 The Writ also set a briefing schedule for the filing of any opposition and reply concerning the

20 issuance of the Writ.

21

22        [1] This statute in pertinent part provides:

23        "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon
          the filing of an appropriate pleading, may declare the rights and other legal relations of any
24        interested party seeking such declaration, whether or not further relief is or could be sought. Any
          such declaration shall have the force and effect of a final judgment or decree and shall be
25        reviewable as such." 28 U.S.C. § 2201 (emphasis added).

26        [2] The pertinent provision of the Organic Act of Guam states: "[t]he Attorney General of Guam shall be
          the Chief Legal Officer of the Government of Guam." 48 U.S.C. § 1421g(d)(1).
27
          [3] A.B. Won Pat Guam International Airport Authority v. Moylan, Special Proceedings Case No. SP0055-
28        03 ("Superior Court action").

- 2 -

1  On March 10, 2003, the defendant filed the three motions at issue here.[4] Because the

2  motions challenged the Court's jurisdiction over the case, the Court expedited the briefing

3  schedule and held the plaintiff's motion for preliminary injunction in abeyance until the

4  jurisdictional issues were resolved.

5  On March 17, 2003, the plaintiff filed opposition briefs to the three motions to dismiss.

6  On March 20, 2003, the defendant filed his reply briefs.

7  **ANALYSIS**

8  The defendant's three motions raise separate and distinct issues, which the Court will

9  address separately below.

10  ### I. Motion to Dismiss for Failure to Name the Proper Defendant and Join an Indispensable Party

11  The defendant requested this Court to dismiss the Complaint against Mr. Thompson on

12  the basis that the plaintiff had failed to name as a party to this action the Board of GIAA ,

13  which is charged with the execution of the statutory right to appoint legal counsel other than the

14  Attorney General. The defendant contends that the Board of GIAA is clearly the proper party

15  defendant, not Mr. Thompson, who does not have the statutory authority to appoint an

16  independent attorney.

17  Pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, the court may dismiss

18  a claim for "failure to join a party under Rule 19." Rule 19, in turn, provides:

19  
20  > A person who is subject to service of process and whose joinder will not deprive
21  > the court of jurisdiction over the subject matter of the action shall be joined as a
22  > party in the action if (1) in the person's absence complete relief cannot be
23  > accorded among those already parties, or (2) the person claims an interest
24  > relating to the subject of the action and is so situated that the disposition of the
25  > action in the person's absence may (i) as a practical matter impair or impede the
26  > person's ability to protect that interest, or (ii) leave any of the persons already
27  > parties subject to a substantial risk of incurring double, multiple, or otherwise
28  > inconsistent obligations by reason of the claimed interest. If the person has not
   > been so joined, the court shall order that the person be made a party. If the
   > person should join as a plaintiff but refuses to do so, the person may be made a
   > defendant, or, in a proper case, an involuntary plaintiff. If the joined party
   > objects to venue and joinder of that party would render the venue of the action

---

[4] The defendant also filed a fourth motion – an *Ex Parte* Motion to Redact and Seal Confidential Communications – which this Court granted on March 11, 2003.

- 3 -

improper, that party shall be dismissed from the action. Fed. R. Civ. P. 19(a) (emphasis added).

As noted, the defendant maintains that this action cannot proceed without naming GIAA as a defendant because it is GIAA through its Board that has the statutory right to appoint independent legal counsel. <u>See</u> *Memorandum of Points and Authorities in Support of Motion to Dismiss for Failure to Name the Proper Defendant and Join an Indispensable Party* at 11. The Court concurs that GIAA is an indispensable party and, pursuant to Fed. R. Civ. P. 19(a), should be ordered to be made a party to this suit.

The plaintiff's opposition to this motion is, as the defendant describes, "largely irrelevant." <u>See</u> *Reply in Support of Motion to Dismiss for Failure to Name the Proper Defendant and Join an Indispensable Party* at 9. The plaintiff's opposition brief attempts to argue that the GIAA attorney is actually an "unclassified employee" of the Government of Guam subject to the personnel laws. Thus, the plaintiff alleges that the Executive Manager of GIAA has the authority to select said attorney. The plaintiff's opposition brief misses the point. What the defendant and the GIAA Board were attempting to do was enter into a contract for legal services, not hire in-house counsel who would be an unclassified employee. Thus, the personnel laws have no role in this dispute.

The plaintiff's failure to join an indispensable party is not fatal to this action since Rules 19(a) and 15(a) of the Federal Rules of Civil Procedure and the liberal policy behind them permit amendments to a party's pleading. Accordingly, the Court DENIES the motion to dismiss and permits the plaintiff to amend the Complaint to join the GIAA Board.[5]

## II. Motion to Dismiss for Lack of Subject Matter Jurisdiction

The defendant's second motion discusses two main grounds for dismissal. First, the defendant argues that the case should be dismissed because of a lack of federal question over the cause of action. Second, if the Court determines that a federal question is presented, the defendant contends that dismissal is warranted based upon the doctrine of federal abstention.

---

[5] Amendment of the Complaint is not necessary in light of the Court's ruling *infra*.

- 4 -

1   These arguments are discussed in greater detail below.

2       **A. Existence of a Federal Question**

3       The defendant asserts that similar to the case of Republican Party of Guam v. Gutierrez,

4   277 F.3d 1086 (9th Cir. 2002), this case does not raise a federal question, and thus dismissal is

5   warranted. A quick review of the holding in the Republican Party case is helpful.

6       In the Republican Party case, the Ninth Circuit discussed the basic concepts of federal

7   question jurisdiction. "The district courts shall have original jurisdiction of all civil actions

8   *arising under* the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331

9   (emphasis added). Furthermore, a case "arises under" federal law either (1) where federal law

10  "creates the cause of action," or (2) "where the vindication of a right under state law necessarily

11  turn[s] on some construction of federal law." Franchise Tax Bd. v. Construction Laborers

12  Vacation Trust, 463 U.S. 1, 8-9, 103 S. Ct. 2841, 2846 (1983) (citations omitted). The Ninth

13  Circuit went on to state:

14          The presence or absence of federal-question jurisdiction is governed by the
            "well-pleaded complaint rule," which provides that federal jurisdiction exists
15          only when a federal question is present on the face of the plaintiff's properly
            pleaded complaint. . . . The well-pleaded complaint rule applies to declaratory
16          judgment cases such as the present one. Republican Party, 277 F.3d at 1089.

17      Thus, the Court must begin its analysis by examining the Complaint and scrutinizing the

18  relief plaintiff seeks. In the present case, the face of the Complaint alleges that jurisdiction

19  arises under 48 U.S.C. § 1421g(d) of the Organic Act, which functions as Guam's constitution.

20  As noted previously, the Organic Act states that "[t]he Attorney General of Guam shall be the

21  Chief Legal Officer of the Government of Guam." 48 U.S.C. § 1421g(d)(1). The complaint

22  further asserts that a controversy exists under the Organic Act because GIAA, in its attempt to

23  enter into a contract with a private attorney to provide it with legal services, is hindering the

24  plaintiff's authority as the "Chief Legal Officer of the Government of Guam" to supervise

25  litigation conducted by private counsel representing agencies and departments of the

26  Government of Guam. The plaintiff thus asks this Court to declare that the designation of

27  Chief Legal Officer under the Organic Act preempts any local law which authorizes

28  autonomous agencies to hire their own lawyers and litigate independently of the Attorney

- 5 -

1  General.

2      The defendant contends that this type of declaratory action cannot support federal

3  question jurisdiction. The defendant states that "what the Attorney General is asking for in the

4  present case is only a slight variation from what the Guam Legislature asked of this Court in

5  Republican Party." *Memorandum of Points and Authorities in Support of Motion to Dismiss*

6  *for Lack of Subject Matter Jurisdiction* at 9.

7      The defendant's reliance on Republican Party, however, is unavailing. In the

8  Republican Party case, the plaintiff sought to enforce a local statute which required the

9  Governor to choose at least three of Guam's Election Commission members from a list

10 supplied by the Republican Party. The plaintiff there asserted that the Governor was not

11 fulfilling his Organic Act duty to faithfully execute the laws of Guam. In defense, the then-

12 Governor raised an Organic Act issue. The Ninth Circuit reversed on the basis that raising an

13 Organic Act defense cannot confer federal question jurisdiction.

14     The plaintiff contends that this is not merely an "intra-governmental power struggle."

15 Instead, this lawsuit seeks to enjoin an action by a government official on the basis that the

16 action does not comply with federal law, specifically since the Organic Act dictates that the

17 Attorney General shall be the "Chief Legal Officer of the Government of Guam." Thus,

18 plaintiff contends that unlike the Republican Party case, this case is not merely an "intra-

19 governmental power struggle." Rather, this action involves a legal interpretation of the Organic

20 Act, a federal law.

21     The Court concurs with the plaintiff. As stated by the Supreme Court in Franchise Tax

22 Bd. and by the Ninth Circuit in Republican Party, here the vindication of a right under local law

23 necessarily turns on construction of the Organic Act – a federal law. The Attorney General of

24 Guam must seek to restrain an action of a local official relying on his authority created by local

25 law which allegedly conflicts with the authority provided to the Attorney General under the

26 Organic Act. Accordingly, this Court has subject matter jurisdiction over this action as it arises

27 under a federal law. See also United States v. Morros, 268 F.3d 695 (9th Cir. 2001) (suit for

28 declaratory and injunctive relief to determine whether Nuclear Waste Policy Act preempted

- 6 -

1    state law under the Supremacy Clause arose under federal law, thus conferring jurisdiction

2    upon federal court).

3        Equally unavailing is the defendant's reliance on the case of <u>Gutierrez v. Pangelinan</u>,

4    276 F.3d 539 (9th Cir. 2002) ("<u>Pangelinan</u>").[6] The defendant relies upon <u>Pangelinan</u> to support

5    his proposition that the Court has no federal jurisdiction over actions such as this which arise

6    under the Organic Act. Specifically, the defendant relies on dicta in the <u>Pangelinan</u> case

7    wherein the Ninth Circuit, in determining what standard of review to apply, stated: "the

8    congressional promise of independent institutions of government would be an empty one if we

9    did not recognize the importance of the Guam Supreme Court's role in shaping the

10   interpretation and application of the Organic Act." <u>Pangelinan</u>, 276 F.3d at 547. The defendant

11   asserts that if this Court exercises jurisdiction over this matter, there is no meaningful way for

12   the Guam Supreme Court to exercise its role in "shaping the interpretation and application of

13   the Organic Act." The <u>Pangelinan</u> case, however, does not address federal subject matter

14   jurisdiction. Thus, it is irrelevant to the present inquiry.

15   **B. The Abstention Doctrines**

16       Having found that this Court has subject matter jurisdiction over the action, the next

17   issue is whether the Court will decline to proceed though it has jurisdiction. The courts have

18   recognized various abstention doctrines. The parties have only discussed the doctrine of

19   abstention established in <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 760 (1971), but the Court

20   will also analyze the <u>Burford</u>-type abstention, <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315, 63 S. Ct.

21   1098 (1943).[7]

22       The doctrine of abstention established in <u>Younger</u> requires that a federal court not

23

24       [6] This case started out as an action in the Superior Court of Guam seeking a declaration that a bill passed

25   by the Guam Legislature was not duly enacted. The Superior Court entered judgment for the defendants, which
     was reversed by the Guam Supreme Court on appeal. The defendants petitioned the Ninth Circuit for review. The

26   Ninth Circuit granted the petition and affirmed the decision of the Guam Supreme Court.

27       [7] While the parties do not specifically invoke the <u>Burford</u> doctrine, the parties do discuss whether this
     Court or the Guam Supreme Court has jurisdiction over matters relating to the professional conduct of attorneys.

28   <u>See</u> discussion <i>infra</i>.

- 7 -

1    interfere with an ongoing state judicial proceeding that implicates important state interests

2    where there is an adequate opportunity to raise federal claims in the state proceeding. In

3    Younger, the Supreme Court adopted a strong federal policy against federal court interference

4    with pending state judicial proceedings. See H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

5    "Younger and [its progeny] express equitable principles of comity and federalism. They are

6    designed to allow the State an opportunity to 'set its own house in order' when the federal issue

7    is already before a State tribunal." Ohio Bureau of Employment Serv. v. Hodory, 431 U.S. 471,

8    479, 97 S. Ct. 1898, 1903 (1977). "Absent extraordinary circumstances, Younger abstention is

9    required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3)

10   provide the plaintiff an adequate opportunity to litigate federal claims." Koppel, 203 F.3d at

11   613 (quoting The San Remo Hotel v. City & County of San Francisco, 145 F.3d 1095, 1103 (9th

12   Cir. 1998). If the Younger doctrine applies, the case must be dismissed. Koppel, 203 F.3d at

13   613.

14          In this case, the defendant asserts that all three requirements are met, and the Court

15   agrees. First, there is an ongoing action in the Superior Court which presents identical issues to

16   those raised in the instant case. The defendant asserts that the Superior Court action has

17   progressed further than the action in this Court since the Writ in that case commanded the

18   Attorney General to perform his statutory duties and permit GIAA to retain independent

19   counsel of its choice as allowed under Guam law or show cause on March 28, 2003 why he has

20   not done so. Second, there is no doubt that the proceedings in both the local and federal court

21   implicate important local issues, that is the scope and powers of the Attorney General, the

22   Legislature and the autonomous government agencies, and the Attorney General's

23   responsibility to establish legal policy for the Government of Guam. Third, the Superior Court

24   action, which, as previously noted, raises identical issues to those present in this suit, provides

25   the plaintiff with an adequate opportunity to litigate the Organic Act claims.

26          The plaintiff, on the other hand, argues that Younger abstention is not warranted in

27   situations such as this where the federal action was filed before an identical state action is

28   brought. The plaintiff asserts that "for the simple reason that unfortunately for [d]efendant,

- 8 -

1   there was no 'pending' or 'ongoing' state proceeding, the doctrine of abstention cannot apply."

2   *Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and*

3   *Defendant's Motion to Dismiss Based on Unsuitability of Declaratory Relief* at 11.

4        However, as the defendant notes in its reply brief, the test is not who made it first to the

5   courthouse but whether "any proceedings of substance on the merits have taken place in the

6   federal court." Hicks v. Miranda, 422 U.S. 332, 349, 95 S. Ct. 2281, 2292 (1975). In this case,

7   while the Court has decided to address three motions involving procedural and jurisdictional

8   issues, the Court has not addressed the *merits* of the action. The Superior Court of Guam, on

9   the other hand, has progressed further in the local action. Additionally, on March 14, 2003,

10   Judge Joaquin V.E. Manibusan, Jr. denied the Attorney General's request for a stay of the

11   Superior Court action pending the outcome these motions. The Superior Court of Guam has

12   indicated its intentions to swiftly address the merits of this dispute. Since all three criteria have

13   been met, the Court must accordingly dismiss this case under Younger.

14        Additionally, under the Burford doctrine, where timely and adequate state-court review

15   is available, a federal court sitting in equity must decline to interfere with the proceedings or

16   orders of the state court. In Burford, an oil company filed suit in federal court to attack the

17   validity of a permit that the Texas Railroad Commission had granted. The Supreme Court held

18   that although the federal court had diversity jurisdiction, it properly declined to rule on the

19   merits since "the federal courts can make small contribution to the well organized system of

20   regulation and review which the Texas statutes provide." Burford, 319 U.S. at 327, 63 S. Ct. at

21   1104.

22        "Burford allows federal courts to 'decline to rule on an essentially local issue arising out

23   of a complicated state regulatory scheme.'" Morros, 268 F.3d at 705 (quoting Knudsen Corp. v.

24   Nevada State Dairy Comm'n, 676 F.2d 374 (9th Cir. 1982)). Since it decided Burford, the

25   Supreme Court has not provided a formulaic test for determining when dismissal under Burford

26   is appropriate, although it has made it clear that the Burford abstention doctrine is an

27   "extraordinary and narrow exception to the duty of the District Court to adjudicate a

28   controversy properly before it." Quakenbush v. Allstate Ins. Co., 517 U.S. 706, 727-28 (1996)

- 9 -

1   (quoting <u>Colorado River Water Conservation Dist. V. United States</u>, 424 U.S. 800, 813 (1976)).

2   The Ninth Circuit, however, does require the presence of certain factors before a district court

3   can abstain under <u>Burford</u>.  The application of the <u>Burford</u> abstention doctrine requires:

4           first that the state has chosen to concentrate suits challenging the actions of the
            agency involved in a particular court; second, that the federal issues could not be
5           separated easily from complex state law issues with respect to which state courts
            might have special competence; and third, that federal review might disrupt state
6           efforts to establish a coherent policy. <u>Morros</u>, 268 F.3d at 705.

7           This case presents more than just an interpretation of a provision in the Organic Act of

8   Guam.  Rather, it involves complex local issues surrounding the professional conduct of

9   attorneys.  Whether the Attorney General can represent GIAA in all legal matters unrelated to

10  this action requires interpretation and analysis of the Guam Rules of Professional Conduct

11  relating to conflicts of interest.  Can the Attorney General sue his own client (GIAA)?  Does the

12  Attorney General have a conflict of interest now that it has sued GIAA which prevents the

13  Attorney General from representing GIAA in matters unrelated to this suit?  Can the Attorney

14  General concurrently represent two Government of Guam agencies in a legal dispute?  These

15  questions have been raised in the pleadings.  The Guam Supreme Court and the Guam Bar

16  Ethics Committee have jurisdiction over these matters, not this Court.  The Supreme Court has

17  ruled that the federal courts should abstain from interfering with the states' traditional exercise

18  and control over the professional conduct of attorneys under their own statutes.  <u>See</u> <u>Middlesex</u>

19  <u>County Ethics Comm. v. Garden</u>, 457 U.S. 434-35, 102 S. Ct. 2515, 2522-23 (1982).  Here, the

20  local laws clearly give the Guam Supreme Court jurisdiction over the professional conduct and

21  discipline of members of the Guam Bar.  Additionally, the complex local issues surrounding

22  attorney conduct cannot be easily separated from the federal question arising under the Organic

23  Act.  This Court cannot decide the federal question without implicating or infringing upon

24  ethical matters reserved for the Guam Supreme Court.  A decision by this Court on the matter

25  will also impede Guam's efforts to establish a coherent policy with regard to the standards for

26  regulating attorney conduct.  Accordingly, the Court dismisses this case under the <u>Burford</u>

27  abstention doctrine as well as the <u>Younger</u> abstention doctrine.  As the Supreme Court

28  cautioned, "[d]elay, misunderstanding of local law, and needless federal conflict with the [s]tate

- 10 -

1  policy, are the inevitable product of this double system of review." Burford, 319 U.S. at 327,

2  63 S. Ct. at 1104.

### III. Motion to Dismiss for Unsuitability of Declaratory Relief

4      The last motion before the Court is a Motion to Dismiss for Unsuitability of Declaratory

5  Relief. The Court has already dismissed this action by granting the defendant's second motion,

6  see supra, however, in the interest of completely disposing of the three motions on their merits,

7  the Court will discuss the arguments raised in the third motion.

8      The instant motion addresses the Court's discretion to dismiss pursuant to the

9  Declaratory Judgment Act. The defendant asserts that even if there were a federal question and

10 even if Younger abstention were not mandatory, the Court should nonetheless exercise its

11 discretion to dismiss.

12     The pertinent portion of the Declaratory Judgment Act is quoted in footnote 1 supra.

13 Jurisdiction under the Declaratory Judgment Act is discretionary for it is "deliberately cast in

14 terms of permissive, rather than mandatory, authority." Public Serv. Comm'n of Utah v.

15 Wycoff Co., 344 U.S. 237, 250, 73 S. Ct. 236, 243-44 (1952) (J. Reed, concurring). The

16 Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights;

17 it did not impose a duty to do so." Public Affairs Associates v. Rickover, 369 U.S. 111, 112, 82

18 S. Ct. 580, 581-82 (1962). This discretion, however, is not unfettered and a district court

19 cannot decline such an action as a "matter of whim or personal disinclination." Id.

20     In deciding whether to exercise this discretionary jurisdiction over the federal

21 declaratory action, the Court must look to several factors. The Ninth Circuit analyzed Brillhart

22 v. Excess Ins. Co. of America, 316 U.S. 491, 62 S. Ct. 1173 (1942), and its progeny and stated:

23     **The Brillhart factors remain the philosophic touchstone for the district court.
       The district court should avoid needless determination of state law issues; it
24     should discourage litigants from filing declaratory actions as a means of forum
       shopping; and it should avoid duplicative litigation. If there are parallel state
25     proceedings involving the same issues and parties pending at the time the
       federal declaratory action is filed, there is a presumption that the entire suit
26     should be heard in state court. The pendency of a state court action does
       not, of itself, require a district court to refuse federal declaratory relief.
27     Nonetheless, federal courts should generally decline to entertain reactive
       declaratory actions.** Government Employees Ins. Co. v. Dizol, 133 F.3d 1220,
28     1225 (1998) (citations omitted and emphasis added).

- 11 -

1    Based on the Ninth Circuit's guidance, the Court declines to exercise its discretionary

2  jurisdiction under the Declaratory Judgment Act. In this case, there is an ongoing, identical

3  action in Superior Court of Guam. As discussed above in the analysis under the Younger

4  abstention doctrine, the plaintiff will have an adequate opportunity to litigate the Organic Act

5  claim before the Superior Court of Guam. There is also a compelling reason to have this matter

6  decided by the local courts since it involves important local issues regarding the ability to set

7  legal policy for the Government of Guam. The federal court will not get embroiled in this,

8  "intra-governmental dispute" between the Attorney General and the Executive Branch. The

9  Declaratory Judgment Act was not meant for these types of actions. Accordingly, the Court

10  grants the motion to dismiss.

11                               **CONCLUSION**

12    In conclusion, the Court hereby DENIES the Motion to Dismiss for Failure to Name the

13  Proper Defendant and Join an Indispensable Party. Additionally, the Court DENIES IN PART

14  AND GRANTS IN PART the Motion to Dismiss for Lack of Subject Matter Jurisdiction. The

15  Court finds that it has jurisdiction because this action arises under federal law, however, the

16  Court will abstain from exercising such jurisdiction based on the Younger and Burford

17  abstention doctrines. Finally, the Court GRANTS the Motion to Dismiss Based on

18  Unsuitability of Declaratory Relief. Accordingly, this case is hereby DISMISSED.

19    SO ORDERED this _3/st_ day of March, 2003.

20

21

22                               JOHN S. UNPINGCO
                                 District Judge
23

24

25

26
                          Notice is hereby given that this document was
27                        entered on the docket on _APR 0 1 2003_.
                          No separate notice of entry on the docket will
28                        be issued by this Court.
                                 Mary L. M. Moran
                                 Clerk, District Court of Guam
                    - 12 -    By: _____    APR 0 1 200
                                 Deputy Clerk          Date

MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090

Attorneys for Defendant William R. Thompson,
 in his official capacity as Executive Manager
 of the A.B. Won Pat Guam International Airport Authority

F I L E D
DISTRICT COURT OF GUAM

MAR 1 1 2003

MARY L. M. MORAN
CLERK OF COURT

18

IN THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM

THE ATTORNEY GENERAL      )      CIVIL ACTION FILE NO. 03-00008
OF GUAM,                  )
                          )
            Plaintiff,    )
                          )
      v.                  )      [PROPOSED] ORDER SEALING
                          )      CONFIDENTIAL COMMUNICATIONS
WILLIAM R. THOMPSON, in his )
official capacity as Executive )
Manager of the Guam Airport )
Authority,                )
                          )
            Defendant.    )
_____)

        This matter came before the Court upon the ex parte motion of Defendant

William R. Thompson to redact and seal confidential communications between the Plaintiff

Attorney General of Guam, the Defendant, and the Guam International Airport Authority.

        After ~~hearing the oral arguments of counsel and~~ reviewing the pleadings and

record before it, the Court, being fully advised of the premises, hereby Orders the following:

(1) That Defendant's motion be and is GRANTED; (2) That Exhibit 1 of the Attorney

1

# ORIGINAL

General's Complaint shall immediately be SEALED; and (3) That the Plaintiff shall substitute

in place of Exhibit 1 a new exhibit which redacts any confidential or privileged communication

between Defendant, GIAA, the Attorney General or his office.

SO ORDERED.

Dated: **MAR 1 1 2003**

JOHN S. UNPINGCO
Chief District Judge

**PRESENTED BY:**

**MAIR, MAIR, SPADE & THOMPSON**
A Professional Corporation
Attorneys for Defendant

By: _____
    **DAVID A. MAIR**

Date: 3/10/03

**RECEIVED**

MAR 1 0 2003

DISTRICT COURT OF GUAM
HAGATNA, GUAM

P03204.dam

2

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| THE ATTORNEY GENERAL OF GUAM, | Civil Case No. 03-00008 |
| Plaintiff, | |
| vs. | |
| WILLIAM R. THOMPSON, in his official capacity as Executive Manager of the Guam Airport Authority, | ORDER |
| Defendant. | |

This case is before the Court on a Motion for Clarification & Rule 60(b) Motion for Relief from Order ("Rule 60(b) Motion"). After reviewing the pleadings, the Court finds that Exhibit 1 is a privileged communication between client and attorney. Accordingly, the Court hereby DENIES the plaintiff's Rule 60(b) Motion and ratifies its March 11, 2003 Order sealing Exhibit 1. The plaintiff shall forthwith file a redacted version of Exhibit 1.[1]

SO ORDERED this 28th day of March, 2003.

_____
JOHN S. UNPINGCO
District Judge

_____

[1] The Court believes that Exhibit C, attached to defendant's opposition brief, is a properly-redacted version of the subject letter.

## REPRESENTATION STATEMENT

The names of the parties to the action and the names, addresses and telephone numbers of their respective counsels are as follows:

**PLAINTIFF: Attorney General of Guam**

**COUNSEL FOR PLAINTIFF:**

> Eric A. Heisel
> Assistant Attorney General
> Civil Division
> Office of the Attorney General
> Suite 2-200E
> 120 West O'Brien Drive
> Hagåtña, Guam 96910
>
> Telephone:   (671) 475-3324


**DEFENDANT:  William R. Thompson**

**COUNSEL FOR DEFENDANT:**

> David A. Mair
> Mair, Mair, Spade & Thompson
> A Professional Corporation
> Attorneys at Law
> Suite 807, GCIC Building
> 414 West Soledad Avenue
> Hagåtña, Guam 96910
>
> Telephone:   (671) 472-2089/2090

Dated April 28, 2003.

ERIC A. HEISEL
Assistant Attorney General
Civil Division
Office of the Attorney General
Attorney for Plaintiff

## DECLARATION OF SERVICE

I, ERIC A. HEISEL, hereby certify that I caused a copy of the **NOTICE OF APPEAL** and

the **CIVIL APPEALS DOCKETING STATEMENT**, with attachments, in *Attorney General of*

*Guam v. Thompson*, District Court Civil Case No. 03-00008 to be served on counsel for defendant

on April 28, 2003 at his office at the following address:

> **DAVID A. MAIR**
> **MAIR, MAIR, SPADE & THOMPSON**
> **A Professional Corporation**
> **Attorneys at Law**
> **Suite 807, GCIC Building**
> **414 West Soledad Avenue**
> **Hagåtña, Guam 96910**

Dated April 28, 2003.

ERIC A. HEISEL
Assistant Attorney General
Civil Division
Office of the Attorney General
Attorney for Plaintiff