

Office of the Attorney General
**Douglas B. Moylan**
Attorney General of Guam
**Solicitors Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)
www.guamattorneygeneral.com ● law@mail.justice.gov.gu



Attorneys for the Attorney General of Guam, Government of Guam

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| ATTORNEY GENERAL OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM R. THOMPSON,<br><br>Defendant. | CIVIL CASE NO. 03-00008<br><br>MOTION TO SUPPLEMENT<br>THE RECORD ON APPEAL |

Plaintiff, through the Attorney General's Office, moves this Court for an order allowing plaintiff to supplement the record in the above-captioned case by resubmitting under seal the documents originally attached as Exhibit 1 to the complaint. This motion is made pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure and is based upon the record herein and the memorandum of points and authorities, below.

Date: May 5, 2003

OFFICE OF THE ATTORNEY GENERAL
DOUGLAS B. MOYLAN, Attorney General of Guam

BY: _____
ERIC A. HEISEL
Assistant Attorney General
Solicitors Division
Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### FACTS

On March 3, 2003, plaintiff filed a Complaint for Temporary and Permanent Injunction and for Declaratory Relief in this case, challenging the authority of the Guam International Airport Authority (GIAA) to hire its own legal counsel who would not be subject to the supervision of the Attorney General's Office. In support of his argument, the Attorney General attached as Exhibit 1 to the complaint a letter, dated February 13, 2003, from defendant to the Attorney General. Attached to this letter was a memorandum.

On March 10, 2003, defendant filed a Notice of Ex Parte Motion and Ex Parte Motion to Redact and Seal Confidential Communications, seeking an order of the Court to seal all confidential communications between the Attorney General and GIAA, including Exhibit 1. Defendant also asked the Court for an order requiring the Attorney General to substitute a new exhibit which redacts any confidential or privileged communications between the Attorney General and GIAA. In his memorandum, defendant alleged that the two documents attached as Exhibit 1 contain confidential attorney-client information.

On March 11, 2003, the Court granted defendant's motion and ordered that Exhibit 1 be sealed and that the Attorney General substitute in place of Exhibit 1 a new exhibit which redacts any confidential or privileged communication between GIAA and the Attorney General or his office.

On March 13, 2003, the Attorney General filed a Motion for Clarification and Rule 60(b) Motion for Relief from Order, asking the Court to reconsider its ruling that Exhibit 1 contains confidential attorney-client information. On March 28, 2003, the Court issued an Order finding that Exhibit 1 is a privileged communication between client and attorney and denying the Attorney General's Rule 60(b) motion. The Court also ratified its March 11, 2003 Order sealing Exhibit 1 and ordered the Attorney General to file a redacted version of Exhibit 1.

On March 28, 2003, the Attorney General's Office filed the redacted version of Exhibit 1.

On May 5, 2003, the Court issued an Order directing the Clerk's Office to return to plaintiff the original Exhibit 1 which was filed with the complaint. Attached to the Order are unredacted

copies of the documents comprising Exhibit 1. It does not appear that there are currently any unredacted copies of the documents in the record.

## DISCUSSION

Rule 10(a) of the Federal Rules of Appellate Procedure (FRAP) provides as follows:

### FRAP 10

### THE RECORD ON APPEAL

    (a)    <u>Composition of the Record on Appeal</u>. The following items constitute the record on appeal:

        (1)    the original papers and exhibits filed in the district court;

        (2)    the transcript of proceedings, if any; and

        (3)    a certified copy of the docket entries prepared by the district clerk.

The copies of the documents that were filed as Exhibit 1 were unredacted. Therefore, pursuant to Rule 10(a)(1), the unredacted copies of the documents are considered as part of the record on appeal because they were attached as an exhibit to the complaint.

FRAP Rule 10(e) provides as follows:

    (e)    **Correction or Modification of the Record.**

        (1)    If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

        (2)    If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

            (A)    on stipulation of the parties;

            (B)    by the district court before or after the record has been forwarded; or

            (C)    by the court of appeals.

        (3)    All other questions as to the form and content of the record must be presented to the court of appeals.

Pursuant to Rule 10(e), the District Court has jurisdiction and authority to supplement the record (1) if any difference arises as to what actually occurred before it, or (2) if anything material to either party is omitted from the record by error or accident. *Himler v. Comprehensive Care Corp.*, 790 F. Supp. 114, 115 (E. D. Va. 1992). The purpose of Rule 10(e) is to ensure that the court on appeal has a complete record of the proceedings leading to the ruling appealed from. *In re Brand Name Prescription Drugs Antitrust,* 1996 WL 478547 (N. D. Ill. 1996).

It is plaintiff's contention that the unredacted version of the documents are material to one of the issues on appeal. The issue on appeal is whether the Court erred in finding that the documents attached as Exhibit 1 contained information that was confidential, attorney-client communication. It is necessary for a determination of this issue on appeal that the Ninth Circuit have available before it the unredacted version of the documents so that it can review the nature and substance of the communications. It is also plaintiff's contention that the unredacted copies of the documents were omitted from the record by error. Accordingly, plaintiff should be allowed to submit the unredacted copies of the documents pursuant to the criteria in Rule 10(e)(2)(B).

If the Court allows the submission of the unredacted documents, plaintiff requests that the Court place the documents under seal in compliance with its March 11, 2003 Order.

Date: May 5, 2003

OFFICE OF THE ATTORNEY GENERAL
DOUGLAS B. MOYLAN, Attorney General of Guam

BY: _____
ERIC A. HEISEL
**Assistant Attorney General**
**Solicitors Division**
**Attorney for Plaintiff**