DISTRICT COURT OF GUAM

TERRITORY OF GUAM

FILED
DISTRICT COURT OF GUAM
JUN 13 2003
MARY L. M. MORAN
CLERK OF COURT

| | |
|---|---|
| THE ATTORNEY GENERAL OF GUAM, | Civil Case No. 03-00008 |
| Plaintiff, | |
| vs. | |
| WILLIAM R. THOMPSON, in his official capacity as Executive Manager of the Guam Airport Authority, | ORDER |
| Defendant. | |

On June 5, 2003, the Plaintiff filed a Motion to Supplement the Record on Appeal (the "Motion"). The Motion sought to supplement the record by resubmitting under seal the documents originally attached as Exhibit 1 to the Complaint.

The Plaintiff's Motion relied on Rule 10(e) of the Federal Rules of Appellate Procedure. This rule provides:

> (e) Correction or Modification of the Record.
> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
> (2) If anything material to either party is omitted from or misstated in the record *by error or accident*, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>   (A)  on stipulation of the parties;
>   (B)  by the district court before or after the record has been forwarded; or
>   (C)  by the court of appeals.
> (3) All other questions as to the form and content of the record must be presented to the court of appeals. Fed. R. App. P. 10(e) (emphasis added).

The Plaintiff contends that the unredacted version of the documents are material, thus the Plaintiff should be allowed to submit them pursuant to Rule 10(e)(2)(B).

The Court agrees with the Plaintiff's contention that the unredacted version of Exhibit 1 is material. However, the Plaintiff has failed to show that such omission from the record occurred by error or accident. To the contrary, the Court intentionally struck the exhibit and ordered that a redacted version be filed since the disclosure of the unredacted documents violated the attorney-client privilege. Thus, the request to supplement the record pursuant to Rule 10(e)(2)(B) is hereby denied.

Additionally, supplementing the record on appeal pursuant to Rule 10(e)(1) is equally unavailing since there is no difference about whether the record truly discloses what occurred. Thus, the Plaintiff's Motion is hereby DENIED. The Plaintiff's only recourse is to petition the Court of Appeals for the Ninth Circuit, as mandated by Rule 10(e)(3) of the Federal Rules of Appellate Procedure.

SO ORDERED this 13th day of June, 2003.

JOHN S. UNPINGCO
District Judge