

**FILED**

DISTRICT COURT OF GUAM

MAY 8 2006

MARY L.M. MORAN
CLERK OF COURT

| | |
|---|---|
| THE ATTORNEY GENERAL OF GUAM, <br><br>     Plaintiff - Appellant, <br><br> v. <br><br> WILLIAM R. THOMPSON, in his official capacity as Executive Manager of Guam Airport Authority, <br><br>     Defendant - Appellee. | No.  03-15823 <br> D.C. No.  CV-03-00008 <br><br><br> **JUDGMENT** |
| THE ATTORNEY GENERAL OF GUAM, <br><br>     Plaintiff - Appellee, <br><br> v. <br><br> WILLIAM R. THOMPSON, in his official capacity as Executive Manager of Guam Airport Authority, <br><br>     Defendant - Appellant. | No.  03-15999 <br> D.C. No.  CV-03-00008 <br><br><br> **JUDGMENT** |

Appeal from the United States District Court for the District Of Guam (Hagatna).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District Of Guam (Hagatna) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 08/16/05

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAY 4 - 2006

by:
Deputy Clerk

FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

THE ATTORNEY GENERAL OF GUAM,
*Plaintiff-Appellant/*
*Cross-Appellee,*

v.

JESUS Q. TORRES, * in his official
capacity as Executive Manager of
Guam Airport Authority,
*Defendant-Appellee/*
*Cross-Appellee.*

Nos. 03-15823
03-15999

D.C. No.
CV-03-00008

OPINION

Appeal from the United States District Court
for the District of Guam
John S. Unpingco, District Judge, Presiding

Argued and Submitted
May 11, 2005—Honolulu, Hawaii

Filed August 16, 2005

Before: Dorothy W. Nelson, Consuelo M. Callahan, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Callahan

---

*Jesus Q. Torres is substituted for his predecessor, William R. Thompson, as Executive Manager of the Guam Airport Authority. Fed. R. App. P. 43(c)(2).

10745

## SUMMARY

### Civil Litigation and Procedure/
### Jurisdiction — Federal Question

The court of appeals affirmed a judgment of the district court. The court held that Guam's courts may be treated as state courts for the purpose of applying the *Younger* abstention doctrine.

Appellant the Attorney General of Guam filed an action in federal district court in Guam seeking a declaration that, under the 1998 Amendment to the Guam Organic Act, 48 U.S.C. § 1421g(d), his authority as the chief legal officer of Guam preempted prior Guam law and prohibited appellee the Guam International Airport Authority (GIAA) from retaining its own legal counsel to conduct civil litigation. The district court, noting the existence of a parallel action in the Guam superior court, dismissed the action on three separate grounds, including abstention under *Younger v. Harris*, 401 U.S. 37 (1971).

The Attorney General appealed.

[1] Absent extraordinary circumstances, *Younger* abstention is proper when there are ongoing state judicial proceedings; the proceedings implicate important state interests; and the state proceedings provide the plaintiff with an adequate opportunity to raise the federal claims. There was no question that these conditions had been met. [2] The relevant question was whether proceedings in Guam's courts could be treated as state judicial proceedings and accordingly, in this case, triggered the application of *Younger* abstention.

[3] The evolution of the *Younger* abstention doctrine has confirmed that it is based on considerations of equity and comity. Another critical concern appears to be whether the local court provides the plaintiff with an adequate opportunity

to litigate his or her federal claims. **[4]** The D.C. Circuit has determined that the District of Columbia's lack of statehood does not bar the application of *Younger* abstention to proceedings in its local courts, noting that the equitable principles underlying the *Younger* abstention doctrine applied in full measure to the District of Columbia, and concluding that all the comity concerns underlying the doctrine applied with equal force to the District of Columbia. **[5]** The application of the policies underlying the *Younger* abstention doctrine to Guam produced the same result. First, in light of the pending action in Guam's superior court, maintaining the federal action would have been duplicative. Second, there was no doubt that the local action provided the Attorney General with an adequate remedy. Third, the district court action would have interfered with the branches of Guam's government working out the impacts of the 1998 Amendment. Finally, the district court's retention of the Attorney General's case might reflect negatively on Guam's ability to enforce federal laws. Thus, although Guam is not a state, it had to be concluded that Guam's courts may be treated as state courts for the purpose of applying the *Younger* abstention doctrine. **[6]** This determination was consistent with the First Circuit's decision implicitly equating Puerto Rico with a "state" for purposes of *Younger* abstention.

**[7]** As it did for the District of Columbia, Congress has also enacted legislation concerning Guam that supported treating Guam's courts as if they were state courts. **[8]** The statute provides that the relations between federal courts and Guam's courts should be similar to those between federal and state courts, and abstention appeared to fall within the other matters or proceedings governed by that relationship. **[9]** Finally, deference to Guam's courts under the *Younger* abstention doctrine was consistent with prior Ninth Circuit cases. The Ninth Circuit has recognized that Congress has specifically required that relations between the federal courts and Guam's local courts be the same as those between the federal and state courts; **[10]** that the territorial courts in Guam qualify as state

courts for the purpose of 28 U.S.C. § 1441(d); and **[11]** that the court of appeals applies a deferential standard of review to the Guam Supreme Court concerning local law. **[12]** It had to be concluded that the district court properly deferred to the proceedings in Guam's courts under the *Younger* abstention doctrine. The judgment of the district court had to be affirmed.

## COUNSEL

Plaintiff-appellant-cross-appellee was represented by Robert M. Weisberg, Assistant Attorney General of Guam, at oral argument, and by Robert M. Weisberg and J. Basil O'Mallan III, Deputy Attorney General of Guam on the briefs, all of Hagatna, Guam.

Defendant-appellee-cross-appellant was represented by Randall Todd Thomspon of Mair, Mair, Spade & Thomspon of Hagatna, Guam.

## OPINION

CALLAHAN, Circuit Judge:

The Attorney General of Guam filed this action in the United States District Court of Guam seeking a declaration that, under the 1998 Amendment to the Guam Organic Act, 48 U.S.C. § 1421g(d), his authority as the "Chief Legal Officer" of Guam preempted prior Guam law and prohibited the Guam International Airport Authority ("GIAA") from retaining its own legal counsel to conduct civil litigation. The district court, noting the existence of a parallel action in the Guam superior court, dismissed the action on three separate grounds: abstention under *Younger v. Harris*, 401 U.S. 37 (1971), abstention under *Burford v. Sun Oil Co.*, 319 U.S. 315

(1943), and because the action was unsuitable for relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. We affirm the district court's dismissal of the action as appropriate under *Younger* abstention. We also affirm the district court's dismissal under the Declaratory Judgment Act because appellant waived his challenge to this dismissal.[1]

## A.  Background

On March 3, 2003, appellant filed a complaint in the district court for injunctive and declaratory relief. He alleged that the United States Congress, when it amended the Guam Organic Act in 1998, provided that the Attorney General of Guam "shall be the Chief Legal Officer of the Government of Guam," and that this language preempted prior Guam law and denied GIAA the authority to retain its own legal counsel, instead of appellant, to conduct civil actions.[2]

Prior to the 1998 Amendment, pursuant to 12 GUAM CODE ANN. § 1108 and 5 GUAM CODE ANN. § 30109, GIAA was authorized to retain outside counsel and to use its own legal counsel in civil actions.[3] In 2003, after the current Attorney

---

[1]As we may affirm the district court on any one of the three separate grounds it advanced for dismissing appellant's action, we need not review the district court's dismissal under *Burford*.

[2]In relevant part, 48 U.S.C. § 1421g(d) reads:

> (1) The Attorney General of Guam shall be the Chief Legal Officer of the Government of Guam. At such time as the Office of the Attorney General of Guam shall next become vacant, the Attorney General of Guam shall be appointed by the Governor of Guam with the advice and consent of the legislature, and shall serve at the pleasure of the Governor of Guam.

[3]12 GUAM CODE ANN. § 1108 provides, in pertinent part:

> (a) The [GIAA] Board may also appoint a treasurer, a controller, and an attorney, all of whom shall serve at the pleasure of the Board. Their duties and compensation shall be fixed by the Board.

General of Guam was sworn in, he adopted the position that the 1998 Amendment preempted prior laws that allowed GIAA and other entities to retain independent counsel.

On February 13, 2003, GIAA sent a letter to appellant. The letter (1) asserted that GIAA had statutory authority to retain private counsel, (2) noted pending civil actions concerning a construction contract at the airport, (3) asked for temporary legal assistance from appellant, and (4) suggested that the contested contract be immediately awarded to one of the competing contractors. Appellant attached a copy of this letter to his complaint. GIAA requested that the letter be sealed as a confidential communication. On March 28, 2003, the district court determined that the letter was privileged as an attorney

---

. . .

(c) The Attorney, who must have been admitted to the practice of law in Guam, shall advise the Board and the Executive Director on all legal matters to which the Authority is a party or in which the Authority is legally interested, and may represent the Authority in connection with legal matters before the Legislature, boards and other agencies of the Territory or of the United States. The Attorney for the Authority shall represent the Authority in litigation concerning the affairs of the Authority.

45 GUAM CODE ANN. § 30109(c) states that the Attorney General of Guam shall, *inter alia,*

[c]onduct on behalf of the government of Guam all civil actions in which the government is an interested party; provided that those branches, departments or agencies which are authorized to employ their own legal counsel may use them instead of the Attorney General.

Also, the Compiler of Law comment to subsection (c) of 5 GUAM CODE ANN. § 30109 notes that subsection (c) "has been amended by PL 18-04:5, to conform to the other laws which give to specific agencies the authority to hire their own lawyers, who may undertake litigation without the supervision of the Attorney General." 5 GUAM CODE ANN. § 30109 comment. These agencies include GIAA. *Id.*

client communication and ordered the filing of a redacted version of the letter.[4]

Meanwhile, on March 7, 2003, four days after appellant filed his action in the district court, GIAA filed a petition for a writ of mandamus in the Superior Court of Guam asking that court to direct the Attorney General to approve a legal services contract between GIAA and a private law firm. The local action involved identical issues to those raised in the district court.

### B.   *The District Court's Dismissal of the Action*

GIAA filed three motions to dismiss before the district court: (1) for failure to name the proper defendant and join an indispensable party; (2) for lack of subject-matter jurisdiction; and (3) for unsuitability of declaratory relief. The district court's April 1, 2003 order addressed all three motions. The court agreed with GIAA that the proper defendant was GIAA's Board of Directors, and not the Executive Manager of GIAA, but held that pursuant to Federal Rules of Civil Procedure 15(a) and 19(a), appellant could amend his complaint to name the Board.[5]

The motion to dismiss for lack of subject-matter jurisdiction was double-barreled. GIAA first argued that the case should be dismissed for lack of a federal question. The district court distinguished the case relied upon by GIAA, *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086 (9th Cir. 2002), and held that there was federal-question jurisdiction.[6]

---

[4] Our affirmance of the dismissal of appellant's action renders moot his challenge on appeal to the March 28, 2003 ruling.

[5] The court noted, however, that amendment was not necessary as it was dismissing the complaint on other grounds.

[6] The district judge explained:

   plaintiff contends that unlike the *Republican Party* case, this case is not merely an "intra-government power struggle." Rather, this

GIAA's second argument was that even if a federal question were present, dismissal was warranted under the doctrine of federal abstention. The district judge accepted the challenge and boldly ventured into the briar patch of abstention, commenting that although the parties only discussed abstention under *Younger*, he would also analyze abstention under *Burford.*

The judge observed, citing *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000), that absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. He noted that the case must be dismissed under *Koppel* if the *Younger* doctrine applied. The court found *Younger* abstention proper, explaining that the action in the Superior Court of Guam had progressed further than the federal action, which had only addressed procedural and jurisdictional motions.[7]

The district court proceeded to address abstention under

---

action involves a legal interpretation of the Organic Act, a federal law.

The Court concurs with the plaintiff. As stated by the Supreme Court in *Franchise Tax Bd.*[, 463 U.S. 1, 8-9 (1983),] and by the Ninth Circuit in *Republican Party*, here the vindication of a right under local law necessarily turns on construction of the Organic Act — a federal law. The Attorney General of Guam must seek to restrain an action of a local official relying on his authority created by local law which allegedly conflicts with the authority provided to the Attorney General under the Organic Act.

GIAA did not challenge the existence of subject-matter jurisdiction on appeal. We find the district court's determination of federal-question jurisdiction to be sound.

[7]The court noted that in *Hicks v. Miranda*, 422 U.S. 332 (1975), the Supreme Court stated: "the test is not who made it first to the courthouse but whether 'any proceedings of substance on the merits have taken place in the federal court.' " *Id.* at 349.

*Burford*, noted that this doctrine allows federal courts to decline to rule on an essentially local issue arising out of a complicated state regulatory scheme, and dismissed the case. The court also dismissed the action as unsuitable for declaratory relief, observing that the Declaratory Judgment Act, 28 U.S.C. § 2201, is deliberately cast in terms of permissive, rather than mandatory, authority. Citing our statement concerning *Burford* abstention in *Gov't. Employees Insurance Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc), the district court declined to exercise its discretionary jurisdiction under the Act because there was an ongoing parallel action in the Superior Court of Guam.

On April 28, 2003, appellant properly invoked our appellate jurisdiction under 28 U.S.C. § 1291 by filing a timely notice of appeal from the district court's dismissal of his action. GIAA filed a cross-appeal.[8]

Thereafter, the superior court issued a final judgment in favor of GIAA. Appellant appealed to the Supreme Court of Guam, which issued an opinion on February 8, 2005. *A.B. Won Pat Guam Int'l Airport Auth. v. Moylan,* 2005 WL 291577 (Guam Feb. 8, 2005). The Supreme Court of Guam held that appellant's common law powers and duties could be adjusted by the Guam Legislature and that "Title 12 GCA § 1108(a) and (c) and Title 5 GCA § 30109 are valid exercises of the Legislature's power to remove the common law power of the Attorney General to act as legal counsel to represent the interests of GIAA, and do not violate the Organic Act." *Id.* at *18. Appellant filed a petition for certiorari to the United States Supreme Court from the opinion of the Supreme Court of Guam.

---

[8]The only issue raised by GIAA on its cross-appeal was whether the district court abused its discretion in provisionally allowing appellant to amend his action to sue the real party in interest, GIAA's Board. As we affirm the district court's dismissal of appellant's action, we do not consider GIAA's objections to the provisional allowance of an amendment.

## C. Standards of Review

[1] In *Green v. City of Tucson*, we confirmed that a district court's grant of abstention under *Younger* is reviewed de novo. 255 F.3d 1086, 1093 (9th Cir. 2001) (en banc); *see also Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (en banc). Our review of a district court's decision to decline an action under the Declaratory Judgment Act "is deferential, under the abuse of discretion standard." *Dizol*, 133 F.3d at 1223.

## D. The Younger *Abstention Doctrine*

In *Green*, we reiterated that:

> Absent "extraordinary circumstances," *Younger* abstention is proper when the following three conditions have been met:
>
> (1)   There are ongoing state judicial proceedings;
>
> (2)   The proceedings implicate important state interests; and
>
> (3)   The state proceedings provide the plaintiff with an adequate opportunity to raise the federal claims.

4255 F.3d at 1091. Here, there is really no question that there were ongoing local judicial proceedings and that those proceedings provided appellant with an adequate opportunity to raise his federal claims. Nor is there any serious doubt that the proceedings implicated important local concerns. Appellant's intent in filing his action for declaratory relief was to void local statutes and actions taken by Guam's agencies in reliance on those statutes.[9] Furthermore, there is no question that

---

[9]Appellant's argument that there is no "direct interference" was defused by our opinion in *Gilbertson*. 381 F.3d at 977-78 (rejecting "direct interference" as a condition or threshold element of *Younger* abstention).

if the criteria for abstention under *Younger* were met, the district court must dismiss the action.[10] *Koppel*, 203 F.3d at 613.

[2] Thus, the district court's dismissal of appellant's action under the *Younger* abstention doctrine must be affirmed unless the proceedings in Guam's courts were insufficient to trigger the application of the doctrine. The relevant question is whether proceedings in Guam's courts may be treated as "state judicial proceedings" and accordingly, in this case, triggered the application of *Younger* abstention. We conclude that the policies underlying the doctrine, statutory law, and this court's prior decisions support an affirmative response.

### 1. Purposes Underlying *Younger* Abstention

Justice Black, when first enunciating the *Younger* abstention doctrine, explained the reasons behind the approach as follows:

> One is the basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief. The doctrine may originally have grown out of circumstances peculiar to the English judicial system and not applicable in this country, but its fundamental purpose of restraining equity jurisdiction within narrow limits is equally important under our Constitution, in order to prevent erosion of the role of the jury and avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted. This underlying reason . . . is reinforced by an even more vital con-

---

[10]In *Gilbertson*, we held that in an action of law, as opposed to an action for injunctive or declaratory relief, a stay rather than dismissal is appropriate under *Younger*. 381 F.3d at 981. Appellant's action, however, is for injunctive and declaratory relief.

> sideration, the notion of "comity," that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*Younger*, 401 U.S. at 43-44.

[3] The subsequent evolution of the *Younger* abstention doctrine has confirmed that it is based on considerations of equity and comity.[11] Although Justice Black addressed "state functions," his reference to "circumstances peculiar to the English judicial system," and the need to "avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted" reveals that the principle of comity was not solely dependent on the sovereignty of the local court.[12] *Id.* Another critical concern appears to be whether the local court provides the plaintiff with an adequate opportunity to litigate his or her federal claims.

[4] The D.C. Circuit has determined that the District of Columbia's lack of statehood does not bar the application of

---

[11]*See New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989) (stating that *Younger* abstention is based partly on "traditional principles of equity" and also on the "even more vital consideration" of comity); *see also Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626-27 (1986) (reiterating that *Younger* abstention is based on equitable principles and concerns of comity and federalism).

[12]Indeed, the Supreme Court has extended *Younger* abstention to defer to state bar disciplinary proceedings, *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433-34 (1982), and to state administrative proceedings, *Ohio Civil Rights Comm'n*, 477 U.S. at 628. In these cases, the Court's focus appears to have been on whether the administrative proceedings would be reviewable in a state court that could consider federal constitutional issues.

*Younger* abstention to proceedings in its local courts. *JMM Corp. v. Dist. of Columbia*, 378 F.3d 1117 (D.C. Cir. 2004). It first noted that the equitable principles underlying the *Younger* abstention doctrine applied in full measure to the District of Columbia. *Id.* at 1121. The court then concluded that all the comity concerns underlying the doctrine "apply with equal force to the District of Columbia," stating:

> Federal court interference with District enforcement proceedings may prevent the District from effectuating its substantive policies and disrupt its efforts to protect interests it regards as important. It will certainly result in duplicative legal proceedings and may be interpreted to reflect negatively on the District's ability to enforce constitutional principles. But just as with a state, there is no reason to presume that the courts of the District cannot be trusted to adequately protect federal constitutional rights. To the contrary, "Congress has created a trial and appellate court system of general jurisdiction for the District separate from the United States courts (of which we are a part) and intended to serve the District in much the same manner as the court systems of the various states." *Madley,* 278 F.3d at 1308.

*Id.* at 1123.

[5] The application of the policies underlying the *Younger* abstention doctrine to Guam produces the same result. First, in light of the pending action in Guam's superior court, maintaining the federal action would have been duplicative. Second, there was no doubt that the local action provided appellant with an adequate remedy. This was confirmed by the Guam Supreme Court's recent opinion and appellant's petition for certiorari to the United States Supreme Court seeking review of that opinion.[13] Third, the district court's

---

[13]Appellant's petition for certiorari contains the following explanation of jurisdiction:

retention of appellant's action for declaratory relief would have interfered with Guam "effectuating its substantive policies and [would have] disrupt[ed] its efforts to protect interests it regards as important." *JMM Corp.*, 378 F.3d at 1123. Prior to the 1998 Amendment to the Guam Organic Act, GIAA was authorized to retain independent counsel. The district court action would have interfered with the branches of Guam's government working out the impacts of the 1998 Amendment. Finally, the district court's retention of appellant's case might "reflect negatively" on Guam's ability to enforce federal laws. *Id.* Thus, although we recognize that Guam is not a state,[14] we conclude that Guam's courts may be treated as state courts for the purpose of applying the *Younger* abstention doctrine.

**[6]** Our determination is consistent with the First Circuit's decision in *Maymo-Melendez v. Alvarez-Ramirez*, 364 F.3d 27 (1st Cir. 2004). The First Circuit held in *Melendez* that the *Younger* abstention doctrine was triggered by local proceedings in Puerto Rico. Thus, the First Circuit implicitly equated Puerto Rico with a "state" for purposes of *Younger* abstention.

---

The judgment sought to be reviewed was entered by the Supreme Court of Guam on February 8, 2005. This Court has jurisdiction to grant this Petition pursuant to 28 U.S.C.1257(a) as applied to the Territory of Guam by 48 U.S.C. 1424-2. Prior to October 30, 2004, a petition for writ of certiorari from a final judgment of the Supreme Court of Guam would have been filed in the Ninth Circuit U.S. Court of Appeals. Section 22B of the Organic Act of Guam, 48 U.S.C. 1424-2, was amended by Section 2 of Public Law 108-378, 118 Stat. 2206, 2208 (Oct. 30, 2004), which terminated the Ninth Circuit['s] review by certiorari of decisions of the Supreme Court of Guam. While this Court has always been the court of last resort, it is now the only federal court with jurisdiction to review decisions from local Territorial courts of Guam interpreting questions arising under federal law.

[14]*Guam v. Guerrero*, 290 F.3d 1210, 1214, 1216-17 (9th Cir. 2002).

2.  Statutory Law

[7] As it did for the District of Columbia, Congress has also enacted legislation concerning Guam that supports treating Guam's courts as if they were state courts. Title 48 U.S.C. § 1424-2 states:

> The relations between the courts established by the Constitution or laws of the United States and the local courts of Guam with respect to appeals, certiorari, removal of causes, the issuance of writs of habeas corpus, and other matters or proceedings shall be governed by the laws of the United States pertaining to the relations between the courts of the United States, including the Supreme Court of the United States, and the courts of the several States in such matters and proceedings.

[8] If this statute does not authorize deference to Guam's courts under the *Younger* abstention doctrine, it clearly encourages such deference. The statute provides that the relations between federal courts and Guam's courts should be similar to those between federal and state courts, and abstention appears to fall within the "other matters or proceedings" governed by that relationship. Accordingly, we read 48 U.S.C. § 1424-2 as supporting and encouraging our holding.

3.  Ninth Circuit Precedents

[9] Finally, deference to Guam's courts under the *Younger* abstention doctrine is consistent with our prior cases. As long ago as 1988, we recognized that "Congress has specifically required that relations between the federal courts and Guam's local courts be the same as those between the federal and state courts." *Guam v. Yang*, 850 F.2d 507, 510 (9th Cir. 1988) (en banc) overruled on other grounds by *U.S. v. Keys*, 133 F.3d 1282 (9th Cir. 1998) (en banc). In *Western Systems, Inc. v. Ulloa*, 958 F.2d 864 (9th Cir. 1992), this court, while affirm-

ing an injunction against further proceedings in Guam's courts pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283, cited 48 U.S.C. § 1424-2 and observed that "Guam is not a state. However, the principles of federalism which underlie federal-state judicial relations apply equally to federal-Guamanian relations." *Id.* at 868 n.5.

[10] Also, in *EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd.,* 322 F.3d 635 (9th Cir. 2003), one of the issues was whether the matter could be removed from the Guam Superior Court to the United States District Court of Guam pursuant to 28 U.S.C. § 1441(d). This statute provides that a "civil action brought in a State court against a foreign state . . . may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(d). We held, citing 48 U.S.C. § 1424-2, that the territorial courts in Guam qualify as "state" courts for the purpose of 28 U.S.C. § 1441(d). *Id.* at 642.

[11] Most recently, following the creation of the Guam Supreme Court, we held that we "apply a deferential standard of review to [the] Guam Supreme Court concerning local law" and also "must take into account Congress' clear intent to allow the Guam Supreme Court to develop Guam's common law." *Haeuser v. Dep't of Law,* 368 F.3d 1091, 1097 (9th Cir. 2004).

[12] We conclude that, consistent with the policies underlying the *Younger* abstention doctrine, Congress's enactment of 48 U.S.C. § 1424-2, and the trend of our opinions, the district court properly deferred to the proceedings in Guam's courts under the *Younger* abstention doctrine.

E. *Appellant's Waiver of Objections to Dismissal Under the Declaratory Judgment Act*

The district court also dismissed appellant's action under the Declaratory Judgment Act, 28 U.S.C. § 2201, as unsuitable for declaratory relief. Appellant's opening brief to this court, however, fails to address this independent ground for dismissal. As appellant does not allege any intervening change in the law that might excuse his failure to raise this issue, we hold that he has waived his right to challenge the dismissal of his action on this ground. *See United States v. Bird,* 359 F.3d 1185, 1189 n.1 (9th Cir. 2004) ("Under the law of this circuit, we decline to consider an issue which was not presented to the district court in a proper motion, or raised as an issue in appellant's opening brief."); *see also Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir. 1985) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in the appellant's opening brief.").[15]

F. *Conclusion*

The district court dismissed appellant's action on three separate grounds, and we must affirm the dismissal if any one of the three grounds is sound. We have reviewed de novo the district court's dismissal of the action on the basis of *Younger* abstention and determined that deference to Guam's courts under that doctrine is appropriate. We also affirm the district court's dismissal under the Declaratory Judgment Act because appellant waived his right to challenge this dismissal. In light

---

[15]We have indicated that we may review an issue that is raised for first time on appeal "(1) to prevent a miscarriage of justice; (2) when a change in law raises a new issue while an appeal is pending; and (3) when the issue is purely one of law." *Park Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1488 (9th Cir. 1995). None of these three exceptions are present here.

of these determinations, we need not, and do not, consider the merits of the district court's dismissal under the *Burford* abstention doctrine.

**AFFIRMED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

THE ATTORNEY GENERAL OF GUAM,
*Plaintiff-Appellant,*

v.

WILLIAM R. THOMPSON, in his
official capacity as Executive
Manager of Guam Airport
Authority,
*Defendant-Appellee.*

No. 03-15823

CV-03-00008
District of Guam,
Agana

---

THE ATTORNEY GENERAL OF GUAM,
*Plaintiff-Appellee,*

v.

WILLIAM R. THOMPSON, in his
official capacity as Executive
Manager of Guam Airport
Authority,
*Defendant-Appellant.*

No. 03-15999

CV-03-00008
District of Guam,
Agana
ORDER

Filed March 2, 2006

Before: Dorothy W. Nelson, Consuelo M. Callahan, and
Carlos T. Bea, Circuit Judges.

---

## ORDER

Subsequent to the issuance of our opinion affirming the district court's dismissal of the Attorney General of Guam's action, but prior to the our consideration of his petition for

2107

rehearing, the Supreme Court denied certiorari to review the final decision of the Guam Supreme Court in *A.B. Won Pat Guam International Airport Authority v. Moylan*, 2005 WL 291577 (Guam Terr.,2005). *A.B. Won Pat Guam International Airport Authority v. Moylan*, ___ U.S. ___, 126 S.Ct. 338 (Mem), 163 L.Ed.2d 50 (Oct. 3, 2005). The Supreme Court's denial of certiorari concluded the litigation in the Guam courts that was parallel to this federal action. The district court's decision to abstain and to dismiss this federal action was based on that pending action in the Guam courts. This appeal is from that decision.

We are of the opinion that the Supreme Court's denial of certiorari in *A.B. Won Pat Guam International Airport Authority v. Moylan* moots the underlying litigation. The underlying questions concerning the interpretation of the 1998 Amendment to the Guam Organic Act have been resolved. Accordingly, as a matter of prudence, we hereby withdraw our August 16, 2005 opinion, vacate the district court's April 1, 2003 decision dismissing the Attorney General's action, and remand the case to the district court to dismiss the action as moot.

The pending petition for rehearing and suggestion for rehearing en banc are denied without prejudice to the filing of a petition for rehearing from this order.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.